UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS INC., et al.,<br><br>    Defendants. | Case No. 16-cv-00923-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>[Re: ECF 47, 59] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with the motion to stay or dismiss. ECF 47 AND 59. For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain

1 documents as confidential is not sufficient to establish that a document, or portions thereof, are
2 sealable." *Id.*

3 **II.   DISCUSSION**

4 The Court has reviewed the parties' sealing motions and respective declarations in support
5 thereof. The Court finds the parties have articulated compelling reasons to seal certain portions of
6 most of the submitted documents. The proposed redactions are also narrowly tailored. The
7 Court's rulings on the sealing request are set forth in the tables below:

**A.   ECF 47**

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Cisco's Motion to Stay/Dismiss at p. 2 ln. 17, 18–21, 22–24 | Quote from or cite Exhibits 2 and 3 below | GRANTED |
| Exhibit 2 | Confidential Arista business information regarding Arista's product development process, including details regarding Arista's decision as to whether to implement certain features and comparisons between Arista's and competitors' products | GRANTED |
| Exhibit 3 | Portions at 221-224 concern remarks made at conference and are not confidential.<br><br>The remainder of the exhibit contains confidential Arista business information regarding Arista's product development process, including comparison of Arista's and competitors' products | GRANTED except to pages 221-224. |
| Exhibit 11 | The excerpted portions do not contain confidential Arista business information | DENIED because supporting declaration states that the excerpted portion does not contain confidential information. |
| Exhibit 13 at Pages 4−5, 66−80, 83−85, 87−89, 118−122, 126, 129, 146, 173−184, 186−188, 190, 196−198, 200, 202−203, 251−253, 266, 273 | Highly sensitive business information, including confidential details on the design and inner workings of the EOS operating system | GRANTED |

**B.     ECF 59**

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Arista's Opposition of Arista Networks, Inc. to Cisco's Motion to Stay or Dismiss, at 1:9, 2:20-23, 7:26-27; and 13:5-7 | The Court previously found this information sealable as containing Cisco's confidential business information | GRANTED |
| Exhibit D | Designated as Confidential or Highly Confidential by Cisco. | DENIED because supporting declaration agrees that this is not sealable. |

### III.    ORDER

For the foregoing reasons, the sealing motions are GRANTED IN PART and DENIED IN PART.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: August 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge