UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS INC.,<br><br>　　　　Defendants. | Case No. 16-cv-00923-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE AND DENYING AS MOOT MOTION TO DISMISS**<br><br>[Re: ECF 48] |

Fighting a battle on two fronts, Defendant Cisco Systems, Inc. ("Cisco") seeks a stay of this antitrust action until its copyright and patent infringement case resolves. Mot. ECF 48. Cisco asks this Court to halt this action until judgment is entered in *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 14-cv-05344-BLF (N.D. Cal. 2014) (the "CLI case"). Plaintiff Arista Networks, Inc. ("Arista") opposes the motion, claiming that a stay would be prejudicial. Opp. ECF 60. As set forth below, the Court finds ample support for Cisco's requested four-month stay and hereby GRANTS the motion.

**I.　BACKGROUND**

Before the filing of the present antitrust action, Cisco had already brought in this Court a copyright and patent infringement action, the CLI case, against Arista. Trial of the CLI case is scheduled to occur in November 2016. CLI case, ECF 160. More than a year after Cisco filed its complaint in the CLI case, Arista requested leave to amend its answer and to add counterclaims based on information it learned from discovery relating to Cisco's antitrust activities. *Id.*, ECF 1, 163. For reasons set forth in a previously issued order, this Court denied leave but allowed Arista to bring the present antitrust action separately. *Id.*, ECF 204. Soon thereafter, Arista filed the present action on February 24, 2016 and this Court granted its motion to relate the present case to the CLI case. *Id.*, ECF 214; *Arista Networks, Inc. v. Cisco Systems, Inc.*, No. 16-cv-00923-BLF (N.D. Cal. 2016), ECF 1. Trial of the present action is scheduled to occur in August 2018. ECF

75.

Cisco moves to stay this case until the conclusion of trial of the CLI case in November, arguing that the outcome of that trial will either eliminate or simplify the issues in the present antitrust case. Mot. ECF 48. Cisco further claims that Arista will also be deprived of its antitrust standing when the exclusion orders from the International Trade Commissions ("ITC") go into effect in the near future. *Id.*

In response, Arista contends that this case requires speedy relief to address Cisco's anticompetitive conduct and the widespread harm on the market. Opp. ECF 60. Arista further urges this Court not to prematurely determine Cisco's antitrust liability based on ITC's exclusion orders. *Id.* Lastly, Arista argues that a stay is unwarranted in this case given Cisco's prior urging and ultimate success in having this antitrust action filed separately from the CLI case. *Id.*

## II. LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863-864 (9th Cir. 1979)).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

## III. DISCUSSION

### A. Possible Damage from Granting Stay

The Court first considers the possible damage that could arise from granting the stay. *Id.* Arista argues that a stay would permit Cisco to perpetuate its monopoly power, harming consumers and competitors in the technology sector as a result. Opp. ECF 60 at 16-17. Arista further asserts that given the long sales cycle for the products at issue, delay and uncertainty in the resolution of the case would lead to lost sales and would be ultimately prejudicial to Arista. *Id.* Cisco responds that a brief stay "until the conclusion of the CLI trial in November 2016" will not prejudice Arista. Mot. ECF 48 at 13; Reply ECF 76 at 2. Rather, the brief stay allows the Court and the parties to conserve resources because the claims at issue in this case could be impacted by the CLI case. *Id.* The Court agrees with Cisco and finds that Arista has not sufficiently shown that it would face hardship or inequity as a result of a four-month stay. Given that trial in this action is not set until August 2018, the Court finds that a stay until December 2016 will not affect the trial date and thus will not significantly delay Arista's remedy, if at all. ECF 75.

### B. Possible Hardship or Inequity from Denying Stay

The Court next considers the possible damage that could arise from going forward. *CMAX*, 300 F.2d at 268. Cisco argues that denial of the stay would force it to devote resources to the present action, duplicating efforts for the CLI case. Mot. ECF 48 at 8, 13. Arista contends that the burdens typically associated with litigation are carried by both parties. Opp. ECF 60 at 17. Recognizing the potential burden for both parties, the Court finds that the potential hardship from denying the stay weighs slightly in favor of granting it.

### C. Orderly Course of Justice

The Court finds the third interest—whether a stay will complicate or simplify the issues before it—to be most instructive in this case. Cisco argues that the issues greatly overlap between the two cases and whether Arista prevails on its defenses in the CLI case could also eliminate or simplify the issues in the present action. Mot. ECF 48 at 8; Reply ECF 76 at 5-6. Specifically, Cisco's conduct toward the industry supposedly underlies both the affirmative defenses asserted by Arista in the CLI case and the antitrust claims of the present action. Mot. ECF 76 at 5-6.

ITC's exclusion orders could also determine Arista's ability to sell either current or future products, and in turn would affect the antitrust claims. Mot. ECF 48 at 9-12. In addition, Cisco cites to several cases in this District, where antitrust litigation had been stayed pending related intellectual property litigation. *Id.* at 9.

Arista argues that the CLI case might not determine substantial factual issues in the case because whether those issues will get adjudicated and precluded from the present case remain unknown. Opp. ECF 60 at 19-20. Further, the antitrust allegations on bundling of SMARTnet services and Cisco's intimidation are not implicated in the CLI case. *Id.* at 17-18.

Given the differences between the two cases, the Court cannot agree with Cisco that the CLI case will "eliminate" Arista's antitrust allegations. However, the Court finds that resolution of the CLI case is likely to "bear upon" this case. *See Leyva*, 593 F. 2d at 863-4. The CLI case's finding regarding infringement and Arista's affirmative defenses will impact the scope and viability of certain antitrust allegations. Accordingly, the Court finds that the third factor weighs in favor of granting the stay.

## IV.   ORDER

Based on the likely simplification of issues, unlikely harm to the parties from granting the stay, and the limited length of the stay, the Court GRANTS Defendant's Motion to Stay until the Court enters judgment in *Cisco Systems, Inc. v. Arista Networks, Inc.*, 14-cv-05344-BLF, which is anticipated to occur by December 22, 2016. The stay will not be extended to include post-trial motions or appeal. If a judgment has not been entered by December 22, 2016, the parties may request a brief continuance of the stay. The trial, final pretrial conference, and final hearing date for dispositive motions in the present action will remain set on the dates previously ordered by the Court. *See* ECF 75. Further, a case management conference is set on January 5, 2017 at 11 a.m. In light of the stay, the Court DENIES without prejudice Defendant's Motion to Dismiss the Complaint.

Dated: August 23, 2016

_____
BETH LABSON FREEMAN
United States District Judge