PAGES 1 – 21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE BETH LABSON FREEMAN

ARISTA NETWORKS, INC.,            )
                                  )
            PLAINTIFF,            )
                                  )
  VS.                             ) NO. 16-CV-00923-BLF
                                  )
CISCO SYSTEMS, INC.               )
                                  )   SAN JOSE, CALIFORNIA
            DEFENDANT.            )   THURSDAY
                                  )   MARCH 2, 2017
_____)


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  11:33 A.M. – 11:52 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF**          KEKER & VAN NEST LLP
                           633 BATTERY STREET
                           SAN FRANCISCO, CALIFORNIA 94111
                    BY:  **ROBERT VAN NEST, ESQUIRE**
                         **BRIAN FERRALL, ESQUIRE**


**FOR DEFENDANT**          DESMARAIS LLP
                           230 PARK AVENUE
                           NEW YORK, NEW YORK 10169
                    BY:  **JOHN M. DESMARAIS, ESQUIRE**
                         **BRIAN LEARY, ESQUIRE**


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*                 RETIRED OFFICIAL COURT REPORTER, USDC*

1    THURSDAY, MARCH 2, 2017                          11:33 A.M.

2    (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO

3    IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER

4    ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)

5                            ---OOO---

6                           PROCEEDINGS

7            **THE CLERK:**  CALLING CASE 16-0923, ARISTA NETWORKS

8    VERSUS CISCO SYSTEMS.

9            COUNSEL, PLEASE COME FORWARD AND STATE YOUR

10   APPEARANCES.

11           **MR. VAN NEST:**  GOOD MORNING, YOUR HONOR.  BOB

12   VAN NEST AND BRIAN FERRALL HERE FOR ARISTA NETWORKS.

13           **THE COURT:**  GOOD MORNING.

14           **MR. VAN NEST:**  NICE TO BE BACK.

15           **MR. DESMARAIS:**  GOOD MORNING, YOUR HONOR.  JOHN

16   HARRIS AND BRIAN LEARY FOR CISCO.

17           **THE COURT:**  WELL, MR. VAN NEST, THE PRIOR CASE WANTED

18   MORE DEPOSITIONS THAN EVEN YOU WOULD ASK FOR, HUH?

19           **MR. VAN NEST:**  WELL, I'M NOT SURE ABOUT THAT.  I HAVE

20   A GREATER SENSE OF REALISM, HAVING BEEN IN YOUR COURT A NUMBER

21   OF TIMES, YOUR HONOR, SO...

22           **THE COURT:**  IT'S GOOD TO SEE ALL OF YOU AGAIN.

23   YOU'VE CHANGED SIDES NOW --

24           **MR. VAN NEST:**  WE HAVE.

25           **THE COURT:**  -- SO WE'LL HAVE TO KEEP THAT IN MIND.

3

```
1              IN LOOKING AT YOUR PAPERS, IT OCCURRED TO ME THIS
2    CASE MIGHT ACTUALLY EVEN BE BIGGER THAN THE LAST ONE, WHICH I
3    DIDN'T SMILE WHEN I HAD THAT THOUGHT, BUT THIS SEEMS PRETTY
4    COMPLICATED, AND I THINK WE'RE GOING TO NEED TO HAVE A PRETTY
5    GOOD PLAN, BECAUSE, FRANKLY, IT IS LIKELY THAT I'M GOING TO
6    LIFT THAT STAY, AND YOU DON'T HAVE A LOT OF TIME TO MOVE THIS
7    CASE ALONG WITH TRIAL IN AUGUST OF 2018.
8              SO LET'S TALK ABOUT THE STAY RIGHT AWAY AS TO WHETHER
9    THAT SHOULD BE LIFTED.  MR. VAN NEST, OF COURSE YOU WANT IT TO
10   BE LIFTED.  YOU NEVER WANTED IT IN THE FIRST PLACE.
11             MR. VAN NEST:  THAT'S RIGHT.  AND I'LL REMIND THE
12   COURT THAT WHEN YOUR HONOR ISSUED THE STAY BACK IN AUGUST -- SO
13   WE'VE BEEN STAYED FOR SIX MONTHS NOW -- YOU INDICATED THAT THE
14   RESOLUTION OF THE COPYRIGHT CASE WAS NOT GOING TO SEND THE
15   ANTITRUST CASE AWAY, AND THAT'S CERTAINLY TRUE.  AND YOU
16   INDICATED THAT THE STAY WOULDN'T BE EXTENDED PAST JUDGMENT,
17   WHICH WAS ENTERED IN DECEMBER, AND THAT, IN FACT, IT WOULD NOT
18   INCLUDE POST-TRIAL MOTIONS, SO ON AND SO FORTH.
19             WE DID AGREE TO A SHORT STAY FOR CONVENIENCE OF
20   COUNSEL AND THE PARTIES --
21             THE COURT:  YEAH, YEAH.
22             MR. VAN NEST:  -- IN LIGHT OF THE POST-TRIAL UNTIL
23   NEXT WEEK.  BUT, AS YOUR HONOR OBSERVED, WE HAVE AN AUGUST 2018
24   DATE.  BOTH PARTIES ARE PROPOSING A DISCOVERY CUTOFF THIS FALL.
25   I THINK WE CAN WORK OUT THE SCHEDULING DETAILS, BUT WE SURE
```

1    CANNOT AFFORD --

2            **THE COURT:**  YEAH.

