John M. Desmarais (*admitted pro hac vice*)
jdesmarais@desmaraisllp.com
Paul A. Bondor (*admitted pro hac vice*)
pbondor@desmaraisllp.com
Alan S. Kellman (*admitted pro hac vice*)
akellman@desmaraisllp.com
Andrew G. Heinz (*admitted pro hac vice*)
aheinz@desmaraisllp.com
Tamir Packin (*admitted pro hac vice*)
tpackin@desmaraisllp.com
Jeffrey S. Seddon II (SBN 297502)
jseddon@desmaraisllp.com
Brian Leary (*admitted pro hac vice*)
bleary@desmaraisllp.com
William D. Findlay (*admitted pro hac vice*)
wfindlay@desmaraisllp.com
Carson Olsheski (*admitted pro hac vice*)
colsheski@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Sarah E. Piepmeier (SBN 227094)
sarah.piepmeier@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Defendant Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARISTA NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No. 5:16-cv-00923-BLF (SVK) <br><br> **DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO STRIKE PORTIONS OF THE AMENDED COMPLAINT** <br><br> Date: April 19, 2018 <br> Time: 9:00 am <br> Judge: Hon. Beth Labson Freeman <br> Dept.: Courtroom 3 |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 19, 2018, at 9:00 a.m., or as soon as counsel may be heard by the above-titled Court, located at 280 South 1st Street, San Jose, California, in Courtroom 3, before the Honorable Beth Labson Freeman, Defendant Cisco Systems, Inc. ("Cisco") will and hereby does respectfully move the Court for an Order striking paragraphs 102 through 104 of Plaintiff Arista Networks, Inc.'s Amended Complaint For Antitrust and Unfair Competition (Dkt. 162). This motion is based on this Notice of Motion, the following arguments and cited authorities, the pleadings and papers on file herein, and any evidence or argument presented to the Court at the hearing.

**STATEMENT OF RELIEF SOUGHT**

Cisco seeks an Order from the Court striking paragraphs 102 through 104 of the Amended Complaint (Dkt. 162).

**STATEMENT OF THE ISSUES**

Whether paragraphs 102 through 104 of the Amended Complaint (Dkt. 162) should be struck under Federal Rule of Civil Procedure 12(f).

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................................2

    A.    The ITC's Limited Exclusion Orders and Cease and Desist Orders Limit Importation And Sale Of Arista's Products. ............................................................. 2

    B.    Arista's Complaint Never Mentions Or Even Suggests That Its Redesigned Products Are Relevant To This Case. ................................................. 3

    C.    Throughout Discovery, Arista Denied That Its Redesigned Products Are Relevant And Successfully Prevented Cisco From Taking Any Discovery. ........... 3

    D.    The Court's Order On Cisco's Motion To Dismiss Confirms That Arista's Redesigned Products Are Not In The Case ............................................................. 5

    E.    Nine Days Before The Close Of Fact Discovery, Arista Amended Its Complaint To Add Its Redesigned Products Without Leave Of The Court. .......... 6

III. LEGAL STANDARD ..........................................................................................................6

IV. ARGUMENT ........................................................................................................................7

    A.    Arista's Allegations Regarding Redesigned Products Should Be Stricken Because Arista Repeatedly Denied The Relevance Of Such Products And Refused To Provide Discovery On Them. ................................................................ 7

    B.    Arista's Amendment Should Be Stricken Because It Violates Rule 15(a)(2). ...................................................................................................................... 8

    C.    Adding The Redesigned Products At This Late Stage Without Any Discovery Would Be Extremely Prejudicial To Cisco. ......................................... 9

V. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
  781 F.2d 1393 (9th Cir. 1986) .................................................................................. 10

*Azadpour v. Sun Microsystems, Inc.*,
  C.A. No. 06-cv-3272-MJJ, 2007 WL 2141079 (N.D. Cal. July 23, 2007) ............................ 8

*Bradley v. Chiron Corp.*,
  136 F.3d 1317 (9th Circ. 1998) .................................................................................. 8

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  C.A. No. 10-cv-1044-JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) ............................ 6

*City of Los Angeles v. San Pedro Boat Works*,
  635 F.3d 440 (9th Cir. 2011) ..................................................................................... 10

