UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA NETWORKS, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS INC., <br> Defendant. | Case No.16-cv-00923-BLF (SVK) <br><br> **ORDER REGARDING NOVEMBER 16, 2017 JOINT STATEMENT REGARDING DISCOVERY DISPUTES** <br><br> Re: Dkt. No. 174 |

Before the Court is the parties' Joint Statement Regarding Discovery Disputes submitted November 16, 2017. ECF 174. Having considered the dispute, the Court orders as follows.

## I. RELEVANT BACKGROUND

Arista Networks, Inc. ("Arista") filed this antitrust action against Cisco Systems Inc. ("Cisco") on February 26, 2016. ECF 1. On August 23, 2016, the District Court stayed the case to allow for resolution of the then-ongoing copyright action between the parties. ECF 95. On December 28, 2016, the Court extended the stay to March 2, 2017. ECF 100. On March 17, 2017, following a case management conference, the Court entered a scheduling order setting deadlines in this case, including a fact discovery cutoff of November 9, 2017. ECF 109. Arista served a Rule 30(b)(6) Notice on October 10, 2017, requesting testimony for 73 topics. ECF 174-2 at 18. On November 9, 2017, the parties represented to the Court that "the parties have reached agreement on dates for certain witnesses during the week following the close of fact discovery and expect to reach agreement on the dates at which the remaining witnesses can be made available by the last week in November." ECF 166. The District Court set a deadline of December 1, 2017, to conduct the remaining depositions, and continued the deadlines to submit expert reports and rebuttal expert reports to December 18, 2017 and February 2, 2017, respectively. ECF 167.

## II. CURRENT DISPUTE

On November 16, 2017, the parties submitted a discovery letter raising disputes as to 35 of Arista's 73 Rule 30(b)(6) deposition topics, one Cisco Rule 30(b)(6) deposition topic, two requests for production and three interrogatories. ECF 174. While the disputes are technically timely raised, the topics are voluminous. At a minimum, the parties should have made the District Judge aware of the scope and volume of the outstanding disputes when they requested leave to conduct depositions beyond the close of fact discovery. In the timeframe remaining, with expert reports looming, there is very limited time for relief. To the extent relief is granted, depositions must be completed and discovery responses served by the current December 1, 2017 deadline. It is with this limitation in mind that the Court considers the relevance and proportionality of the outstanding requests, drawing a sharp line between discovery the parties would like to have and discovery the parties both need and have pursued diligently. Against this backdrop, the Court orders as follows:

### A. Arista's Motion to Compel

The Court first addresses Arista's requests arising out of its Rule 30(b)(6) notice served on October 10, 2017.

**Topic No. 6: Denied**. This topic is better suited for expert testimony.

**Topic No. 16**: **Denied**. The topic is of limited relevance and not proportional to the needs of the case, particularly in light of the time limitations.

**Topic Nos. 17, 20**: **Denied**. The topic is of limited relevance and not proportional to the needs of the case, particularly in light of the time limitations.

**Topic Nos. 23-40**: **Granted in part**. Transactional data, if relevant, presumably has been produced, and the requests as presently framed are too broad in scope and detail for the time remaining to complete discovery. However, in some respects the relevance of the requests tips the balance in favor of fashioning relief that can be accomplished in a timely manner, particularly in light of Arista's willingness to limit the request to a specific number of customers. As to a specific customer, Cisco is likely to have a person most knowledgeable, such as an account manager, as to the general history of sales negotiations, pricing (including discount terms),

revenues, and margins. Accordingly, Arista is ordered to identify five target customers. Cisco is ordered to produce persons most knowledgeable as to the five customers identified by Arista for the following topic:

> Sales negotiations between Cisco and the customer from 2013-present relating to Ethernet Switches and/or Maintenance and Services for Ethernet Switches, including pricing and discount terms and Cisco's revenue and margins on sales to the customer.

The Court strikes the subject matter relating to Cisco's contention for why each sale was not anti-competitive as calling either for an inappropriate opinion or for a legal conclusion.

**Topic Nos. 55-61: Denied**. The topics are not proportional to the needs of the case, particularly in light of the time limitations and existing testimony from the CLI Case. Consistent with its recent order (ECF 173), the Court strikes Topic No. 58 as directed to information protected by the attorney client and work product protections.

**Topic No. 63: Granted in part.** Cisco is ordered to produce persons most knowledgeable for the five customers identified by Arista in re Topic Nos. 23-41 above on the following topic:

> Communications from the customer relating to the Cisco CLI commands, including the importance or value of the Cisco CLI commands, or any specific command or subset of commands.

**Topic 64: Denied**. The topic is of limited relevance and not proportional to the needs of the case, particularly in light of the time limitations.

**Topic Nos. 10, 68: Granted in part.** In response to these noticed topics, Cisco produced Cesar Obediente, the architect of policies covered by these topics. Arista alleges that Mr. Obediente's testimony was inadequate, in part, because he did not testify on behalf of Cisco. Cisco produced Mr. Obediente in response to the Rule 30(b)(6) deposition notice, thus the Court deems Mr. Obediente's testimony as testimony on behalf of Cisco, and grants no further relief as to these topics.

**Topic Nos. 66, 67**: **Granted in part**. These topics are more efficiently handled as interrogatories. Therefore, the Court deems these two topics interrogatories with a substantive written response due from Cisco no later than December 1, 2017.

**Topic Nos. 51-54: Denied**. The Court finds Mr. Lang's testimony to be sufficient.

**Eight Cisco Employee Depositions**: **Denied, with conditions**. On November 6, 2017, Cisco added eight Cisco employees to its initial disclosures, indicating that the individuals may have information "that Cisco may use to support its claims or defenses." Cisco did not include these eight individuals on its original initial disclosures on May 19, 2016. The Court will not allow depositions of these witnesses at this time given the pending deadlines in this case. However, if Cisco includes these employees on its trial witness list, the Court orders Cisco to produce these employees for depositions at the time of trial.

**Arista's Requests for Production Nos. 47, 60: Granted in part**. The parties give diametrically opposed versions of what has and has not been produced with no supporting evidence. While the scope of production is unclear to the Court, it is also unclear whether Cisco has provided sufficient documents to indicate which of its customers received the letter discussed in the dispute. As such, the Court orders Cisco to provide an interrogatory response setting forth a list of customers that received the letter at issue. Other than the response, the Court denies Arista's request to compel further relief.

B.  Cisco's Motion to Compel

**Cisco's Interrogatory Nos. 6, 17, 22 and Rule 30(b)(6) Topic No. 1: Denied, with conditions.** The parties agree Arista has identified customers that it believes represent sales lost to Cisco and provided a witness on lost sales. Cisco's complaint, the timeliness of which is questionable, is directed to the sufficiency of the information provided by Arista. Given the time limitations, Arista will either be limited by its discovery responses or Arista may make a witness available in response to Cisco's Rule 30(b)(6) Topic No. 1. In the first instance, Arista will be unable to refer to any additional customers or any specific circumstances that it is has not already identified.

**SO ORDERED.**

Dated: November 21, 2017

SUSAN VAN KEULEN
United States Magistrate Judge