# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., <br>     Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br>     Defendant. | Case No.  16-cv-00923-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT** <br><br> [Re: ECF 169] |

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") motion to strike portions of Plaintiff Arista Networks, Inc.'s ("Arista") first amended complaint. Mot., ECF 169. Previously, on October 10, 2017, the Court granted in part and denied in part Cisco's motion to dismiss Arista's original complaint with leave to amend. Order, ECF 151. Thereafter, Arista filed a First Amended Complaint. FAC, ECF 161-3. Cisco now seeks to strike paragraphs 102 to 104 of the FAC under Federal Rule of Civil Procedure 12(f). Mot. Having considered the briefing and oral argument of the parties, as well as the governing law, the Court DENIES Cisco's motion to strike.

**I.   BACKGROUND**

As discussed in the Court's previous orders, the parties have been litigating various disputes in multiple forums. Order; *see also* ECF 205. Here, the Court summarizes only the relevant background that underlies the instant motion.

Before Arista brought this antitrust action, Cisco filed two patent infringement cases against Arista at the U.S. International Trade Commission ("ITC"): *In the Matter of Certain Network Devices, Related Software and Components Thereof (I)*, ITC Inv. No. 337-TA-944 ("the '944 Investigation") and *In the Matter of Certain Network Devices, Related Software and*

*Components Thereof (II)*, ITC Inv. No. 337-TA-945 ("the '945 Investigation"). Exs. 2, 3 to Leary Decl. in Supp. of Cisco's Mot. to Dismiss, ECF 110-5, -6. In both investigations, the ITC found that Arista's Ethernet switches infringed certain patents owned by Cisco. As a result, the ITC issued limited exclusion orders and cease and desist orders that limited Arista's ability to sell products that the ITC found to infringe in the '944 and '945 Investigations. Exs. 7, 8 to Leary Decl. in Supp. of Cisco's Mot. to Dismiss, ECF 110-10, -11; Exs. 16, 17 to Leary Decl. in Supp. of Reply re Cisco's Mot. to Dismiss, ECF 130-4, -5.

While the ITC Investigations were ongoing, Arista filed this action alleging that Cisco violated antitrust and unfair competition laws. ECF 1. Cisco filed a motion to dismiss the complaint. Cisco's Mot. to Dismiss, ECF 110. On October 10, 2017, the Court granted in part and denied in part Cisco's motion to dismiss with leave to amend. *See generally* Order. Specifically, the Court dismissed the "claims based on the alleged practice of bundling SMARTnet renewals" and "claims based on the all Ethernet switches market." *Id.* at 28–29. The Court allowed Arista to amend its complaint "to cure the deficiencies only as to the dismissed claims" within twenty-one days of the date of the Order. *Id.* at 29.

On October 31, 2017, Arista timely filed the FAC. The FAC pleads that Arista continues to sell products after the issuance of the ITC orders by selling redesigned products without the features that the ITC found to infringe Cisco's patents in the '944 and '945 Investigations. FAC ¶¶ 103–04. Specifically, the FAC alleges the following:

> 102. Arista has sold its products in the Relevant Markets continuously since its first product release in 2008 and continues to sell its products in the Relevant Markets today.
>
> 103. On August 22, 2016, an International Trade Commission ("ITC") Limited Exclusion Order and a Cease and Desist Order went into effect as a result of Investigation No. 337-TA-944 *Certain Network Devices, Related Software and Components Thereof (I)* ("the 944 Investigation"). These orders placed no restriction on Arista's ability to sell products in the global market. Arista continued to sell its products in the Relevant Markets (including in the United States and globally) following these orders by selling redesigned products without the features that the ITC found to infringe the patents asserted in the 944 Investigation. Arista's redesigned products were confirmed by U.S. Customs and Border Protection to be non-infringing in an April 7, 2017 ruling. Arista's redesigned products were also confirmed to be non-infringing by ITC Administrative Law Judge David P. Shaw in a June 20, 2017 Initial

