| | |
|---|---|
| John M. Desmarais (*admitted pro hac vice*) | Sarah E. Piepmeier (SBN 227094) |
| jdesmarais@desmaraisllp.com | sarah.piepmeier@kirkland.com |
| Paul A. Bondor (*admitted pro hac vice*) | KIRKLAND & ELLIS LLP |
| pbondor@desmaraisllp.com | 555 California Street, 27th Floor |
| Alan S. Kellman (*admitted pro hac vice*) | San Francisco, CA 94104 |
| akellman@desmaraisllp.com | Telephone: (415) 439-1400 |
| Andrew G. Heinz (*admitted pro hac vice*) | Facsimile: (415) 439-1500 |
| aheinz@desmaraisllp.com | |
| Tamir Packin (SBN 317249) | |
| tpackin@desmaraisllp.com | |
| Jeffrey S. Seddon II (SBN 297502) | |
| jseddon@desmaraisllp.com | |
| Brian Leary (*admitted pro hac vice*) | |
| bleary@desmaraisllp.com | |
| William D. Findlay (*admitted pro hac vice*) | |
| wfindlay@desmaraisllp.com | |
| Carson Olsheski (*admitted pro hac vice*) | |
| colsheski@desmaraisllp.com | |

DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

*Attorneys for Defendant Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No. 5:16-cv-00923-BLF (SVK) <br><br> **DECLARATION OF JEFFREY S. SEDDON, II, IN SUPPORT OF DEFENDANT CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** <br><br> Judge: Hon. Beth Labson Freeman |


## DECLARATION OF JEFFREY S. SEDDON, II

I, Jeffrey S. Seddon, II, declare that:

1. I am an attorney at the law firm Desmarais LLP, counsel for defendant Cisco Systems, Inc. ("Cisco.")  I am a member in good standing of the bars of California and New York and am admitted to this Court.  I am fully familiar with the facts set forth below and could testify competently thereto if called upon to do so.  I make this declaration in support of Cisco's Administrative Motion for Leave to File Documents Under Seal.

2. Exhibit[1] A1 is a copy of excerpts from the transcript of the February 15, 2018, deposition of Fiona Scott Morton, Ph.D., which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding.  Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A1 in its entirety.

3. Exhibit A2 is a copy of excerpts from the transcript of the February 20, 2018, deposition of John R. Black, Ph.D., which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding.  Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A2 in its entirety.

4. Exhibit A5 is a copy of the Final CLI Agreement between Huawei Technologies Co., Ltd.; Cisco; and 3COM Corp. in *Cisco Systems, Inc. v. Huawei Technologies, Co.*, No. 2-03-CV-027 (E.D. Tex.). It reflects confidential Cisco business information regarding the terms on which Cisco, as well as third-parties, settled a litigation regarding its copyrighted user interface.  Cisco therefore requests that the Court seal Exhibit A5 in its entirety.

---

[1] "Exhibit" refers to exhibits to the Declaration of Jeffrey S. Seddon, II in Support of Cisco's Motion for Summary Judgment.

5. Exhibit A6 is a copy of the Expert Report of Fiona Scott Morton, Ph.D., dated December 18, 2017, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista Networks, Inc. under the protective order applicable in this proceeding, as well as material that Arista designated highly confidential under the protective order applicable in the litigation captioned *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 5:14-cv-05344-BLF (N.D. Cal.) (the "CLI litigation"). Dr. Scott Morton's report also contains highly confidential Cisco information, including excerpts from the depositions of Cisco's Senior Vice President and General Counsel, Operations Manager, Senior Vice President of Global Data Center/Virtualization, Senior Vice President of Marketing, and a number of account managers, in which Cisco's internal analysis of the Ethernet switch markets, internal analyses of competitors, internal discussions regarding Cisco's competitive responses, Cisco's transactions with customers, and product development, as well as Cisco's internal policies, decisions, and communications were discussed. Cisco should be able to keep these assessments confidential. This information has independent economic value and Cisco has demonstrated both its desire and concerted efforts to keep this information confidential. Furthermore, public disclosure of this information would likely "harm [Cisco's] competitive standing" because competitors could exploit this information by anticipating and countering Cisco's competitive strategies and exploiting the confidential information in their own product development and marketing plans. *See Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). Cisco therefore requests that the Court seal Exhibit A6 in its entirety.

