John M. Desmarais (*admitted pro hac vice*)
jdesmarais@desmaraisllp.com
Paul A. Bondor (*admitted pro hac vice*)
pbondor@desmaraisllp.com
Alan S. Kellman (*admitted pro hac vice*)
akellman@desmaraisllp.com
Andrew G. Heinz (*admitted pro hac vice*)
aheinz@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Jeffrey S. Seddon II (SBN 297502)
jseddon@desmaraisllp.com
Brian Leary (*admitted pro hac vice*)
bleary@desmaraisllp.com
William D. Findlay (*admitted pro hac vice*)
wfindlay@desmaraisllp.com
Carson Olsheski (*admitted pro hac vice*)
colsheski@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Sarah E. Piepmeier (SBN 227094)
sarah.piepmeier@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Defendant Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No. 5:16-cv-00923-BLF-SVK <br><br> **CISCO'S AMENDED ANSWER TO ARISTA'S AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Cisco Systems, Inc. ("Cisco"), by and through its undersigned counsel, hereby responds to Arista Networks, Inc.'s ("Arista's") Amended Complaint For Antitrust And Unfair Competition ("Complaint") as follows:

## NATURE OF THE ACTION[1]

1. Cisco admits that the Complaint purports to set forth an action under Section 2 of the Sherman Act, 15 U.S.C. § 2, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, but denies that there are any factual or legal bases for Arista's claims.

2. Cisco denies the allegations in the first and third sentences of paragraph 2 of the Complaint. Regarding the second sentence, Cisco admits that vigorous competition benefits the economy, but Cisco lacks information or knowledge sufficient to form a belief as to any remaining allegations and therefore denies them.

3. Cisco denies the allegations in paragraph 3 of the Complaint.

4. Cisco denies the allegations in paragraph 4 of the Complaint.

## PARTIES

5. Cisco admits that Arista is a Delaware corporation with a principal place of business at 5453 Great America Parkway, Santa Clara, CA 95054.

6. Cisco admits that it is a California corporation with a principal place of business at 170 West Tasman Drive, San Jose, California 95134.

## JURISDICTION AND VENUE

7. Cisco admits that the Complaint purports to set forth an action arising under Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 16 of the Clayton Act, 15 U.S.C. § 26, and admits that the Court has subject-matter jurisdiction over this action, but denies that there are any factual or legal bases for Arista's claims.

---

[1] The headings and sub-headings in the Complaint are not allegations to which a response is necessary. Nonetheless, for the purpose of clarity, Cisco denies the assertions made or implied in all headings and sub-headings.

8. Cisco admits that the Court has supplemental subject-matter jurisdiction over the claim in Count 3 of the Complaint in this action, but denies that there are any factual or legal bases for Arista's claims.

9. Cisco admits that it has its principal place of business in this District, that it is subject to personal jurisdiction in this District, and that venue is proper in this District for the purposes of this action only. Cisco denies the remaining allegations in Complaint paragraph 9.

## INTERSTATE COMMERCE

10. Cisco denies the allegations in paragraph 10 of the Complaint.

## BACKGROUND FACTS

11. Cisco admits that Ethernet switches, when used with other components, may connect computers, servers, storage, and other devices together to form a network and that networks may be connected through routers, when used in conjunction with other components. Cisco denies the remaining allegations in paragraph 11 of the Complaint.

12. Cisco admits that switches and routers are building blocks for business communications. Cisco lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies them.

13. Cisco denies the allegations in paragraph 13 of the Complaint.

14. Cisco denies the allegations in paragraph 14 of the Complaint.

15. Cisco denies the allegations in paragraph 15 of the Complaint.

16. Cisco admits that Ethernet switches operate at various speeds and that Ethernet switches may be used in data centers and may be used, in concert with other networking components, to support cloud services. Cisco denies the remaining allegations in paragraph 16 of the Complaint.

17. Cisco denies the allegations in paragraph 17 of the Complaint.

18. Cisco admits that public documents indicate that Arista was founded in 2004 and released its first product in 2008. Cisco denies the remaining allegations in paragraph 18 of the Complaint.