3            **MR. VAN NEST:**  -- ANOTHER 60, 90, OR ANY AMOUNT OF

4    STAY TIME.  WE HAVE DISCOVERY PENDING.  WE NEED TO GET THAT.

5    THERE ARE MANY DEPOSITIONS WE'LL NEED TAKE, AS YOUR HONOR

6    KNOWS, AND -- SO I THINK THAT'S THE MAIN EVENT FOR TODAY, IS --

7            **THE COURT:**  YEAH.

8            **MR. VAN NEST:**  -- LET THIS CASE GO FORWARD.  IT'S

9    TIME.

10           REMEMBER, WE MOVED HEAVEN AND EARTH TO GET CISCO

11   THEIR EARLY TRIAL DATE, AND ALL I'M ASKING IS WE GET ON TRACK

12   SO THAT OUR AUGUST 2018 DATE --

13           **THE COURT:**  YEAH.  I DID NOT SET THE ANTITRUST CASE

14   FOR ANY EARLIER THAN MY NEXT AVAILABLE DATE.

15           **MR. VAN NEST:**  RIGHT.

16           **THE COURT:**  IT'S JUST THIS HAS BEEN PENDING A WHILE.

17           MR. DESMARAIS, WHEN CISCO ARGUED FOR THE STAY IN

18   AUGUST, IT WAS CLEAR -- I HAVE A CLEAR RECOLLECTION OF THE

19   DISCUSSION.  AND, IN FACT, MR. PAK, I THINK, REALLY MADE THE

20   ARGUMENT THAT IT WAS JUST UNTIL THE JURY VERDICT.  THAT'S WHAT

21   THEY WERE ASKING FOR.  IT DIDN'T PRECLUDE A REQUEST FOR A

22   FURTHER STAY.  I DON'T WANT TO SUGGEST THAT.  BUT LET ME HEAR

23   YOUR COMMENTS ON THE STAY.

24           **MR. DESMARAIS:**  YES, YOUR HONOR.  I MEAN, LOGICALLY,

25   THERE ARE REALLY STRONG REASONS THAT THIS CASE SHOULD BE

1    STAYED, SO LET ME JUST GO THROUGH A FEW POINTS THAT I THINK --

2              **THE COURT:**  OKAY.

3              **MR. DESMARAIS:**  -- WILL HELP MAKE IT CLEAR.

4              **THE COURT:**  OKAY.

5              **MR. DESMARAIS:**  FIRST OF ALL, AS YOUR HONOR AND

6    MR. VAN NEST POINTED OUT, IT HAS BEEN STAYED, AND WE'VE LEARNED

7    A LOT DURING THE STAY WHICH INDICATES IT SHOULD BE CONTINUED.

8    FOR INSTANCE, WE'VE NOW HAD THE CLI COPYRIGHT.  WHAT DID WE

9    LEARN AT THE CLI COPYRIGHT TRIAL?  FIRST OF ALL, WE KNOW ARISTA

10   INFRINGED CISCO'S COPYRIGHTS, BUT, MORE IMPORTANTLY, FOR THE

11   PURPOSE OF THIS ARGUMENT, WE ALSO KNOW THAT ARISTA FAILED TO

12   PROVE ITS MISUSE AND ABANDONMENT DEFENSES.  AT LEAST THE JURY

13   RECOMMENDED THERE WAS A FAILURE OF PROOF.

14              IF ARISTA CANNOT MAKE OUT A MISUSE AND AN ABANDONMENT

15   ON THE SAME -- IF YOU READ THEIR COMPLAINT, THEIR COMPLAINT IS

16   THE SAME AS THEIR MISUSE AND ABANDONMENT DEFENSES, SO WHAT WE

17   WILL BE BRIEFING IN THE MOTION TO DISMISS THAT WE'RE PLANNING

18   TO FILE --

19              **THE COURT:**  YEAH.

20              **MR. DESMARAIS:**  -- IN A COUPLE OF WEEKS IS THAT IF

21   THEY CAN'T MAKE A MISUSE AND ABANDONMENT, THEY CAN'T MAKE THE

22   ANTITRUST CLAIM.  SO THE CLAIM OUGHT TO BE DISMISSED.

23              MORE IMPORTANTLY, CISCO'S MADE A TARGETED POST-TRIAL

24   MOTION, WHICH IS PENDING, IT'S BEEN BRIEFED (INDISCERNIBLE).

25   LEGALLY CISCO BELIEVES THEY WERE RIGHT ON THAT.  IF -- YOU

1    KNOW, IF YOUR HONOR AGREES, WELL, THEN WE KNOW ARISTA IS LIABLE

2    FOR INFRINGEMENT, AND THE ANTITRUST GOES AWAY.

3            EQUALLY IMPORTANT NOW -- AND YOUR HONOR MAY NOT HAVE

4    THIS AT THE TOP OF MIND BECAUSE IT'S NOT IN THIS COURT, BUT

5    WHAT ELSE HAS HAPPENED IS THE ITC HAS BARRED ARISTA FROM

6    IMPORTING THESE PRODUCTS ANY LONGER.  THEY'VE BEEN ORDERED TO

7    CEASE AND DESIST ORDERS TO STOP SELLING IN THE UNITED STATES.

8    EVERY SINGLE PRODUCT ARISTA MAKES IS INFRINGING CISCO'S PATENTS

9    BY THE ITC RULING AND CUSTOMS -- THEY TRIED TO REDESIGN.

10   CUSTOMS HAS BASICALLY SAID THE REDESIGN DOESN'T GET THE JOB

11   DONE.

12           THE LAW IS PRETTY CLEAR -- AND WE'LL BRIEF THIS IN

13   THE MOTION TO DISMISS -- THAT IF YOU'RE ON THE MARK ILLEGALLY

14   WITH INFRINGING PRODUCTS YOU CANNOT --

15           **THE COURT:**  SURE.