*Ctr. for Biological Diversity v. McCarthy*,
  C.A. No. 13-cv-5142-SBA, 2014 WL 3058321 (N.D. Cal. July 3, 2014) ........................... 10

*East Bay Law v. Ford Motor Co.*,
  697 F. App'x 533 (9th Cir. 2017) ............................................................................... 10

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) .................................................................................... 10

*Naranjo v. Bank of America N.A.*,
  C.A. No. 14-cv-2748-LHK, 2015 WL 4463851 (N.D. Cal. July 21, 2015) ......................... 9

*Prince v. Fremont Police Dept.*,
  C.A. No. 13-cv-1366-SBA, 2013 WL 3157925 (N.D. Cal. June 20, 2013) ...................... 6, 9

### RULES

Fed. R. Civ. P. 12(f) ........................................................................................................ 6

Fed. R. Civ. P. 15(a)(2) ........................................................................................... 6, 8, 9

## I. INTRODUCTION

Throughout the entire fact discovery period, Arista has maintained that its redesigned products[1] are not relevant to this action. Arista did not identify any of its redesigned products in its original Complaint. When Cisco attempted to determine whether Arista thought its redesigned products were relevant early in the case, Arista refused to provide any discovery concerning them. Arista then successfully moved to quash Cisco's discovery attempts, explicitly telling the Court that the redesigned products "have no relevance to any issue in dispute in this antitrust case." Months of fact discovery followed, including a lengthy period where Arista could amend its complaint without leave, and Arista never sought to add its redesigned products to the case. On October 10, 2017, the Court's Opinion dismissing much of Arista's Complaint on Cisco's Motion to Dismiss[2] again confirmed that the redesigned products are not in the case. As Your Honor pointed out in the Order, which among other things granted Arista leave to amend on two unrelated issues, "the redesigned product is not alleged in the Complaint" and so "Arista has not suffered antitrust injury based on sales of Ethernet switches that occurred after the ITC orders' effective dates." Then, nine days before fact discovery closed on November 9, Arista filed an Amended Complaint that added allegations regarding the redesigned products—the same redesigned products Arista steadfastly denied were relevant, and withheld all discovery on—without first seeking leave of the Court. Those allegations should be stricken because they are unauthorized and inconsistent with Arista's prior representations throughout this case, because Arista has thwarted all discovery on the topic, and because adding new products to the case at this late stage would be tremendously prejudicial to Cisco.

---

[1] As the parties have discussed in the briefing on Cisco's motion to dismiss, (Dkt. 110, 116, 130), and in more detail below, the International Trade Commission has twice barred Arista's products, and Arista has attempted to redesign its products in response.

[2] Dkt. 151.

## II. FACTUAL BACKGROUND

### A. The ITC's Limited Exclusion Orders and Cease and Desist Orders Limit Importation And Sale Of Arista's Products.

Years before Arista filed this case, the U.S. International Trade Commission ("ITC") initiated two investigations into Arista's infringement of twelve Cisco patents: *In the Matter of Certain Network Devices, Related Software and Components Thereof (I)*, ITC Inv. No. 337-TA-944 ("the '944 Investigation"); *In the Matter of Certain Network Devices, Related Software and Components Thereof (II)*, ITC Inv. No. 337-TA-945 ("the '945 Investigation"). (*See* Dkt. 110, Exs. 2-3.) The parties tried both investigations in the second half of 2015. On February 2, 2016—three weeks before Arista filed its original Complaint—the Honorable David P. Shaw, Administrative Law Judge, issued an Initial Determination in the 944 Investigation finding that Arista Ethernet switches infringe three valid Cisco patents covering Cisco's inventive SysDB and Private VLAN technologies. (*See* Dkt. 110, Ex. 5 at 292.) The ITC affirmed Judge Shaw's finding of infringement on June 23, 2016, (*see* Dkt. 110, Ex. 6 at 3), and entered a "Limited Exclusion Order" prohibiting all Arista Ethernet switches (and components thereof) from being imported into this country, (*see* Dkt. 110, Ex. 7 at 2), as well as a "Cease and Desist Order" prohibiting Arista from selling infringing switches in the United States, (*see* Dkt. 110, Ex. 8 at 1), both of which took effect on August 22, 2016. *See* 19 U.S.C. § 1337(j). Similarly, on December 9, 2016, the Honorable MaryJoan McNamara, Administrative Law Judge, issued an Initial Determination in the 945 Investigation finding that Arista Ethernet switches infringe two valid Cisco patents covering Cisco's inventive technologies regarding associative memory and security in the control planes. (*See* Dkt. 110, Ex. 10 at 302.) As with the 944 Investigation, the ITC affirmed Judge McNamara's finding of infringement on May 4, 2017, (*see* Dkt. 110, Ex. 15 at 3-4), entered a second Limited Exclusion Order prohibiting the importation of all Arista Ethernet switches, (Dkt. 130, Ex. 16 at 2), and a second Cease and Desist Order prohibiting the sale of infringing switches in the United States, (*see* Dkt. 130, Ex. 17 at 2), both of which took effect on July 3, 2017. *See* 19 U.S.C. § 1337(j). Arista claims it has redesigned its products to avoid infringement with respect to both of the investigations, but the ITC has not yet determined the adequacy of those redesigns.