> Determination in an enforcement proceeding. That Initial Determination was later remanded by the ITC back to Administrative Law Judge Shaw for further findings and that enforcement proceeding is still pending. Arista continues to sell its redesigned switch products in the Relevant Markets in the United States and globally.
>
> 104. On May 4, 2017, an International Trade Commission Limited Exclusion Order and a Cease and Desist Order went into effect as a result of Investigation No. 337-TA-945 *Certain Network Devices, Related Software and Components Thereof (II)* ("the 945 Investigation"). These orders again placed no restriction on Arista's ability to sell products in the global market. Arista continued to sell its products in the Relevant Markets (including in the United States and globally) following these orders by selling redesigned products without the features that the ITC found to infringe the patents asserted in the 945 Investigation. Arista asked the U.S. Court of Appeals for the Federal Circuit to stay enforcement of these 945 orders in view of final written decisions by the Patent Trial and Appeal Board finding the two relevant asserted patents invalid following *inter partes review* proceedings. In response, the Federal Circuit declined to stay the 945 orders but did order that Arista's redesigned products must be permitted to enter the United States. U.S. Customs and Border Protection confirmed on October 12, 2017 that Arista's redesigned products will be permitted to enter the United States at least until the ITC's 945 enforcement proceedings complete. On October 25, 2017, the ITC instituted a Modification proceeding to determine whether any modification to the Limited Exclusion Order and the Cease and Desist Order is appropriate in view of the redesigned products. Arista continues to sell its redesigned switch products in the Relevant Markets in the United States and globally.

*Id.* ¶¶ 102–04.

Cisco now moves the Court to strike paragraphs 102 to 104 of the FAC under Rule 12(f). Mot. 6–10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

The decision to strike a portion of a party's pleading is within the sound discretion of the court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). If a claim or defense is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (per curiam).

**III.  DISCUSSION**

    **A.  Whether Arista was Granted Leave to Add Allegations Regarding Redesigned Products**

In the October 10, 2017 Order, the Court granted in part and denied in part Cisco's motion to dismiss and allowed Arista to amend the complaint to cure the deficiencies of the dismissed claims. Order 28–29. The parties disagree whether Arista was granted leave to add allegations regarding Arista's redesigned products. *See* Mot. 9; Opp'n 7–8, ECF 179; Reply 6, ECF 185. Cisco argues that the Court permitted Arista to address only (1) "claims based on the alleged practice of bundling SMARTnet renewals" and (2) "claims based on the all Ethernet switches market" but not those based on redesigned products. Mot. 9; Reply 6.

Arista responds that the Court's Order permitted the amended complaint to include allegations based on sales of redesigned products. Opp'n 7–8. Arista's position is that its original complaint sought relief for "Cisco's ongoing anticompetitive conduct" which continues to this day. *Id.* at 7. Arista interprets the Order to dismiss Arista's claims for harm that occurred after the ITC orders issued. Based on that interpretation, Arista believes that the Court dismissed "Arista's claim for relief" from Cisco's conduct that occurred after the ITC orders took effect and further allowed Arista to "cure the deficiencies of such dismissed claims." *Id.* at 7–8. To the extent that the Order did not permit the amendment at issue, Arista argues that the Court should grant leave to amend the complaint to add paragraphs 102 to 104 of the FAC because good cause exists. *Id.* at 9–11.

Arista's interpretation of the October 10, 2017 Order is incorrect. The Order makes clear that the Court dismissed two types of claims: (1) "claims based on the alleged practice of bundling SMARTnet renewals" and (2) "claims based on the all Ethernet switches market." Order 28–29. And the Order permitted Arista to amend its complaint "to cure the deficiencies only as to the

4

dismissed claims." *Id.* at 29. The Court did not dismiss claims based on redesigned products—those claims did not exist as the redesigned products were not pled in the original complaint, Order 14. Because claims based on redesigned products were not dismissed in the first place, Arista was not granted leave to allege those new claims.