6. Exhibit A10 contains the March 1, 2018 Declaration of Dennis W. Carlton and the February 2, 2018, Expert Report of Dennis Carlton, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Cisco, in part because it contains information from documents produced by Arista that were designated highly confidential, including internal billings data, internal correspondence, third-party market data, and deposition testimony from Arista witnesses. Exhibit G

also contains highly confidential Cisco information, including information from Cisco internal financial data and information regarding Cisco's business strategies regarding its customers, competition, and product development. That confidential information is derived from Cisco internal documents and emails, as well as testimony from numerous Cisco witnesses, including Cisco's General Counsel, Senior Vice Presidents responsible for global data center sales and technical marketing, and numerous others, including account managers with knowledge of Cisco's practices with regard to specific customers. Furthermore, the Carlton Report relies upon third-party confidential market data and third-party confidential analyst reports purchased by Cisco. Cisco's confidential information has independent economic value and Cisco has demonstrated both its desire and concerted efforts to keep this information confidential. Furthermore, public disclosure of this information would likely "harm [Cisco's] competitive standing" by allowing competitors to determine Cisco sales patterns and exploit the confidential information in their own product development and marketing plans. *See Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). Cisco therefore requests that the Court seal Exhibit A10 in its entirety.

7.     Exhibit A11 is a copy of excerpts from the transcript from the February 12, 2016, deposition of Kenneth Duda in *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 14-cv-5344-BLF, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in the CLI litigation. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A11 in its entirety.

8.     Exhibit A12 is a copy of excerpts from the transcript from the February 25, 2016, deposition of Jayshree Ullal in *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 14-cv-5344-BLF, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in the CLI litigation. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A12 in its entirety.

9. Exhibit A28 is a copy of Exhibit 192 to the November 17, 2017, deposition of Mark Chandler. It is a sensitive and confidential exchange of communication between Mark Chandler, Cisco's General Counsel, and a Cisco supplier. Public disclosure of this information would likely "harm [Cisco's] competitive standing" by allowing competitors to uncover information regarding supplier preferences that are not public and Cisco's relationship with its supplier. *See Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). Cisco therefore requests that the Court seal Exhibit A28 in its entirety.

10. Exhibit A50 is a copy of a document produced by Cisco in this litigation, bearing the production number CSI-ANI-00744973. It contains confidential internal Cisco communications, including sensitive internal policies and strategies regarding litigation. Cisco therefore requests that the Court seal Exhibit A50 in its entirety.

11. Exhibit A51 is a copy of a confidential internal Cisco communication from a Cisco executive to his sales team, produced with the production number CSI-ANI-00744973. It discloses sensitive internal policies and strategies regarding a litigation other than the CLI litigation and Cisco's competitive strategies regarding customers. Exhibit A51 also includes attachments to the internal email, specifically two draft documents regarding Cisco's positions in a litigation other than the CLI litigation. Cisco therefore requests that the Court seal Exhibit A51 in its entirety.

12. Exhibit A53 is a copy of excerpts from the transcript of the November 7, 2017, deposition of Anshul Sadana, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A53 in its entirety.