19. Cisco denies the allegations in paragraph 19 of the Complaint.

20. Cisco admits that it invested in the launch and acquisition of a spin-in called Insieme Networks led by Cisco engineers. Cisco denies the remaining allegations in paragraph 20 of the Complaint.

21. Cisco denies the allegations in paragraph 21 of the Complaint.

22. Cisco denies the allegations in paragraph 22 of the Complaint.

23. Cisco lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 23 of the Complaint and therefore denies them. Cisco denies the remaining allegations in paragraph 23 of the Complaint.

24. Cisco admits that other command line interfaces existed before Cisco created its own, copyrighted CLI for its Ethernet switches. Cisco denies the remaining allegations in paragraph 24 of the Complaint.

25. Cisco denies the allegations in paragraph 25 of the Complaint.

26. Cisco denies the allegations in paragraph 26 of the Complaint.

27. Cisco denies the allegations in paragraph 27 of the Complaint.

28. Cisco denies the allegations in paragraph 28 of the Complaint.

29. Cisco denies the allegations in paragraph 29 of the Complaint.

30. Cisco denies the allegations in paragraph 30 of the Complaint.

31. Cisco admits that it has not offered Arista a license to its copyrights in the IOS CLI, but denies the remaining allegations in paragraph 31 of the Complaint.

32. Cisco denies the allegations in paragraph 32 of the Complaint.

**RELEVANT MARKETS**

33. Cisco admits that Ethernet switches may be used as one component of modern local area networks and may be used to enable network components to communicate, but denies the remaining allegations in paragraph 33 of the Complaint.

34. Cisco denies the allegations in paragraph 34 of the Complaint.

35. Cisco denies the allegations in paragraph 35 of the Complaint.

36. Cisco admits that Ethernet switches may transfer information using physical addresses and that routers may transfer information using virtual addresses and that certain network components

may incorporate both switching and routing functionality, but denies the remaining allegations in paragraph 36 of the Complaint.

37. Cisco denies the allegations in paragraph 37 of the Complaint.
38. Cisco denies the allegations in paragraph 38 of the Complaint.
39. Cisco denies the allegations in paragraph 39 of the Complaint.
40. Cisco denies the allegations in paragraph 40 of the Complaint.
41. Cisco denies the allegations in paragraph 41 of the Complaint.
42. Cisco denies the allegations in paragraph 42 of the Complaint.
43. Cisco denies the allegations in paragraph 43 of the Complaint.
44. Cisco denies the allegations in paragraph 44 of the Complaint.
45. Cisco denies the allegations in paragraph 45 of the Complaint.
46. Cisco denies the allegations in paragraph 46 of the Complaint.
47. Cisco denies the allegations in paragraph 47 of the Complaint.
48. Cisco denies the allegations in paragraph 48 of the Complaint.
49. Cisco denies the allegations in paragraph 49 of the Complaint.
50. Cisco denies the allegations in paragraph 50 of the Complaint.

**BARRIERS TO ENTRY**

51. Cisco denies the allegations in paragraph 51 of the Complaint.
52. Cisco denies the allegations in paragraph 52 of the Complaint.
53. Cisco denies the allegations in paragraph 53 of the Complaint.
54. Cisco denies the allegations in paragraph 54 of the Complaint.
55. Cisco denies the allegations in paragraph 55 of the Complaint.
56. Cisco denies the allegations in paragraph 56 of the Complaint.
57. Cisco denies the allegations in paragraph 57 of the Complaint.

**ALLEGED SCHEME OF ANTICOMPETITIVE CONDUCT**

58. Cisco denies the allegations in paragraph 58 of the Complaint.

59. Cisco admits that there are Ethernet switches that may be configured, monitored, and debugged via a command line interface. Cisco denies the remaining allegations in paragraph 59 of the Complaint.

60. Cisco admits that Digital Equipment Corporation's TOPS-20 operating system had a command line interface that customers may have used. Cisco lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint and therefore denies them.

61. Cisco admits that the UNIX operating system had a command line interface that customers may have used. Cisco lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the Complaint and therefore denies them.