16           **MR. DESMARAIS:**  -- HAVE A VALID ANTITRUST CLAIM.

17           **THE COURT:**  SURE.

18           **MR. DESMARAIS:**  THE LAW IS VERY CLEAR ON THAT.

19           SO IF WE BRIEF THAT -- AND YOUR HONOR CAN DECIDE

20   THIS -- YOU KNOW, I KNOW YOU HAVE A BUSY SCHEDULE, BUT IN SHORT

21   WE'RE REALLY -- BECAUSE IT'S NOT A COMPLICATED ISSUE, THEY HAVE

22   NO ANTITRUST CLAIM.

23           (SIMULTANEOUS COLLOQUY.)

24           **THE COURT:**  SO WHY WOULDN'T WE WANT TO GET THAT DONE?

25   WHY WOULDN'T WE WANT TO GET THAT MOTION HEARD AND DISPOSED OF?

1              **MR. DESMARAIS:**  I DO.

2              **THE COURT:**  NOT IF I STAY --

3              (SIMULTANEOUS COLLOQUY.)

4              **MR. DESMARAIS:**  STAYED UNTIL YOU DECIDE THAT.  WE'RE

5      GOING TO FILE IN TWO WEEKS.

6              **THE COURT:**  YEAH.

7              **MR. DESMARAIS:**  THE DUE DATE IS MARCH 23RD, AND IF

8      YOU DECIDE THAT -- THAT WE HAVE WASTED EVERYONE'S RESOURCES

9      (INDISCERNIBLE).  BUT THERE'S A THIRD REASON, TOO, WHICH I

10     THINK IS A --

11             (SIMULTANEOUS COLLOQUY.)

12             **THE COURT:**  SO I HAVE A COMPLETE STAY IN THE CASE, I

13     THOUGHT, UNTIL NOW, NOT JUST A DISCOVERY STAY?

14             **MR. VAN NEST:**  THAT'S RIGHT, YOUR HONOR.

15             **THE COURT:**  OKAY.  SO YOU'RE ASKING TO LIFT THE STAY

16     SO YOU CAN FILE YOUR MOTION?

17             **MR. DESMARAIS:**  WHAT I'M ASKING FOR IS THAT WE DON'T

18     START DISCOVERY --

19             **THE COURT:**  OKAY.

20             **MR. DESMARAIS:**  -- UNTIL YOU DECIDE THE MOTION TO

21     DISMISS --

22             **THE COURT:**  OKAY.

23             **MR. DESMARAIS:**  -- THAT WE'RE GOING TO FILE --

24             **THE COURT:**  OKAY.

25             **MR. DESMARAIS:**  -- ON MARCH 23RD.

1              THE COURT:  OKAY.

2              MR. DESMARAIS:  SO I CAN TELL YOU EXACTLY WITH A FINE

3     POINT WHAT I'M ASKING FOR, BUT LET ME JUST MAKE THIS ONE LAST

4     POINT --

5              THE COURT:  SURE.

6              MR. DESMARAIS:  -- ON THE MOTION TO DISMISS.

7              ANOTHER VERY COMPELLING LEGAL DEVELOPMENT SINCE LAST

8     WE'VE SPOKEN, AFTER ARISTA'S -- ONE OF THE OTHER PRONGS OF

9     THEIR ANTITRUST COMPLAINT, WHICH IS A BIG PART OF THEIR

10    COMPLAINT, IS THIS BUNDLING ALLEGATION.  I DON'T KNOW IF YOUR

11    HONOR'S FAMILIAR WITH IT.

12             THE COURT:  YEAH.

13             MR. DESMARAIS:  THEY'RE SAYING WE'RE BUNDLING

14    PRODUCTS AND SERVICES.  AND THEY RELY ON THE *PEACEHEALTH*

15    DECISION FROM THE NINTH CIRCUIT THAT ADDRESSES THAT

16    (INDISCERNIBLE).