### B. Arista's Complaint Never Mentions Or Even Suggests That Its Redesigned Products Are Relevant To This Case.

Arista's original complaint, filed on February 24, 2016, does not reference patent infringement, the Cisco patents asserted in the ITC investigations, or the ITC investigations themselves. (Dkt. 1.) Nor did it mention any redesigned products, or allege that Arista could redesign its products in the future to avoid Cisco's patents. (*Id.*) Instead, Arista ignored the issue of patent infringement entirely and relied only upon its then-existing products to establish alleged antitrust injury and standing. (*Id.* at ¶¶ 125-130.) Months later when the Court lifted the stay on the proceeding, Arista made no attempt to amend its complaint to add the redesigned products, despite having the opportunity to do so.  The Court's March 7, 2017, Case Management Conference Order set a deadline for amending pleadings in early May. (Dkt. 107.)  By that time Arista was well aware of the ITC's remedial orders in the 944 case and had received the ALJ's initial determination of infringement in the 945 case, and was actively redesigning its products in response.  But Arista failed to amend its pleadings to add any allegedly redesigned products, further indicating that no such products are at issue in this case.

### C. Throughout Discovery, Arista Denied That Its Redesigned Products Are Relevant And Successfully Prevented Cisco From Taking Any Discovery.

Notwithstanding its failure to address patent infringement, redesigned switches, or the ITC Investigations in the Complaint, less than three months after it filed suit, Arista raised the possibility of redesigning its switches to avoid patent infringement in response to Cisco's Motion to Stay or Dismiss. (*See* Dkt. 60 at 24.)  Specifically, Arista argued that it could "comply with any remedial orders issued by the ITC by re-designing its products and continue to sell products and services in the United States." (*Id.*; *see also* Dkt. 74 at 12.)  Cisco therefore sought discovery on the allegedly redesigned Arista switches through a deposition notice to Arista, (Dkt. 82, Ex. 1), and a subpoena to Arista's business partner, Sanmina Corp. (Dkt. 82, Ex. 2.)

Arista, however, refused to provide any discovery on its allegedly redesigned switches, arguing that its redesigns "ha[d] no relevance to any issue in this case." (*See* Dkt. 82 at 1.)  The parties subsequently raised the dispute to the Court through a joint discovery letter to Magistrate

Judge Cousins. Arista argued that discovery on its allegedly redesigned products is not relevant because such products had "nothing to do with" the issues in this case:

> Nor are the materials sought reasonably (or even remotely) calculated to lead to the discovery of admissible evidence in this case. They are not relevant because Arista's product plans have nothing to do with the issues of Cisco's anti-competitive conduct, or antitrust injury and standing. They relate solely to a (potential) dispute about the effect of those plans that only the ITC or a separate district court proceeding can resolve. Seeking non-relevant discovery here to gain an

(Dkt. 82 at 2 (emphasis added).) Arista maintained its position during the July 1, 2016, hearing before Magistrate Judge Cousins, again insisting that the redesigned products are not relevant. (*See* Dkt. 88 at 18:9-13 ("We have standing based on the products that have been sold. . . . They want to know how our future products might work, and that's different.").) Magistrate Judge Cousins quashed Cisco's deposition notice and subpoena, denying Cisco any discovery on Arista's allegedly redesigned products. (*See id.* at 20:9-10.)