On this basis, the Court turns to Arista's argument that it should be allowed to add the allegations in paragraphs 102 to 104 of the FAC.

### B. Whether Arista's Amendment Should Be Permitted

The Court previously issued a Case Management Order on March 7, 2017. ECF 107. The last day to amend the pleadings under Rule 15's liberal standard was 60 days after the issuance of that order. *Id.* Thus, the deadline to amend the pleadings under Rule 15 was May 6, 2017. That deadline has passed. As such, Arista must establish "good cause" under Rule 16 to show that the amendment it seeks is warranted. *Ellis v. Advanta Bank*, No. 16-CV-06437, 2017 WL 4842069, at *2–3 (N.D. Cal. Oct. 26, 2017) (applying Rule 16's "good cause" standard because the party sought to modify the scheduling order and amend the pleadings). If Arista establishes "good cause," it must also show that the amendment is proper under Rule 15. *See Rodarte v. Alameda Cty.*, No. 14-CV-00468, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)).

#### i. Good Cause Exists Under Rule 16(b)

##### a. Diligence

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (alterations in original) (quoting *Johnson*, 975 F.2d at 609).

Cisco argues that Arista delayed adding allegations regarding the redesigned products even though Arista had all the necessary information to amend in accordance with the Court's schedule.

5

1  Mot. 10; Reply 7. Specifically, Cisco contends that at least by August 22, 2016—more than
2  fourteen months before the filing of the FAC—Arista could have added allegations regarding the
3  redesigned switches. *See* Mot. 10. August 22, 2016 is the date when the '944 exclusion and cease
4  and desist orders went into effect. *Id.*

5  The Court disagrees with Cisco's argument that Arista unreasonably waited for more than
6  fourteen months to amend the complaint. The circumstances of this case are unique in that Arista
7  was enjoined twice by the ITC from importing products that were found to infringe Cisco's
8  patents over the course of this action. Mot. 2; Opp'n 4–5. As such, Arista had to redesign its
9  products multiple times after the filing of the original complaint. *See* Opp'n 4–5. Of course, the
10 original complaint could not have pled the redesigned products which did not exist at the time of
11 filing, and Arista could not have pled sales of redesigned switches until it actually sold those
12 switches in the market. Regarding the '944 orders, the Customs and Border Protection ("CBP")
13 ruled on April 7, 2017 in an *inter partes* proceeding that certain redesigned switches were not
14 covered by the '944 orders. ECF 116-2; Opp'n 4. However, on May 4, 2017, a few days before
15 the deadline to amend pleadings, the ITC issued the '945 orders which further barred Arista's
16 switches beginning 60 days later. Mot. 2; Opp'n 5. Thereafter, on October 12, 2017, the CBP
17 confirmed that Arista's products which were redesigned to overcome the '945 orders will be
18 permitted to be imported unless the ITC rules otherwise. FAC ¶ 104; Opp'n 5. That confirmation
19 occurred two days after the Court issued its October 10, 2017 Order.

20 In light of the sequence of events, it was not unreasonable for Arista to add allegations
21 regarding the sales of redesign products when it filed its FAC on October 31, 2017.

22 More importantly, on October 10, 2017, the Court held for the first time that the complaint
23 did not plead the existence of antitrust injury after the ITC orders went into effect due to the lack
24 of allegations regarding the sales of redesigned products. Order 14. Arista asserts that it
25 previously believed that it had standing based on "ongoing participation in the market with
26 *redesigned products*, even in light of the ITC's limited exclusion order." Opp'n 2 (emphasis
27 added) (quoting Opp'n to Cisco's Original Mot. to Dismiss, ECF 116 at 7). Thus, when the Court
28 rejected Arista's position for the first time, it was reasonable for Arista to then attempt to cure the

6

missing allegations regarding the sales of redesigned products after the Order issued.

Under the above circumstances, the Court concludes that Arista did not unreasonably delay amending the complaint to allege sales of redesigned products.