13. Exhibit A54 is a copy of Plaintiff Arista Networks, Inc.'s Objections and Fifth Supplemental Response to Defendant Cisco Systems, Inc.'s First Set of Interrogatories, dated November 9, 2017, which Arista has designated "Highly Confidential – Outside Attorneys' Eyes

Only" under the protective order applicable in this proceeding.  Exhibit A4 also cites to Cisco confidential information Arista received through discovery in this litigation. Cisco therefore requests that the Court seal page 14, line 18; page 15, lines 14-18; portions of page 16, lines 9-27; portions of page 17, lines 1-26; portions of page 18, lines 4-27; portions of page 19, lines 1-6; page 19, lines 16-22; page 20, line 27; page 21, lines 20-23; page 22, lines 16-17; portions of page 24, lines 4-14; portions of page 25, lines 6-8; portions of page 27, lines 4-14; portions of page 28, lines 17-27; portions of page 29, lines 1-2; portions of page 29, lines 16-24; page 30, line 1; page 30, lines 11-14; page 31, chart; page 32, chart; portions of page 32, lines 15-23; portions of page 33, lines 5-6; page 33, chart; page 34, chart; page 35, chart, according to Civ. L.R. 79-5(e), on the basis that those are the portions which Arista has identified as highly confidential.

14. Exhibit A57 is a copy of excerpts from the transcript of the October 23, 2017, deposition of Mark Foss, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding.  Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A57 in its entirety.

15. Exhibit A63 is a copy of excerpts from the transcript of the November 3, 2017, deposition of Frank Palumbo. Mr. Palumbo is the Senior Vice President of Data Center and Collaboration Architecture Sales at Cisco. The excerpts in Exhibit A63 include discussions of confidential internal communications and information regarding Cisco's business strategies, including Cisco's information strategy, sales strategies, and understanding of customer requirements.  Cisco's confidential information has independent economic value and Cisco has demonstrated both its desire and concerted efforts to keep this information confidential.  Furthermore, public disclosure of this information would likely "harm [Cisco's] competitive standing" by allowing competitors to exploit the confidential information regarding Cisco's assessment of customer requirements in their own

product development and marketing plans. *See Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978). Cisco therefore requests that the Court seal Exhibit A63 in its entirety.

16. Exhibit A64 is a copy of excerpts from the transcript of the June 30, 2016, deposition of John R. Black, Ph.D., which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in the CLI litigation. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A64 in its entirety.

17. Exhibit A68 is a chart summarizing data contained within a large spreadsheet produced by Arista in this litigation as ARISTA923_10000212. ARISTA923_10000212 was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A68 in its entirety.

18. Exhibit A69 is a copy of excerpts from the transcript of the December 1, 2017, deposition of Christophe Metivier, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A69 in its entirety.

19. Exhibit A70 is a copy of excerpts from the transcript of the November 29, 2017, deposition of Ita Brennan, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A70 in its entirety.

20. Exhibit A73 is a copy of Exhibit 1267 to the November 29, 2017, deposition of Kevin McCabe, which was designated "Highly Confidential – Outside Attorneys' Eyes Only" by Arista under the protective order applicable in this proceeding. Cisco therefore requests, according to Civ. L.R. 79-5(e), that the Court seal Exhibit A73 in its entirety.

21. Cisco also seeks to file page 4, lines 22-23; page 5, lines 13-14; page 6, lines 4-6; page 9, lines 1-2; page 11, line 4; page 11, line 6; page 11, line 14-15; page 11, lines 15-16; page 12, lines 5-6; page 13, lines 26-27; page 16, lines 23-24; page 19, lines 12-13; page 19, line 24; page 20, lines 7-9; page 21, lines 17-19; page 21, lines 24-25; page 22, line 13; page 22, lines 17-19; page 22, lines 20-21; page 22, lines 24-26; page 24, line 13; page 24, line 14; and page 24, line 18 of its Motion for Summary Judgment under seal. The indicated portions quote, paraphrase, and refer to information from Exhibits A1, A6, A10, A28, A53, A57, A64, A69, A73 and should be sealed for the reasons stated above.

22. The designations of Cisco's confidential information have been narrowly tailored so as to prevent only that confidential information from being disclosed to the public. No less restrictive means exist in order to protect Cisco's confidential and private business information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed in New York, New York, on the 1st day of March, 2018.

*/s/ Jeffrey S. Seddon, II /s/*
Jeffrey S. Seddon, II