62. Cisco denies the allegations in paragraph 62 of the Complaint.

63. Cisco denies the allegations in paragraph 63 of the Complaint.

64. Cisco denies the allegations in paragraph 64 of the Complaint.

65. Cisco denies the allegations in paragraph 65 of the Complaint.

66. Cisco denies the allegations in paragraph 66 of the Complaint.

67. Cisco admits that the Internet Engineering Task Force ("IETF") publishes standards regarding a number of areas that do not include command line interfaces and that Cisco has made submissions to the IETF regarding different technologies, both for standards track documents and for non-standards track documents. Cisco denies the remaining allegations in paragraph 67 of the Complaint.

68. Cisco denies the allegations in paragraph 68 of the Complaint.

69. Cisco denies the allegations in paragraph 69 of the Complaint.

70. Cisco denies the allegations in paragraph 70 of the Complaint.

71. Cisco denies the allegations in the first sentence of paragraph 71 of the Complaint. Cisco lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint and therefore denies them.

72. Cisco denies the allegations in paragraph 72 of the Complaint.

73. Cisco denies the allegations in paragraph 73 of the Complaint.

74. Cisco denies the allegations in paragraph 74 of the Complaint.

75. Cisco denies the allegations in paragraph 75 of the Complaint.

76. Cisco admits that a network engineer may write scripts that incorporate CLI commands to automatically configure Ethernet switches, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of the Complaint and therefore denies them.

77. Cisco admits that Cisco Technology, Inc. is the original assignee of U.S. Patent No. 7,953,886, which is a patent for a "method and system of receiving and translating CLI command data within a routing system," but denies the allegations in paragraph 77 of the Complaint.

78. Cisco admits that the CiscoWorks Network Compliance Manager and Tail-f Network Control System can be used in connection with the configuration of multi-vendor networks but denies the remaining allegations in paragraph 78 of the Complaint.

79. Cisco admits that the Tail-f Network Control System can be used in connection with the configuration of multi-vendor networks but denies the remaining allegations in paragraph 79 of the Complaint.

80. Cisco denies the allegations in paragraph 80 of the Complaint.

81. Cisco denies the allegations in paragraph 81 of the Complaint.

82. Cisco denies the allegations in paragraph 82 of the Complaint.

83. Cisco denies the allegations in paragraph 83 of the Complaint.

84. Cisco denies the allegations in paragraph 84 of the Complaint.

85. Cisco denies the allegations in paragraph 85 of the Complaint

86. Cisco denies the allegations in paragraph 86 of the Complaint.

87. Cisco denies the allegations in paragraph 87 of the Complaint.

88. Cisco denies the allegations in paragraph 88 of the Complaint.

89. Cisco denies the allegations in paragraph 89 of the Complaint.

### ALLEGED HARM TO CONSUMERS

90. Cisco denies the allegations in paragraph 90 of the Complaint.

91. Cisco denies the allegations in paragraph 91 of the Complaint.

92. Cisco denies the allegations in paragraph 92 of the Complaint.

93. Cisco denies the allegations in paragraph 93 of the Complaint.

94. Cisco denies the allegations in paragraph 94 of the Complaint.

95. Cisco denies the allegations in paragraph 95 of the Complaint.

96. Cisco denies the allegations in paragraph 96 of the Complaint.

97. Cisco denies the allegations in paragraph 97 of the Complaint.

98. Cisco denies the allegations in paragraph 98 of the Complaint.

**BUSINESS JUSTIFICATION**

99. Cisco denies the allegations in paragraph 99 of the Complaint.

100. Cisco denies the allegations in paragraph 100 of the Complaint.

101. Cisco admits that it contributes to the IETF, on both standards track and non-standards track documents, but denies that any of its submissions failed to follow applicable policies and denies the remaining allegations in paragraph 101 of the Complaint.

**ALLEGED PARTICIPATION IN THE MARKET**

102. Cisco admits that public documents indicate that Arista was founded in 2004 and released its first product in 2008, but denies that Arista is lawfully in the market for Ethernet switches in the United States. Cisco lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 102 of the Complaint and therefore denies them.