17             SINCE THEIR COMPLAINT LAST FALL -- SO AFTER THE

18    COMPLAINT, THE NINTH CIRCUIT DECIDED A NEW CASE, *AEROTEC*, WHICH

19    LIMITED THE HOLDING OF *PEACEHEALTH* AND ESSENTIALLY DESTROYS THE

20    LEGAL VALIDITY OF ARISTA'S BUNDLING ALLEGATIONS.  THEY'RE

21    LEGALLY INFIRMED NOW.

22             SO, ESSENTIALLY, FOR THREE PRONGS WE THINK THEY CAN'T

23    GO FORWARD.

24             NUMBER ONE, THEY FAILED ON MISUSE AND ABANDONMENT,

25    AND IF THEY CAN'T MEET THOSE, THEY CAN CERTAINLY NOT TAKE THOSE

1    SAME FACTS AND MAKE THEM ANTITRUST, WHICH IS HARDER TO PROVE.

2          SECONDLY, WITH THE POST-TRIAL MOTION PENDING ON

3    (INDISCERNIBLE), WE THINK WE'RE LEGALLY RIGHT.  YOU COULD

4    REVISER THE JURY VERDICT AND THEN INFRINGEMENT HASN'T BEEN

5    FOUND.

6          THIRD, THE ITC'S BARRED ALL THESE PRODUCTS, EVERY

7    SINGLE PRODUCT.  THEY'RE ON THE MARKET ILLEGALLY, AND LEGALLY

8    THEY CANNOT HAVE A VALID ANTITRUST CLAIM.

9          AND, LASTLY, WITH THE NEW DECISION IN THE *AEROTEC*

10   CASE FROM THE NINTH CIRCUIT THEY CAN'T EVEN GO FORWARD ON THEIR

11   BUNDLING ALLEGATION.

12         SO WHAT WE'RE ASKING FOR IS IF THERE'S SUCH

13   FUNDAMENTAL PROBLEMS WITH THE COMPLAINT, WHY ON EARTH WOULD WE

14   START EXPENSIVE ANTITRUST DISCOVERY --

15         **THE COURT:**  -- YEAH.

16         **MR. DESMARAIS:**  -- UNTIL THAT MOTION IS --

17         (SIMULTANEOUS COLLOQUY.)

18         **THE COURT:**  SO YOU INDICATE YOU'RE INTENDING TO FILE

19   THAT MOTION IN ABOUT TWO WEEKS, MARCH 21?

20         **MR. DESMARAIS:**  YEAH, WE AGREED TO THAT DATE.

21         **THE COURT:**  SURE.  THAT'S GREAT.

22         **MR. DESMARAIS:**  MARCH 23RD, I BELIEVE IS THE DATE.

23         **THE COURT:**  OKAY.  AND SO YOUR HEARING DATE ISN'T

24   GOING TO BE UNTIL AUGUST.  THAT'S --

25         **MR. DESMARAIS:**  I DON'T KNOW THAT I CHECKED THE

```
1    HEARING DATES --
2              (SIMULTANEOUS COLLOQUY.)
3              THE COURT:  BUT THAT'S WHEN IT'S GOING TO BE.
4              MR. DESMARAIS:  RIGHT.
5              THE COURT:  AND YOUR DECISION ON THAT COULD BE AS
6    MUCH AS -- AND YOU KNOW CLERKS TURN OVER IN AUGUST.  IT'S NOT
7    MY FASTEST TIME.  I'M SORRY.  JUST TO BE CANDID WITH YOU, BUT
8    YOU KNOW THAT AS WELL.
9              SO WE COULD BE LOOKING AT UPWARDS OF 90 DAYS FOR ME
10   TO GET AN ORDER OUT, AND THEN WE'RE -- THEN WE'RE IN NOVEMBER
11   BEFORE DISCOVERY HAS STARTED, AND YOUR TRIAL DATE AT THAT POINT
12   IS LESS THAN A YEAR AWAY, AND THAT'S A PROBLEM.  BECAUSE IF YOU
13   CAN'T KEEP THE CURRENT TRIAL DATE, THIS IS TOO BIG A CASE FOR
14   ME TO SHOEHORN IN ANYWHERE ELSE.
15             AND YOU JUST HEARD WITH THE LAST ONE, IT WILL BE
16   THANKSGIVING IN MY COURTROOM AGAIN, MR. VAN NEST.  SO DON'T
17   LOOK FORWARD TO THAT.
18             MR. VAN NEST:  WONDERFUL.  CAN'T WAIT.
19             MR. DESMARAIS:  CAN I COMMENT ON THAT?
20             MR. VAN NEST:  I'D LIKE TO RESPOND TO SOME OF THESE
21   COMMENTS, TOO, YOUR HONOR.
22             THE COURT:  AND I WANT TO HEAR FROM THAT, YES.  I
23   UNDERSTAND.
24             MR. DESMARAIS:  LET ME JUST COMMENT ON THE ONE PART
25   OF -- YOU KNOW, HOW ONEROUS THIS CASE WILL BE.  AS YOUR HONOR
```

1   IS WELL AWARE, THESE PARTIES HAVE BEEN LITIGATING FOR YEARS.

2            **THE COURT:**  OH, YEAH.  I THINK ANYTHING YOU DO IS

3   ONEROUS.  YOU GAVE ME A 25-PAGE CASE MANAGEMENT STATEMENT.  I

4   MEAN --

5            **MR. DESMARAIS:**  WHAT I MEAN BY THAT IS A LOT OF THE

6   DOCUMENTS HAVE ALREADY BEEN EXCHANGED.

7            **THE COURT:**  OKAY.

8            **MR. DESMARAIS:**  (INDISCERNIBLE) DOCUMENTS.  THEY'VE

9   DEPOSED SO MANY PEOPLE AT CISCO AND VICE VERSA.  YOU KNOW, IS

10  THERE REALLY ALL THAT MUCH MORE TO GET GOING?

11           SO I THINK IF WE TAKE THE TIME NOW TO DEAL WITH THE

12  MOTION TO DISMISS, WE CAN THEN --

13           (SIMULTANEOUS COLLOQUY.)