Cisco subsequently moved the Court for relief from Magistrate Judge Cousins' ruling. (*See* Dkt. 89.) Arista continued to oppose Cisco's request for discovery by arguing that the redesigned products were not relevant, (*see* Dkt. 91 at 3 ("The discovery Cisco seeks has no relevance to any issue in this case.")), and continued to explicitly state that it was relying solely upon its "past participation in the switch market":

> motion to dismiss (D.I. 48). Nothing about Arista's future products could defeat Arista's standing based on its past participation in the switch market, given the purely prospective nature of the remedy (an exclusion order) provided by the ITC. *See Amarel v. Connell*, 102 F.3d 1494, 1509 (9th Cir. 1997) (finding standing based on past participation in market). Here, Arista has competed in the Ethernet switch market for many years and did so lawfully at the time of the filing. Cisco has never disputed the prospective nature of the ITC's remedy, and the inability of that remedy to reach Arista's past market participation, which provides an independent basis for antitrust standing no matter what the ITC decides. Cisco's insistence that its discovery is somehow relevant to standing issues is pure pretext, and Cisco's statement that "the Court should either permit Cisco to test the existence of Arista's workarounds or preclude Arista from relying on them" (D.I. 89 at 5) is both beside the point and uncontroversial, because Arista ***doesn't*** rely on them.[1]

(*Id.* at 3-4 (emphasis added); *see also id.* at 1 ("The discovery sought by Cisco concerning technical details of Arista's design-around plans . . . have no relevance to any issue in dispute in this antitrust case . . . .") (emphasis omitted).) The Court terminated Cisco's motion for relief, leaving

Magistrate Judge Cousin's ruling standing. (*See* Dkt. 97.)

Arista continued to withhold all information on its allegedly redesigned products throughout fact discovery. For example, until the very last day of discovery, Arista objected to "providing any information responsive to" Cisco's Interrogatory No. 8, which requested the factual and legal bases for any contention that the ITC orders will not preclude Arista from selling Ethernet switches in the United States. (*See* Ex.[3] A at 39-40.) And on the very last day, rather than provide any information about its redesigned products, it supplemented its response to incorporate by reference its Amended Complaint and unspecified "customs letters, Federal Circuit decision, and other rulings referenced therein." (*Id.* at 40.) In sum, despite repeated requests, Arista refused to provide Cisco with any discovery on its allegedly redesigned products throughout the entire discovery period. Arista also successfully defeated Cisco's motions for such information by repeatedly arguing that the redesigned products are not relevant to this case.

### D. The Court's Order On Cisco's Motion To Dismiss Confirms That Arista's Redesigned Products Are Not In The Case.

On October 10, 2017, approximately one month before the close of discovery, the Court issued an Order granting in part and denying in part Cisco's Motion to Dismiss. (Dkt. 151.) In addressing the issue of Arista's standing, the Court found that "Arista's Ethernet switches alleged in the Complaint are all imported switches subject to the ITC orders, i.e., Original Switches," (Dkt. 151 at 13-14), and that "the redesigned product is not alleged in the Complaint." (*Id.* at 14.) Consequently, "the Complaint does not state any allegations that indicate Arista's current ability to participate in the market despite the ITC's injunctions." (*Id.*) In response to Arista's suggestion that its sale of redesigned switches and domestically manufactured switches confer antitrust standing irrespective of the ITC Orders, the Court pointed out that Arista did not include any such allegations in its Complaint. (*Id.* ("the Complaint does not so allege.").) Accordingly, Arista's allegedly redesigned products are not relevant to this case because "Arista has not suffered antitrust injury based on sales of Ethernet switches that occurred after the ITC orders' effective dates." (*Id.*)

---

[3] Unless otherwise stated, "Ex." refers to exhibits to the declaration of Jeffrey S. Seddon, II, filed herewith.

The Court ultimately found that Arista had standing based on its original switches only, and denied Cisco's motion on that basis.