### b. Prejudice

Although Rule 16(b)'s "good cause" standard primarily considers diligence of the party seeking the amendment, the Court may take into account any resulting prejudice to the opposing party. *See W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (quoting *Johnson*, 975 F.2d at 609). Here, Cisco argues that adding Arista's redesigned products to this case would be highly prejudicial to Cisco because fact discovery has closed. Mot. 9. According to Cisco, Arista has repeatedly taken the position that the "redesigned products are not relevant, and denied Cisco the relevant discovery." *Id.* Arista responds that it "properly objected to providing discovery about the *technical operation* of its redesigned products" given the "irrelevance of patent infringement" regarding Arista's standing. Opp'n 2 (emphasis in original). Contrary to Cisco's assertions, Arista represents that it has provided discovery concerning the *sales* of the redesigned products. *Id.*

The Court has reviewed the parties' 2016 discovery dispute on which Cisco extensively relies to argue that Arista took the position that redesigned products were irrelevant in this case. *See* Mot. 5–6. That dispute occurred before the '944 orders went into effect. Cisco had challenged Arista's antitrust standing in light of the ITC's initial determination that Arista's original switches infringed Cisco's patents. ECF 48. Because Arista raised the possibility that it could redesign its switches, Cisco sought to discover information on the "alleged workarounds" to determine whether the "workarounds" infringed its patents. ECF 82 at 4.

Arista responded by arguing that the requested information was irrelevant because it already had standing based on its past participation in the market. *Id.* at 2. In Arista's view, the purpose of Cisco's discovery request was to circumvent the ITC's procedure and obtain information which Cisco was not yet entitled to receive in the ITC proceeding. *Id.* at 1. Magistrate Judge Cousins agreed with Arista and denied Cisco's discovery request for information regarding the redesigned products. ECF 88 at 20.

The record shows that the purpose of Cisco's request was to discover information on whether the purported "workarounds" infringe Cisco's patents as part of its challenge to Arista's antitrust standing. *See, e.g.*, ECF 82. In fact, Cisco acknowledges that the parties' discovery dispute "regarding the redesigned products is, and has always been, whether [those products] have actually been redesigned to comply with the ITC orders." Reply 7.

In light of Cisco's purpose to learn about the redesigned products, the Court finds that the failure to obtain discovery on whether Arista's redesigned products infringe Cisco's patents will not prejudice Cisco. First, the Court ruled that patent infringement cannot defeat Arista's antitrust standing. ECF 205. Hence, the fact that Cisco was unable to obtain information which it had sought to determine patent infringement does not harm Cisco. Second, whether Arista's products comply with the ITC orders is an issue not properly before the Court. Even if Cisco obtained discovery and attempted to show non-compliance with the ITC orders, those attempts would have had little bearing in this case.

Moreover, Arista represents that it has provided information on the sales of redesigned products to Cisco. Opp'n 2. Cisco counters that sales data is irrelevant because that information does not allow Cisco to determine whether the redesigned switches comply with the ITC orders. Reply 7. However, as discussed above, the issue of compliance with the ITC orders is of no moment to the Court. Cisco also asserts that the sales data it has received from Arista does not identify sales of redesigned products. Reply 7 n.4. This concern may be more properly addressed as a motion to reopen discovery to request the needed evidence.

Accordingly, the Court does not observe sufficient prejudice to Cisco that prevents a finding of "good cause" under Rule 16(b).

### c. Conclusion

For the foregoing reasons, Arista did not unreasonably delay amending the complaint to allege the sales of redesigned products and such an amendment would not prejudice Cisco. The Court therefore finds that good cause exists under Rule 16(b).