103. Cisco admits that Arista's products are subject to a Limited Exclusion Order and a Cease and Desist Order, effective August 22, 2016, as a result of the International Trade Commission's Investigation No. 337-TA-944, *Certain Network Devices, Related Software and Components Thereof (I)* and admits that the Limited Exclusion Order and Cease and Desist Order do not apply to Arista's ability to sell products outside of the United States. Cisco further admits that Arista has claimed to have redesigned its Ethernet switch products with regard to the patents that Arista was found to have infringed in the 944 Investigation and that Arista's claim is currently being adjudicated before the International Trade Commission. Cisco denies that Arista is lawfully in the market for Ethernet switches in the United States and denies the remaining allegations in paragraph 103 of the Complaint.

104.   Cisco admits that Arista's products are subject to a Limited Exclusion Order and a Cease and Desist Order, effective May 4, 2017, as a result of the International Trade Commission's Investigation No. 337-TA-945, *Certain Network Devices, Related Software and Components Thereof (II)* and admits that the Limited Exclusion Order and Cease and Desist Order do not apply to Arista's ability to sell products outside of the United States.  Cisco further admits that Arista has claimed to have redesigned its Ethernet switch products with regard to the patents that Arista was found to have infringed in the 945 Investigation, that Arista's claim is currently being adjudicated before the International Trade Commission, and that the allegedly redesigned products were exempted from the Limited Exclusion Order and Cease and Desist Order in the 945 Investigation by U.S. Customs and Border Protection as of October 12, 2017, although not from the Limited Exclusion Order and Cease and Desist Order in the 944 Investigation.  Cisco denies that Arista is lawfully in the market for Ethernet switches in the United States and denies the remaining allegations in paragraph 104 of the Complaint.

**ALLEGED ANTITRUST INJURY**

105.   Cisco admits that Arista has made sales into customer environments where Cisco was the predominant vendor in the customer's network infrastructure but denies the remaining allegations in paragraph 105 of the Complaint.

106.   Cisco denies the allegations in paragraph 106 of the Complaint.

107.   Cisco denies the allegations in paragraph 107 of the Complaint.

108.   Cisco denies the allegations in paragraph 108 of the Complaint.

109.   Cisco denies the allegations in paragraph 109 of the Complaint.

**IMMUNITY**

110.   Cisco denies the allegations in paragraph 110 of the Complaint.

111.   Cisco denies the allegations in paragraph 110 of the Complaint.

**CLAIMS FOR RELIEF**

**COUNT 1: SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**

112.   Cisco incorporates its responses to the allegations contained in paragraphs 1–111 as set forth above.

113. Cisco denies the allegations in paragraph 113 of the Complaint.

114. Cisco denies the allegations in paragraph 114 of the Complaint.

115. Cisco denies the allegations in paragraph 115 of the Complaint.

116. Cisco denies the allegations in paragraph 116 of the Complaint.

117. Cisco denies the allegations in paragraph 117 of the Complaint.

118. Cisco denies the allegations in paragraph 118 of the Complaint.

**COUNT 2: SHERMAN ACT § 2: ATTEMPTED MONOPOLIZATION**

119. Cisco incorporates its responses to the allegations contained in paragraphs 1–111 as set forth above.

120. Cisco denies the allegations in paragraph 120 of the Complaint.

121. Cisco denies the allegations in paragraph 121 of the Complaint.

122. Cisco denies the allegations in paragraph 122 of the Complaint.

123. Cisco denies the allegations in paragraph 123 of the Complaint.

124. Cisco denies the allegations in paragraph 124 of the Complaint.

125. Cisco denies the allegations in paragraph 125 of the Complaint.

**COUNT 3: VIOLATION OF § 17200**

**OF THE CALIFORNIA BUSINESS AND PROFESSIONAL CODE**

126. Cisco incorporates its responses to the allegations contained in paragraphs 1–111 as set forth above.

127. Cisco denies the allegations in paragraph 127 of the Complaint.

128. Cisco denies the allegations in paragraph 128 of the Complaint.

129. Cisco denies the allegations in paragraph 129 of the Complaint.

130. Cisco denies the allegations in paragraph 130 of the Complaint.

131. Cisco denies the allegations in paragraph 131 of the Complaint.

132. Cisco denies the allegations in paragraph 132 of the Complaint.

133. Cisco admits that the Complaint includes a request for injunctive relief, but Cisco denies that Arista has any factual or legal basis for its claims and denies that Arista is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

Cisco denies that Arista is entitled to any relief, either as prayed for in the Complaint or otherwise.