14           **THE COURT:**  SO, MR. DESMARAIS, THIS MAY ACTUALLY BE A

15  PROBLEM OF YOUR OWN MAKING, HAVING ASKED FOR THE STAY IN THE

16  FIRST PLACE.  YOU KNOW, I'M JUST A LITTLE TROUBLED BY THAT.  I

17  I'M JUST A LITTLE CONCERNED YOU WANT YOUR WHOLE -- THE WHOLE

18  PROCESS HAS BEEN DELAYED BY CISCO, AND THAT'S TROUBLING TO ME.

19  THE WHOLE PROCESS ON THE CLI CASE WAS LET'S SPEED THIS ALONG.

20  SO WE SPED ALONG THE ONE WHERE YOU THOUGHT YOU HAD UPSIDE, AND

21  IT WORKED OUT THE WAY IT WORKED OUT, AND WE'RE MIDSTREAM ON

22  THAT.  AND NOW WHEN YOU CHANGE SIDES OF THE AISLE HERE NOW YOU

23  WANT TO SLOW IT DOWN.

24           I DON'T DISAGREE WITH YOU THAT GENERALLY HAVING --

25  TAKING THE TIME TO CAREFULLY EVALUATE A MOTION TO DISMISS THAT

1   RAISES THE KINDS OF ISSUES YOU SUGGEST HERE IS SOMETHING THAT

2   WE NEED DO, BUT THE CASE IS ALREADY OVER A YEAR OLD.

3           **MR. VAN NEST:**  IT IS.

4           **THE COURT:**  AND WITH MY TRIAL SCHEDULE SO IMPACTED --

5   AND I THINK YOU SUGGEST POTENTIALLY A THREE-WEEK TRIAL, AND

6   THERE'S NO WAY TO SHOEHORN THAT IN ANYWHERE.

7           SO THAT'S WHERE I'M TROUBLED.  I DO WANT TO HEAR

8   MR. VAN NEST'S RESPONSE, BUT THOSE ARE MY REACTIONS TO WHAT

9   SOUNDS LIKE IT COULD BE -- IT'S A VERY IMPORTANT MOTION TO

10  DISMISS, AND, YOU KNOW, I'M GOING TO HAVE TO COME UP TO SPEED

11  IN THIS CASE, BECAUSE ONCE IT WAS STAYED, IT WAS OFF OF MY

12  DOCKET COMPLETELY.  I WASN'T THINKING ABOUT IT, AND NOW IT'S

13  TIME TO TURN TO IT.

14          MR. VAN NEST, LET ME HEAR FROM YOU.

15          **MR. VAN NEST:**  YEAH.  WE HAVE NO PROBLEM WITH HAVING

16  THE MOTION HEARD IN DUE COURSE, THE MOTION TO DISMISS.

17          **THE COURT:**  YEAH.

18          **MR. VAN NEST:**  I DON'T THINK IT WILL BE SUCCESSFUL,

19  BUT THEY CERTAINLY HAVE A RIGHT TO BRING IT.

20          I FEEL AS THOUGH THEY'VE TAKEN ADVANTAGE OF ME AND

21  TAKEN ADVANTAGE OF THE COURT WITH THIS WHOLE THING, BECAUSE

22  ORIGINALLY WHAT THEY ASKED FOR WAS A STAY THROUGH JUDGMENT, AND

23  WE FOUGHT THAT, BUT YOUR HONOR SAW FIT TO DO IT.  THEN THEY

24  CAME AND SAID, WE NEED A COUPLE OF MORE MONTHS UNTIL THE CMC,

25  AND I SAID, WELL, FINE, IT'S HOLIDAYS, WE HAVE BRIEFING TO DO,

1    OKAY, FINE.

2            SO THE STATUS IS THE STAY EXPIRED IN DECEMBER, AND

3    THEN WE AGREED TO EXTEND IT UNTIL NEXT WEEK SO WE COULD COME

4    HERE AND DO THE STATUS CONFERENCE.  AND NOW THEY WANT -- YOU

5    KNOW, NOW THEY WANT EVEN MORE TIME.

6            SO JUST TO SET RECORD STRAIGHT, ARISTA IS ON THE

7    MARKET.  ARISTA HAS ESTABLISHED DOMESTIC MANUFACTURING.  WE ARE

8    SELLING PRODUCT HERE IN THE UNITED STATES THAT IS MANUFACTURED

9    HERE IN THE UNITED STATES.

10            CUSTOMS INITIALLY FOUND THE DESIGN-AROUNDS WERE

11    SUFFICIENT AND ALLOWED IMPORTATION.  THE ONLY THING THAT'S

12    CHANGED NOW IS THAT CISCO HAS ASKED FOR A FURTHER PROCESS TO

13    EVALUATE DESIGN-AROUND, AND THAT PROCESS IS ONGOING NOW.

14            BUT ARISTA HAS ESTABLISHED DOMESTIC MANUFACTURING.

15    THEY'RE NOT GOING AWAY.  THEY'RE GOING TO BE MANUFACTURING IN

16    THE UNITED STATES AND IN THE FUTURE POSSIBLY IMPORTING AS WELL.

17    SO NONE OF THAT IS GOING TO CHANGE.

18            HE HAS LEGAL POINTS ON HIS MOTION TO DISMISS.  WE'LL

19    DISPUTE THOSE.

20            **THE COURT:**  SURE.

21            **MR. VAN NEST:**  THAT'S FINE.