Also in its Order, the Court granted Cisco's motion to dismiss, and provided Arista with leave to amend, on two specific issues: (1) Arista's allegations of "bundling SMARTnet renewals" (*id.* at 20-23); and (2) an "all Ethernet switches market" (*id.* at 23-25). The Order permits Arista to amend only with respect "to the dismissed claims," and does not otherwise grant Arista leave to amend with respect to other issues. (*Id.* at 28-29.)

### E. Nine Days Before The Close Of Fact Discovery, Arista Amended Its Complaint To Add Its Redesigned Products Without Leave Of The Court.

Notwithstanding its refusal to produce any information on its redesigned products for nearly a year and a half, on October 31, 2017—nine days before the close of fact discovery—Arista reversed its position. Without moving the Court for leave or securing any agreement from Cisco, and without providing or offering to provide any discovery, Arista filed an Amended Complaint alleging that it participated in the relevant markets despite the ITC orders through the sale of its "redesigned products." (*See* Dkt. 162 ¶¶ 102-104.)

### III. LEGAL STANDARD

After the deadline for amending complaints, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Pursuant to Federal Rule of Civil Procedure 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including unauthorized amendments. *See, e.g.*, *Carrea v. Dreyer's Grand Ice Cream, Inc.*, C.A. No. 10-cv-1044-JSW, 2011 WL 159380, at *6 (N.D. Cal. Jan. 10, 2011), *aff'd*, 475 F. App'x 113 (9th Cir. 2012) (striking a cause of action from plaintiff's amended complaint where the "[p]laintiff did not seek leave of the Court to include this new claim"); *Prince v. Fremont Police Dept.*, C.A. No. 13-cv-1366-SBA, 2013 WL 3157925, *1 n.4 (N.D. Cal. June 20, 2013) ("[T]he Court sua sponte strikes the [Second Amended Complaint] on the ground that Plaintiffs neither sought nor obtained prior leave of Court to file a SAC.").

## IV. ARGUMENT

### A. Arista's Allegations Regarding Redesigned Products Should Be Stricken Because Arista Repeatedly Denied The Relevance Of Such Products And Refused To Provide Discovery On Them.

From the very beginning of this lawsuit, and throughout the discovery period, Arista consistently has insisted that its redesigned products are not relevant and thwarted Cisco's attempts to obtain discovery on the topic. And when Arista suggested its redesigned products may be relevant, Cisco promptly challenged those assertions and sought the related discovery. Arista refused to provide any discovery, and moved to quash Cisco's discovery requests. When Cisco sought the Court's guidance Arista repeatedly argued that the redesigned products are not relevant to this action. The Court ultimately denied Cisco any discovery on the redesigned products, again indicating that the redesigned products are not in the case. Arista then had months to amend its complaint without leave of the Court, providing Arista with ample opportunity to add the redesigned products if it actually thought they were relevant. But Arista failed to do so, and when the date for amending pleadings passed Arista's complaint remained devoid of any reference to patents, the ITC actions, or redesigned products. Arista continued to deny Cisco discovery on the redesigned products throughout the discovery period.[4] Furthermore, in its Order on Cisco's Motion to Dismiss, the Court again indicated that the redesigned products are not in the case. Accordingly, prior to Arista's unauthorized amendment nine days before the close of fact discovery, neither Cisco nor the Court had any reason to believe that Arista's allegedly redesigned

---

[4] For example, Arista has refused to provide testimony on its allegedly redesigned products. (*See, e.g.*, D.I. 82 at 1 (moving to quash a deposition notice seeking testimony on "product changes" Arista makes to comply with ITC orders). It has refused to produce documents on its allegedly redesigned products. (*See, e.g.*, Ex. B at 10-11 (stating that "Arista will not produce documents responsive to this Request" in response to Cisco's Request for Production No. 9, which asks for "[a]ll documents and communications relating to any workarounds that Arista contends will foreclose any intellectual property liability threatened or asserted by Cisco").) And it has refused to produce written discovery on its allegedly redesigned products. (*See, e.g.*, Ex. A at 39-40 (responding to Cisco's Interrogatory No. 8, which requested the factual and legal bases for any contention that the ITC orders will not prevent Arista from selling Ethernet switches in the United States, on the very last day of discovery by incorporating by reference its Amended Complaint and other, unspecified "customs letters, Federal Circuit decision, and other rulings referenced therein").)

products are at issue in this case.  Indeed, Cisco and the Court had every reason not to, because Arista had repeatedly insisted that its redesigned products are not relevant.