### ii. Arista's Amendment is Proper Under Rule 15

If a party seeking to amend the complaint establishes "good cause," the party must also

show that the amendment is proper under Rule 15. *See Rodarte*, 2015 WL 5440788, at *2 (citing *Johnson,* 975 F.2d at 608). Under the liberal standard set forth in Rule 15, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607. Not all factors carry equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

As discussed above, the Court does not observe prejudice to Cisco. Previously, upon challenging Arista's antitrust standing, Cisco unsuccessfully sought discovery to determine whether Arista's redesigned products infringe Cisco's patents. However, as the Court ruled, patent infringement does not defeat antitrust standing. ECF 205. Thus, that Cisco was unable to obtain information which it sought to show lack of standing based on patent infringement does not prejudice Cisco. Moreover, Arisa represents that it has provided information on the sales of redesigned products to Cisco. Opp'n 9.

The Court next considers the remaining factors under Rule 15, and finds that the presumption in favor of granting leave to amend applies. As discussed above in relation to the Rule 16's good cause standard, Arista has not unduly delayed in amending the complaint to allege sales of the redesigned products. The amendment also is not futile because the allegations adequately plead that Arista has sold redesigned products after the ITC orders went into effect. FAC ¶¶ 103–04.

The Court also does not find that Arista seeks the amendment in bad faith. Cisco asserts Arista repeatedly argued that the redesigned products were not relevant and refused to provide discovery regarding those products. Mot. 7. In Cisco's view, Arista now takes an opposite position after fact discovery has closed by adding allegations based on the sales of redesigned products. *Id.* at 8. To be sure, in opposing Cisco's discovery request, Arista has stated that its redesigned products were not relevant and that it does not rely on those products for antitrust standing. *See, e.g.*, ECF 82 at 2; ECF 91 at 3–4. But when reading those statements in context,

the Court does not find that Arista had an ill motive to delay discovery and later allege the redesigned products once fact discovery closed.  Rather, Arista was opposing discovery because Arista believed that Cisco was not seeking relevant information under Rule 26 because Arista already had demonstrated standing based on its sales of original switches.  ECF 91 at 3.  Also, Arista objected to discovery because it thought Cisco was improperly using the Court's process to circumvent the ITC's procedure and obtain information which Cisco was not yet entitled to receive in the ITC proceeding.  ECF 82.  Magistrate Judge Cousins agreed with Arista.  ECF 88 at 20.  Once the Court held for the first time that the complaint did not plead the existence of antitrust injury after the ITC orders went into effect, Arista amended the complaint to explicitly allege sales of redesigned products.

Cisco also complains that on the last day of fact discovery, Arista supplemented its response to Cisco's Interrogatory No. 8 by referencing allegations in paragraphs 102 to 104 of the FAC and "customs letters, Federal Circuit decision, and other rulings references therein" but did not provide "any information about [Arista's] redesigned products." Mot. 5 (citing Ex. A to Seddon Decl. in Supp. of Mot., ECF 169-2).  Interrogatory No. 8 requests the factual and legal bases for Arista's contention that "it will not be precluded from selling switches . . . upon the issuance of an [ITC order]."  Ex. A to Seddon Decl. in Supp. of Mot.  Arista's supplemental response to the interrogatory incorporates the FAC's allegations that state how Arista allegedly sells redesigned products despite the issuance of the ITC orders.[1]  *Id.*  By looking at the interrogatory and response, the Court is unable to conclude that Arista acted in bad faith when it refused discovery regarding the redesigned products.

Accordingly, all of the Rule 15(a) factors weigh in favor of granting Arista's amendment.  The Court therefore concludes that Arista's amendment satisfies the requirements of Rule 15(a) and allows Arista to allege paragraphs 102 to 104 of the FAC.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Arista's request for leave to

---

[1] Whether Arista's supplemental response was inadequate is not an issue before the Court.

permit the amendment of paragraphs 102 to 104 of the first amended complaint is GRANTED. Because there is good cause to allow Arista's amendment, Cisco's Motion to Strike paragraphs 102 to 104 of the first amended complaint is DENIED.

**IT IS SO ORDERED.**

Dated: February 21, 2018

_____
BETH LABSON FREEMAN
United States District Judge