## GENERAL DENIAL

Cisco further denies each and every allegation contained in the Complaint to which Cisco has not specifically admitted, denied, or otherwise responded herein. Cisco denies that the headers and sub-headers in the Complaint, such as those preceding paragraphs 20, 23, 33, 41, 50, 51, 58, 59, 66, 83, 90, 99, 102, 105, 110, 112, 119, and 126, are allegations requiring an answer; to the extent that Arista contends they are, Cisco denies them.

## CISCO'S DEFENSES

Cisco asserts the following defenses in response to the allegations of Arista's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

## FIRST DEFENSE

134.   Arista's claims are barred, in whole or in part, because the alleged conduct—including without limitation the 2014 federal lawsuits and International Trade Commission investigations brought by Cisco against Arista as well as Cisco's statements within the industry regarding these actions—is protected conduct under the *Noerr-Pennington* doctrine and the First Amendment of the United States Constitution.

## SECOND DEFENSE

135.   Arista's claims are barred, in whole or in part, by the doctrines of claim and issue preclusion. Cisco sued Arista for, *inter alia*, copyright infringement based on Arista's copying of Cisco's CLI in the United States District Court for the Northern District of California in a litigation captioned *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 5:14-cv-5344-BLF. During the copyright litigation, Arista contended, *inter alia*, it did not copy Cisco's CLI, Cisco's CLI is not original, that Cisco's CLI is not protectable, and that it was protected by the doctrines of scènes à faire, merger, and words and short phrases. The copyright litigation resulted in a jury verdict, which included findings that Cisco proved Arista infringed Cisco's user interfaces and that Arista had not proven abandonment,

copyright misuse, fair use, or merger, as well as a finding for Arista on the doctrine of scènes à faire. Arista is thus barred from contending in this litigation that it did not infringe Cisco's user interfaces, that it did not copy Cisco's CLI, that Cisco's CLI is not original, and that Cisco's CLI is not protectable.

## THIRD DEFENSE

136. Arista's claims are barred, in whole or in part, by the relevant statutes of limitations. Section 2 of Sherman Act sets forth a four year statute of limitations, 15 U.S.C. § 15b, as does California's Unfair Competition Law. Cal. Bus. & Prof. Code § 17208.

## PRAYER FOR RELIEF

WHEREFORE, Cisco seeks the following relief:

A. Dismissal with prejudice of Arista's Complaint in its entirety;

B. Denial of all remedies sought by Arista in the Complaint;

C. Declaration that Cisco's conduct does not and has not violated Section 2 of Sherman Act or Section 17200 of the California Business and Professional Code as alleged in the Complaint;

D. That Cisco be granted its costs and expenses in this action, including reasonable attorneys' fees;

E. That Cisco be granted additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Cisco demands a trial by jury on all triable issues.

| | | |
|---|---|---|
| Dated: March 7, 2018 | By: | _/s/ Jeffrey S. Seddon, II /s/_ |

John M. Desmarais (*admitted pro hac vice*)
jdesmarais@desmaraisllp.com
Paul A. Bondor (*admitted pro hac vice*)
pbondor@desmaraisllp.com
Alan S. Kellman (*admitted pro hac vice*)
akellman@desmaraisllp.com
Andrew G. Heinz (*admitted pro hac vice*)
aheinz@desmaraisllp.com
Tamir Packin (SBN 317249)
tpackin@desmaraisllp.com
Jeffrey S. Seddon II (SBN 297502)
jseddon@desmaraisllp.com
Brian Leary (*admitted pro hac vice*)
bleary@desmaraisllp.com
William D. Findlay (*admitted pro hac vice*)
wfindlay@desmaraisllp.com
Carson Olsheski (*admitted pro hac vice*)
colsheski@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Sarah E. Piepmeier (SBN 227094)
sarah.piepmeier@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Defendant Cisco Systems, Inc.*