22            BUT AS YOUR HONOR OBSERVES, WE'VE BEEN ON FILE FOR

23    MORE THAN A YEAR, STAYED FOR MORE THAN SIX MONTHS.  WE MOVED

24    HEAVEN AND EARTH TO GET THEM AN EARLY TRIAL, AND NOW ALL I'M

25    ASKING IS THAT WE KEEP OUR DATE WHICH REQUIRES US TO GO

1   FORWARD.

2         WE ALL KNOW THAT THEY'LL BE OBJECTING TO THE

3   DISCOVERY THAT'S OUT THERE, AND THERE WILL BE BACK AND FORTH,

4   AND THERE WILL BE MEET AND CONFERS.  SO THE IDEA THAT CISCO

5   WILL BE DOING A LOT OF WORK ANY TIME VERY SOON IS WRONG, BUT

6   SINCE WE BOTH RECOGNIZE THAT TO GET THIS TO TRIAL IN AUGUST, WE

7   NEED A DISCOVERY CUTOFF IN THE FALL, WE'RE TALKING ABOUT A

8   FIVE, SIX, SEVEN MONTHS OF DISCOVERY IF WE START RIGHT NOW.

9         SO THERE IS ABSOLUTELY NO BASIS -- I WAS UNHAPPY,

10  DISTURBED, AND UPSET WHEN THEY ASKED FOR FURTHER STAY, GIVEN

11  THAT WE'VE ALREADY GIVEN THEM WHAT THEY GOT FROM YOUR HONOR

12  LAST FALL AND NOW ANOTHER TWO MONTHS FROM ME THROUGH GOODWILL,

13  AND NOW THEY WANT TO DELAY IT FURTHER.  IT'S JUST NOT RIGHT.

14  AND WE OUGHT TO OPEN THIS UP AND GET IT GOING.  AND THEN

15  MR. DESMARAIS AND I CAN AGREE ON THE INTERIM DATES.  YOUR HONOR

16  HAS SCHEDULED THE TRIAL DATE, THE PRETRIAL, THE DAUBERTS, AND

17  ALL THAT.

18         **THE COURT:**  YEP.

19         **MR. VAN NEST:**  ALL WE NEED TO DO IS FILL IN THE REST

20  OF IT, WHICH WE CAN DO, BUT THERE'S NO WAY TO GET THIS THING TO

21  TRIAL IN AUGUST UNLESS WE GET GOING NOW WITH OUR DISCOVERY.

22         **THE COURT:**  YEAH, ALL RIGHT.

23         **MR. DESMARAIS:**  ONE COMMENT --

24         **THE COURT:**  YEP.

25         **MR. DESMARAIS:**  -- ON THE LEGAL POINT THAT

1    MR. VAN NEST MADE?

2            IT IS TRUE THAT ARISTA IS STILL SELLING, BUT THAT

3    MISSES THE POINT.  SELLING ADJUDICATED INFRINGING PRODUCTS IN

4    CONTRAVENTION OF AN ITC ORDER DOES NOT MAKE THE BASIS FOR AN

5    ANTITRUST CLAIM.

6            **THE COURT:**  WELL, I DON'T THINK HE JUST --

7            (SIMULTANEOUS COLLOQUY.)

8            **THE COURT:**  HE DIDN'T SAY HE WAS SELLING UNLAWFUL

9    PRODUCTS.  HE SAID THIS IS A DESIGN AROUND THAT'S BEING SOLD.

10           (SIMULTANEOUS COLLOQUY.)

11           **MR. VAN NEST:**  THAT WAS APPROVED BY CUSTOMS, APPROVED

12   BY CUSTOMS.

13           **THE COURT:**  ALL RIGHT.

14           **MR. DESMARAIS:**  AND CUSTOMS HAS RECONSIDERED AND

15   WITHDRAWN IT.

16           **THE COURT:**  WELL, I'M NOT GOING TO DECIDE WHETHER THE

17   REDESIGN IS INFRINGING OR NOT.  I WANT TO HOLD THAT TRIAL DATE.

18   I THINK IT WAS A REASONABLE TRIAL DATE.  IT DIDN'T SEEM

19   REASONABLE AT THE TIME.  IT'S LOOKING LIKE IT'S COMING UP SOON

20   AT THIS POINT.

21           I AM GOING TO LIFT THE STAY.  I AM GOING TO ALLOW THE

22   DISCOVERY TO GO FORWARD.  I WELCOME THE MOTION TO DISMISS.  IF

23   THAT NARROWS ISSUES, THAT'S TO EVERYONE'S ADVANTAGE.  AND I AM

24   GOING TO REQUIRE THE PARTIES TO WORK OUT THE REST OF THE

25   SCHEDULE -- I'M SURE YOU CAN DO THAT BY AGREEMENT -- AND SUBMIT

1    A STIPULATION TO ME WITHIN TWO WEEKS.

2            THERE WAS AN ADDED ISSUE OF THERE IS SOME PENDING

3    DISCOVERY THAT WAS HALTED FOR THE STAY, AND THERE IS SOME

4    DISPUTE AS TO WHETHER IT SHOULD BE -- THE PENDING DISCOVERY

5    SHOULD BE DUE 30 DAYS FROM TODAY OR THE NUMBER OF DAYS THAT THE

6    RULES WOULD ALLOW, AND I DON'T KNOW WHETHER YOU MEANT THE

7    NUMBER OF DAYS REMAINING, THAT SOME HAD ELAPSED BEFORE THE

8    STAY.  I THINK WE OUGHT TO AGREE ON A DATE NOW AND NOT HAVE TO

9    GO BACK AND DO CALCULATIONS.  IS 30 DAYS UNREASONABLE?

10           **MR. DESMARAIS:**  I THINK IT SHOULD BE (INDISCERNIBLE.)