Nonetheless, now that fact discovery has ended, Arista attempts to execute a complete reversal by adding allegations based on "selling redesigned products without the features the ITC found to infringe" in its Amended Complaint (*see* Dkt. 162 at ¶¶ 102-104) while maintaining its refusal to provide discovery.  Arista cannot have it both ways.  Arista should be held to its repeated representations to Cisco and the Court that the redesigned products are not relevant, and Arista should not be permitted to add contrary allegations that directly conflict with that long-held position.  Accordingly, the Court should strike paragraphs 102 through 104 of the Amended Complaint.  *See, e.g.*, *Azadpour v. Sun Microsystems, Inc.*, C.A. No. 06-cv-3272-MJJ, 2007 WL 2141079, at *2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'"); *see also Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (9th Circ. 1998) (affirming a district court order striking inconsistent amended pleadings and "agree[ing] with the district court that the new pleadings exceeded permissible adjustment of factual allegations.") (citing *Schwartz v. Esmark, Inc.*, C.A. No. 78-cv-1909 (N.D. Ill. Mar. 31, 1990) ("[P]laintiff could not, in good faith, have so diametrically reversed his recollection and position between the time of the filing of his original complaint and that of his second amended pleading.")).

**B.     Arista's Amendment Should Be Stricken Because It Violates Rule 15(a)(2).**

Arista's attempt to add new, entirely contradictory allegations regarding "selling redesigned products" (Dkt. 162 at ¶¶ 102-104) should also be stricken because Arista added them without Cisco's consent or leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2).  Arista failed to amend its complaint by the Court's deadline (despite being fully aware of the relevant information), never sought Cisco's permission, and never sought leave of the Court.  And to the extent Arista contends that the Court's October 10, 2017, Order ruling on Cisco's Motion to Dismiss authorized such an amendment, Arista is incorrect.  In that Order, the Court explicitly stated: "Arista may amend its complaint to cure the deficiencies ***only*** as to the dismissed claims."  (Dkt. 151 at 29 (emphasis

added).)  The Court thus explicitly limited Arista to amendments addressing the only two dismissed claims referenced in the Order: "claims based on the alleged practice of bundling SMARTnet renewals" and "claims based on the all Ethernet switches market." (Dkt. 151 at 28-29.) Arista's "redesigned product" allegations do not fall into either category. Indeed, the Court's Order makes clear that allegations concerning "redesigned products" were not dismissed; rather, the Order states that the redesigned products were never at issue because the "redesigned product is not alleged in the Complaint." (Dkt. 151 at 14.) Accordingly, "Arista has not suffered antitrust injury based on sales of Ethernet switches that occurred after the ITC orders' effective dates." (*Id.*)

Because the Court's Order did not authorize Arista's attempt to amend its complaint with respect to its redesigned products, Arista's amendment violates Rule 15(a)(2) and should be struck from the Amended Complaint.  *See Prince v. Fremont Police Dept.*, C.A. No. 13-cv-1366-SBA, 2013 WL 3157925, *1 n.4 (N.D. Cal. June 20, 2013) ("[T]he Court sua sponte strikes the [Second Amended Complaint] on the ground that Plaintiffs neither sought nor obtained prior leave of Court to file a SAC."); *Naranjo v. Bank of America N.A.*, C.A. No. 14-cv-2748-LHK, 2015 WL 4463851, at *13 (N.D. Cal. July 21, 2015) (striking portions of plaintiff's amended complaint for failure to comply with the court's order).

### C. Adding The Redesigned Products At This Late Stage Without Any Discovery Would Be Extremely Prejudicial To Cisco.

Arista's belated attempt to add inconsistent allegations regarding its allegedly redesigned products at the close of fact discovery is highly prejudicial to Cisco because, without any discovery, Cisco cannot effectively respond to Arista's allegations. Arista does not have any justification for imposing such prejudice here. Arista has repeatedly taken the position that its redesigned products are not relevant, and denied Cisco the relevant discovery, while in possession of all the information it needed to determine if its redesigned products were relevant or not. Administrative Law Judge Shaw issued an Initial Determination that Arista infringed three Cisco patents in the 944 Investigation on February 2, 2016, before Arista even filed its original Complaint. (Dkt. 110, Ex. 5 at 292.) The ITC affirmed Judge Shaw's decision and issued a Limited Exclusion Order and a Cease and Desist Order on June 23, 2016. (Dkt. 110, Exs. 6, 7, 8.)