11           **MR. VAN NEST:**  I THINK THAT'S AT THE OUTSIDE.

12   THEY'VE HAD THIS DISCOVERY FOR MONTHS, YOUR HONOR.

13           **THE COURT:**  OKAY.

14           **MR. VAN NEST:**  I WOULD ASK IT BE DONE IN TWO WEEKS

15   WHEN WE GET STIP IN ON THE SCHEDULE.

16           **MR. DESMARAIS:**  LIKE, YOUR HONOR, WE HAVEN'T BEEN

17   WORKING ON THIS BECAUSE OF THE STAY.

18           **THE COURT:**  RIGHT.  I THINK 30 DAYS IS FINE, BUT NEW

19   DISCOVERY CAN BE PROPOUNDED IMMEDIATELY, AND I EXPECT THAT IT

20   WILL, AND THAT WILL HAVE THE NORMAL TIME.  THAT'S 30 DAYS FROM

21   TODAY.

22           I NOTICE THAT THERE IS A REQUEST FOR -- BY ARISTA FOR

23   30 DEPOSITIONS, WHICH WOULD INCLUDE THE 30(B)(6).  IT WASN'T

24   CLEAR WHETHER YOU'VE -- IT LOOKS LIKE CISCO WANTS TO DO THE

25   SAME PROCESS THAT WE DID BEFORE, AND THAT IS TAKE YOUR FIRST

1   TEN, MAKE THEM YOUR BEST, AND THEN JUSTIFY WITH A SPECIFIC

2   DISCOVERY PLAN THE REMAINDER.

3            **MR. DESMARAIS:**  EXACTLY.  ESPECIALLY SINCE, AS WE'VE

4   SAID, THESE PARTIES HAVE BEEN LITIGATING FOR YEARS.  WE'VE

5   DEPOSED ALMOST EVERYBODY.

6            (SIMULTANEOUS COLLOQUY.)

7            **THE COURT:**  I DON'T KNOW IF THE ISSUES ARE THE SAME.

8            **MR. VAN NEST:**  ACTUALLY, YOUR HONOR, WHAT WAS SAID BY

9   COUNSEL AT THE LAST CMC WAS HE WAS WILLING TO MEET AND CONFER;

10  HE WASN'T GOING TO HOLD US TO THE LIMIT.

11           **THE COURT:**  GOOD.  WELL, I WOULD HOPE YOU WOULD

12  ADJUST THE LIMIT BY AGREEMENT AND ONLY BRING ME THE REMAINDER.

13           **MR. VAN NEST:**  THAT'S WHAT WE'LL TRY TO DO.

14           **THE COURT:**  I WOULD EXPECT THAT.

15           AND I THINK -- AND I'M -- I'M GLAD TO SET A FURTHER

16  CASE MANAGEMENT ON IT, OR YOU CAN REQUEST IT WHEN YOU'RE READY.

17           **MR. VAN NEST:**  I THINK IT'S WHATEVER YOUR HONOR

18  PREFERS.

19           **THE COURT:**  I DON'T --

20           **MR. VAN NEST:**  WE CAN SIMPLY REQUEST IT.  I LIKE THE

21  IDEA OF A TELEPHONE CONFERENCE.  MR. DESMARAIS IS IN NEW YORK.

22           **THE COURT:**  YES.

23           **MR. VAN NEST:**  WE'RE UP IN SAN FRANCISCO.

24           SO I THINK WE CAN DO THAT.

25           **THE COURT:**  GOOD.

1              **MR. VAN NEST:**  I THINK WE'LL BE ABLE TO AGREE TO AT

2    LEAST AN INTERIM LIMIT THAT'S ABOVE THE TEN, GET STARTED, AND

3    THEN BRING TO YOUR HONOR WHATEVER WE HAVE LEFT.

4              **THE COURT:**  I THINK THAT MAKES SENSE.  AND WE WENT

5    THROUGH THIS PROCESS BEFORE.  YOU KNOW WHAT KIND OF INFORMATION

6    I'M LOOKING FOR --

7              **MR. VAN NEST:**  WE SURE DO.

8              **THE COURT:**  -- ON ADDITIONAL ONES.

9              **MR. VAN NEST:**  WE SURE DO.

10             **THE COURT:**  THAT MAKES SENSE.

11             AND, YES, MR. DESMARAIS, IT'S ALWAYS NICE TO SEE YOU.

12   THANK YOU FOR TAKING THE TRIP THIS TIME.

13             **MR. DESMARAIS:**  MY PLEASURE, YOUR HONOR.

14             **THE COURT:**  BUT AS MANY TIMES -- GOOD.

15             AND AS MANY TIMES AS WE CAN DO THIS BY PHONE WHEN

16   YOU'RE NOT OTHERWISE OTHER ON OTHER CASES, THAT WOULD BE GREAT.

17             **MR. DESMARAIS:**  MAY I HAVE ONE --

18             (SIMULTANEOUS COLLOQUY.)