And the Amended Complaint alleges that a Limited Exclusion Order and a Cease and Desist Order went into effect on August 22, 2016. (*See* Dkt. 162 ¶ 103.) Accordingly, at least by August 22, 2016—more than fourteen months before it actually filed its Amended Complaint, and well before the deadline for amending without leave—Arista had all the information it needed to make the determination. Arista's decision to wait more than a year before amending constitutes undue delay. *See, e.g.*, *Ctr. for Biological Diversity v. McCarthy*, C.A. No. 13-cv-5142-SBA, 2014 WL 3058321, at *2 (N.D. Cal. July 3, 2014) (finding undue delay where plaintiff waited four months to add an additional claim for relief and striking the amended pleading); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (finding a seven month delay in filing an amended pleading to be "inexplicable and unjustified" and affirming the district court's denial of leave to amend); *East Bay Law v. Ford Motor Co.*, 697 F. App'x 533, 535 (9th Cir. 2017) (affirming district court's order to show cause why plaintiff should not be sanctioned when it filed an amended complaint without leave 70 days after defendant's motion to dismiss).

Furthermore, that fourteen-month delay prejudiced Cisco because the entire fact discovery period elapsed, with Arista continuing to withhold all relevant discovery and depriving Cisco of the opportunity to test Arista's allegations. Arista's "tactical choice" to limit Cisco's access to discovery thus further justifies striking Arista's allegations. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial of leave to amend where the late amendment was "a tactical choice" and "allowing amendment would prejudice the [defendant] because of the necessity for further discovery"); *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (affirming denial of leave to amend where the plaintiff "unduly delayed seeking amendment" and amendment would prejudice the defendant by forcing it "to revisit extensive discovery").

## V. CONCLUSION

For the reasons set forth above, Cisco respectfully requests that the Court strike paragraphs 102, 103, and 104 from Arista's October 31, 2017, Amended Complaint.

Respectfully submitted,

| | | |
|---|---|---|
| 1 | Dated: November 14, 2017 | DESMARAIS LLP. |
| 2 | | By: /s/ Jeffrey S. Seddon, II /s/ |
| | | John M. Desmarais (*admitted pro hac vice*) |
| | | jdesmarais@desmaraisllp.com |
| | | Paul A. Bondor (*admitted pro hac vice*) |
| | | pbondor@desmaraisllp.com |
| | | Alan S. Kellman (*admitted pro hac vice*) |
| | | akellman@desmaraisllp.com |
| | | Andrew G. Heinz (*admitted pro hac vice*) |
| | | aheinz@desmaraisllp.com |
| | | Tamir Packin (*admitted pro hac vice*) |
| | | tpackin@desmaraisllp.com |
| | | Jeffrey S. Seddon II (SBN 297502) |
| | | jseddon@desmaraisllp.com |
| | | Brian Leary (*admitted pro hac vice*) |
| | | bleary@desmaraisllp.com |
| | | William D. Findlay (*admitted pro hac vice*) |
| | | wfindlay@desmaraisllp.com |
| | | Carson Olsheski (*admitted pro hac vice*) |
| | | colsheski@desmaraisllp.com |
| | | DESMARAIS LLP |
| | | 230 Park Avenue |
| | | New York, NY 10169 |
| | | Telephone: (212) 351-3400 |
| | | Facsimile: (212) 351-3401 |
| | | |
| | | Sarah E. Piepmeier (SBN 227094) |
| | | sarah.piepmeier@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| | | 555 California Street, 27th Floor |
| | | San Francisco, CA 94104 |
| | | Telephone: (415) 439-1400 |
| | | Facsimile: (415) 439-1500 |
| | | |
| | | *Attorneys for Plaintiff Cisco Systems, Inc.* |