19             **THE COURT:**  YES.

20             **MR. DESMARAIS:**  IN LIGHT OF THE FACT THAT THE

21   COMPLAINT IS -- HAS, IN OUR VIEW, SEVERAL SERIOUS, SERIOUS

22   LEGAL CLAUSES THAT WE TALKED ABOUT.

23             **THE COURT:**  YEAH.

24             **MR. DESMARAIS:**  YOU KNOW, WHILE I UNDERSTAND YOUR

25   HONOR NOT WANTING TO GRANT THE STAY -- AND I WON'T REARGUE

1    THAT -- BUT IT DOES MAKE LOGICAL SENSE AT LEAST TO BACK END THE

2    DEPOSITIONS, RATHER THAN TO LET THE COURT DEAL WITH THE MOTION

3    TO DISMISS.

4            COULD WE HAVE SOME SORT OF STAGGERED DISCOVERY WHERE

5    WE GO (INDISCERNIBLE) TO THE DOCUMENTS TO -- YOU KNOW, IF WE'RE

6    GOING TO RESOLVE THE MOTION TO DISMISS IN A FEW MONTHS, YOU

7    KNOW, THERE'S STILL PLENTY OF TIME TO BACK END THE DEPOSITIONS.

8    IT SEEMS LIKE SUCH A COLOSSAL WASTE --

9            **THE COURT:**  WELL --

10           **MR. DESMARAIS:**  -- TO JUST START ACTUAL

11   DEPOSITIONS --

12           **THE COURT:**  -- I'M GOING TO LEAVE THAT TO YOU AND

13   MR. VAN NEST TO WORK OUT, AND, HOPEFULLY, BY AGREEMENT YOU CAN

14   DO SOME OF THAT.

15           **MR. VAN NEST:**  THANK YOU, YOUR HONOR.

16           **THE COURT:**  I JUST THINK I NEED TO LET YOU TWO WORK

17   THAT OUT FIRST.  IT WOULD BE SOMEWHAT ARBITRARY IF I WERE TO

18   DEAL WITH THAT NOW.

19           ALL RIGHT.  WELL, LET'S SEE -- I DON'T KNOW THAT I'LL

20   BE ABLE TO ADVANCE YOUR MOTION TO DISMISS.  GO AHEAD AND GET

21   THE DATE THAT WE CAN GIVE YOU, AND AS I -- AFTER THE BRIEFING'S

22   DONE, IF I CAN FIND AN EARLIER DATE, WE WILL CERTAINLY ASK YOU

23   IF YOU'RE AVAILABLE TO ADVANCE IT.  I CAN'T PROMISE THAT,

24   BUT --

25           **MR. DESMARAIS:**  WE'LL MAKE OURSELVES AVAILABLE, YOUR

1  HONOR.

2          **MR. VAN NEST:**  WE HAVE A BRIEFING SCHEDULE, YOUR

3  HONOR, THAT GETS THE REPLIES IN BY MAY 11TH.

4          **THE COURT:**  OKAY.

5          **MR. VAN NEST:**  JUST FOR YOUR HONOR'S --

6          **THE COURT:**  THAT'S HELPFUL.

7          **MR. VAN NEST:**  WE NEGOTIATED THAT.

8          **THE COURT:**  GREAT.

9          **MR. VAN NEST:**  AND THE REPLY'S DUE MAY 11TH.

10         **THE COURT:**  OKAY.

11         **MR. DESMARAIS:**  SHOULD WE SET A DATE NOW WHAT

12 WE'RE --

13         **THE COURT:**  NO, NO.  I'D LIKE YOU TO -- IT'S JUST

14 EASIER THAT WE NOT -- BECAUSE A LOT OF FACTORS GO INTO PICKING

15 THAT DATE.  JUST HAVE YOUR OFFICE RESERVE A DATE, WHICH YOU CAN

16 DO TWO WEEKS IN ADVANCE OF FILING, SO YOU'RE JUST ABOUT AT THAT

17 POINT.

18         **MR. DESMARAIS:**  YES, YOUR HONOR.

19         **MR. VAN NEST:**  PERFECT.

20         **THE COURT:**  ANYTHING ELSE TODAY?

21         **MR. VAN NEST:**  I THINK WE'RE FINE, YOUR HONOR.  THANK

22 YOU.

23         **THE COURT:**  OKAY.  I'M NOT GOING TO SET A FURTHER

24 CASE MANAGEMENT.  I EXPECT WE'LL HAVE MANY, BUT I WILL REQUEST

25 THAT YOU SIMPLY ASK FOR IT, AND THEN I'LL SET IT.

1          **MR. VAN NEST:**  WE'LL DO THAT IT WAY.

2          **THE COURT:**  OKAY.

3          **MR. VAN NEST:**  THANK YOU, YOUR HONOR.

4          **THE COURT:**  OKAY.  THANK YOU.

5          (PROCEEDINGS ADJOURNED AT 11:52 A.M.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    **CERTIFICATE OF TRANSCRIBER**

2

3        I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4    TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5    THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6    U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7    PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8    ABOVE MATTER.

9        I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

10   RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN

11   WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

12   FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

13   ACTION.

14

15                    *JMColumbini*

16                    JOAN MARIE COLUMBINI

17                        MARCH 6, 2017

18

19

20

21

22

23

24

25