| | |
|---|---|
| 1 | MATTHEW D. POWERS (Bar No. 104795) |
| 2 | matthew.powers@tensegritylawgroup.com<br>WILLIAM NELSON (Bar No. 196091) |
| 3 | william.nelson@tensegritylawgroup.com<br>ROBERT GERRITY (Bar No. 268084) |
| 4 | robert.gerrity@tensegritylawgroup.com<br>NATASHA SAPUTO (Bar No. 291151) |
| 5 | natasha.saputo@tensegritylawgroup.com<br>SAMANTHA JAMESON (Bar No. 296411) |
| 6 | samantha.jameson@tensegritylawgroup.com<br>JENNIFER ROBINSON (Bar No. 270954) |
| 7 | jen.robinson@tensegritylawgroup.com<br>WANLI CHEN (Bar No. 300254) |
| 8 | wanli.chen@tensegritylawgroup.com<br>TENSEGRITY LAW GROUP, LLP |
| 9 | 555 Twin Dolphin Drive, Suite 650<br>Redwood Shores, CA 94065 |
| 10 | Telephone: (650) 802-6000<br>Fax: (650) 802-6001 |

Attorneys for Plaintiff
ARISTA NETWORKS, INC.

[*Additional Counsel Listed in Signature Block*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>CISCO SYSTEMS, INC.,<br><br>            Defendant. | Case No. 5:16-CV-00923-BLF<br><br>**ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT OPINION AND PRECLUDE TESTIMONY OF DR. KEVIN ALMEROTH UNDER RULE 702 AND *DAUBERT V. MERRELL DOW PHARMS., INC.***<br><br>Date:  May 10, 2018<br>Time:  9:00 A.M.<br>Judge: Hon. Beth Labson Freeman<br>Dept.: Courtroom 3<br><br>Trial Date: August 6, 2018 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. DR. ALMEROTH'S OPINIONS THAT CISCO WAS "PUBLIC AND CONSISTENT" REGARDING ITS IP RIGHTS SHOULD BE EXCLUDED ................1

    A. Dr. Almeroth's Opinions Will Not Assist the Jury ...............................................2

    B. Dr. Almeroth Improperly Vouches For Facts And Opines On Subjective Intent ......................................................................................................................3

    C. Dr. Almeroth Cannot Opine That the CLI Was Not An Informal Standard ..........4

III. DR. ALMEROTH'S PREVIOUSLY EXCLUDED OPINIONS SHOULD BE EXCLUDED HERE ...........................................................................................................5

IV. CONCLUSION ...................................................................................................................5

## I. INTRODUCTION

Cisco System, Inc.'s ("Cisco") Opposition to Arista Networks, Inc.'s ("Arista") Motion to Strike Expert Opinion and Preclude Testimony of Dr. Kevin Almeroth ("Motion") fails to identify any permissible basis under *Daubert* or Federal Rule of Evidence 702 for Dr. Almeroth to provide opinions on whether Cisco was "public and consistent" with respect to its position about industry use of the CLI. Dr. Almeroth's "public and consistent" opinions will not assist the jury because, as Cisco concedes, whether Cisco was "public and consistent" "can be readily ascertained from the nature of the evidence" and "does not require any particular expertise." D.I. 237-3 ("Cisco Opp.") at 1, 4. Dr. Almeroth's "public and consistent" opinions also impermissibly vouch for Cisco's version of disputed facts and the subjective intent of others. For example, Dr. Almeroth has opined that "other switch vendors ***intentionally*** did not look at or copy Cisco's CLI ***in order to avoid Intellectual Property rights issues***" D.I. 210-19, **Ex. 12**, ¶¶ 129, 131. Finally, Dr. Almeroth cannot testify as to whether Cisco was "public and consistent" as part of Dr. Almeroth's opinion that Cisco's CLI was not an informal standard because Dr. Almeroth should not be permitted to offer the latter opinion. Dr. Almeroth's opinions on whether Cisco's CLI is an informal standard lack an objective threshold or quantitative methodology, and Cisco should not be permitted to offer such opinions after arguing that Arista's expert's opinions on the same subject should be excluded for the same reasons. Furthermore, Cisco agrees that Dr. Almeroth's opinions that were previously excluded in this Court's *Daubert* Order in the CLI litigation (*see Cisco Systems, Inc. v. Arista Networks, Inc.*, C.A. No. 5:14-cv-05344-BLF (N.D. Cal), D.I. 661 ("*Daubert* Order") at 11-12) should be excluded in this case. Cisco Opp. at 1-2, 7-8. Thus, Arista respectfully requests that its Motion be granted.

## II. DR. ALMEROTH'S OPINIONS THAT CISCO WAS "PUBLIC AND CONSISTENT" REGARDING ITS IP RIGHTS SHOULD BE EXCLUDED

Cisco's argument that Dr. Almeroth "did not offer any [] opinions" "in the field of being consistent in public statements" is not credible. Cisco Opp. at 5 (internal quotation marks omitted). For example, Dr. Almeroth opined, "***Cisco was public*** about its position regarding ***Huawei and others*** copying its CLI," and this section of Dr. Almeroth's report has the heading "Cisco's position regarding its copyrighted CLI was ***public and consistent***." **Ex. 12**, ¶ 130 (capitalization omitted). The fact that

this opinion appears in a heading in Dr. Almeroth's report amplifies, rather than diminishes, its significance, contrary to Cisco's argument. *Contra* Cisco Opp. at 4.

Cisco never agrees that Dr. Almeroth will not offer an opinion on whether Cisco's approach was "public and consistent," despite its arguments that this language merely appears in a heading.[1] To the contrary, Cisco appears intent on offering the full scope of Dr. Almeroth's opinion on consistency and publicity. *See id.* at 3 ("Dr. Almeroth does not offer expert opinions on whether or not ***a questionable item was "public,"*** and does not offer opinions on "consistency" ***beyond the timeline*** established by the dates of the various facts to which he refers."). Cisco identifies no basis for Almeroth to offer such opinions at trial, and there is none.

### A. Dr. Almeroth's Opinions Will Not Assist the Jury

Cisco identifies nothing in Dr. Almeroth's opinions on whether Cisco was "public and consistent" that will assist the jury. Instead, Cisco admits that these opinions are unnecessary. For example, Cisco asserts that whether the evidence is "public" "can be readily ascertained from the nature of the evidence." Cisco Opp. at 1. Cisco argues that determining whether "the documents at issue here, such as legal complaints, newspaper articles, and blogs, are publicly available does not require any particular expertise" and that "referring to the existence of numerous public statements over a period of years as 'consistent' is not a specialized expert opinion."[2] *Id.* at 4. There is thus no reason for Dr. Almeroth to offer any opinion on whether Cisco's conduct was "public and consistent." The jury should analyze that evidence for itself without Dr. Almeroth's assistance.

Cisco similarly fails to identify any particular expertise of Dr. Almeroth that would allow him to offer opinions on whether evidence was "public and consistent." For example, Cisco asserts that Dr.

---

[1] Contrary to Cisco's argument, Arista's Motion does not seek to exclude any underlying factual evidence, and Cisco's citation to portions of cases describing the admissibility of factual evidence under Federal Rules of Evidence 402 and 403 are entirely irrelevant. *Contra* Cisco Opp. at 5.

[2] Cisco identifies no basis to distinguish the present case from *Frazier*. The expert in *Frazier* was not permitted to offer testimony on the "expectation" of finding certain evidence because the opinion was "imprecise and unspecific" about the probability of finding such evidence, and lacked a sufficient "methodological foundation or reliability." *United States v. Frazier*, 387 F.3d 1244, 1266 (11th Cir. 2004). Dr. Almeroth's opinions should similarly be excluded because there is no precise or specific meaning of "public and consistent" being applied, and Dr. Almeroth's opinions are "nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262-63.

1  Almeroth considered "that Cisco and Huawei settled [] litigation with an agreement requiring Huawei
2  to redesign its CLI" and "statements by Cisco General Counsel Mark Chandler and CEO John
3  Chambers regarding Cisco's intentions to continue enforcing its intellectual property rights." Cisco
4  Opp. at 2-3. Cisco identifies no expertise of Dr. Almeroth in settlement agreements or statements by
5  counsel. Instead, Cisco says Dr. Almeroth is a "a technical expert with extensive experience regarding
6  Ethernet switches." *Id.* at 1. Thus, Cisco identifies no basis for Dr. Almeroth to offer these opinions.

   Cisco fails to distinguish *Freeman* from the present case. *Freeman* held that merely because an
expert had specialized knowledge of one topic ("the particular language of drug traffickers"), he did
not have "carte blanche to testify as to the meaning of other words in recorded telephone calls without
regard to reliability or relevance." *United States v. Freeman*, 498 F.3d 893, 903-904 (9th Cir. 2007).
Dr. Almeroth's technical expertise regarding Ethernet switches similarly does not permit him to offer
opinions on what is "public and consistent." Such an "additional summary" of the evidence by an
expert in a different field is a "needless presentation of cumulative evidence and a waste of time." *Id.*

### B.  Dr. Almeroth Improperly Vouches For Facts And Opines On Subjective Intent

Cisco agrees that this Court's *Daubert* Order in the CLI litigation should apply, and that order
did not permit Dr. Almeroth to "vouch" for Cisco's version of disputed facts unrelated to his expertise
or opine on the "subjective intent" of others. *Daubert* Order at 11-12. Dr. Almeroth's opinions in the
present case on whether Cisco was "public and consistent" also impermissibly vouch for Cisco's
version of the facts and the subjective intent of others and should be excluded on that basis. For
example, Dr. Almeroth opined that "other switch vendors ***intentionally*** did not look at or copy Cisco's
CLI ***in order to avoid Intellectual Property rights issues***." **Ex. 12**, ¶ 131.

Dr. Almeroth's vouching for Cisco's version of the facts is also apparent from his failure to
consider inconsistent evidence.[3] Cisco does not dispute Dr. Almeroth's testimony that he failed to

---

[3] The *Bergen* case cited by Cisco is irrelevant or supports Arista. *See* Cisco Opp. at 6. In *Bergen*, the Ninth Circuit held that it was not erroneous for the district court to order that the testimony of an expert be disregarded as "incompetent as based on hearsay," despite the fact that it would also not have been an abuse of discretion for the trial court to admit the evidence and then permit an inquiry on cross-examination as to its reliability. *See Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1352 & n.5 (9th Cir. 1987) *modified*, 866 F.2d 318 (9th Cir. 1989). This case bears no resemblance to the facts of this case, but nevertheless shows there would be no error here in precluding the testimony of Dr. Almeroth.

consider inconsistent facts. *See* Cisco Opp. at 6-7. Cisco does not dispute that Dr. Almeroth was asked whether he considered "any inconsistent evidence" in forming his opinion that "Cisco has been public and consistent" and admitted that he was "not aware of evidence that would identify an inconsistency." D.I. 210-20, **Ex. 13** at 214:10-15. Also, neither Cisco nor Dr. Almeroth identified any fact witness with whom Dr. Almeroth spoke regarding whether Cisco was "public and consistent." *See* Cisco Opp. at 6-7 (identifying only a fact witness on the development of Cisco's CLI).

While Dr. Almeroth may refer to facts on which he relied, he may not offer improper opinions about them or draw improper inferences from them that serve no purpose other than to vouch for Cisco's view of the facts and the subjective intent of others, as he has in his expert report.

### C.     Dr. Almeroth Cannot Opine That the CLI Was Not An Informal Standard

Cisco argues that Dr. Almeroth's opinions on whether Cisco was "public and consistent" are part of the basis for Dr. Almeroth to conclude Cisco's CLI was not an informal standard in response to the opinions of Arista's experts the Cisco's CLI was an informal standard. Cisco Opp. at 1-2. Thus, Cisco's argument provides another basis to exclude Dr. Almeroth's testimony because Dr. Almeroth should not be permitted to testify that Cisco's CLI is an informal standard.

First, as explained in Arista's Response to Cisco's *Daubert* Motion regarding Dr. Black, Dr. Almeroth's opinions on whether Cisco's CLI is an informal standard should be excluded for the same reason that Cisco has argued that Dr. Black's opinions on this topic should be excluded: Dr. Almeroth's opinions lack an objective threshold or quantitative methodology. *See* D.I. 239-8 at 1. For example, Dr. Almeroth admitted that, "You're trying to see what the ***litmus test is for whether something is a standard or not***. That's ***not what I've undertaken*** in this analysis." D.I. 239-29 at 93:12-14. Dr. Almeroth's opinions should be excluded to the same extent as Dr. Black's opinions.

Dr. Almeroth's opinions on whether Cisco was "public and consistent" illustrate the lack of an objective threshold or quantitative methodology in Dr. Almeroth's testimony regarding whether the CLI is a standard. While Arista generally agrees that experts may identify underlying facts, applying their expertise, to assist the jury, Cisco failed to identify any reliable analysis or any application of Dr.

Almeroth's expertise in his opinions on whether Cisco was "public and consistent."[4] To the contrary, Cisco argued that Dr. Almeroth "is *not* offering expert opinions regarding the quantum of disclosure required to make an item of evidence 'public' or whether some idiosyncratic standard of 'consistency' existed." Cisco Opp. at 4 (emphasis added). Cisco argued that Dr. Almeroth "explained that his observations regarding the "public" nature of evidence did *not* require special expertise" and "is not offering an opinion on 'what it means to be public about a position.'" *Id.* at 5. As such, Dr. Almeroth is not an expert on what it means to be "public and consistent," his related "opinions" will not assist a jury, and he should not be permitted to offer opinions on that topic. *See* **Ex. 13** at 213:11-19.

Second, Dr. Almeroth need not offer a technical opinion that Cisco's CLI is not an informal standard because Arista agreed that if Cisco does not open the door, Arista will not seek to present the opinions of its technical expert, Dr. Black, that Cisco's CLI is an informal standard, although Dr. Black will opine on underlying facts to assist the jury, as Arista previously described. *See* D.I. 239-8. Similarly, Dr. Scott Morton is not offering a technical opinion that the CLI is an informal standard, as Arista also previously described. *See* D.I. 239-6 at 3-5.

### III. DR. ALMEROTH'S PREVIOUSLY EXCLUDED OPINIONS SHOULD BE EXCLUDED HERE

Cisco agrees that Dr. Almeroth's opinions that were previously excluded should be excluded here, and so this portion of Arista's motion is unopposed. Cisco Opp. at 1-2, 7-8.

### IV. CONCLUSION

For the foregoing reasons, Arista respectfully requests that its motion be granted.

---

[4] Cisco cannot have its expert testify without objective thresholds or quantitative methodologies by arguing that the expert is providing the "reasons for [his opinion]" and not "separate opinions." Cisco Opp. at 3-4. Cisco identifies no reliable analysis or application of Dr. Almeroth's expertise for either a separate opinion or as part of another opinion. Similarly, Cisco's reliance on Federal Rule of Evidence 705 to allow Dr. Almeroth to testify as to facts or data underlying his opinions is misplaced. Federal Rule of Evidence 705 provides the opposite: "Unless the court orders otherwise, an expert may state an opinion — and give the reasons for it — ***without first testifying to the underlying facts or data***." Cisco's citation to *DSU* is similarly unavailing because Cisco takes the portion it quotes out of context. Cisco Opp. at 4-5 (citing *DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140, 1148 (N.D. Cal. 2003). *DSU* stands for the proposition that a trial court may not "exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." *DSU*, 296 F. Supp. 2d at 1148. This is not relevant because Arista has not requested that the Court credit Arista's version of the facts.

Dated: April 13, 2018

Respectfully submitted,

     */s/ Matthew D. Powers*
MATTHEW D. POWERS (SBN 104795)
WILLIAM NELSON (SBN 196091)
ROBERT GERRITY (SBN 268084)
NATASHA SAPUTO (SBN 291151)
SAMANTHA JAMESON (Bar No. 296411)
JENNIFER ROBINSON (Bar No. 270954)
WANLI CHEN (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:   (650) 802-6000
Facsimile:   (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com

DAVID H. REICHENBERG (*Pro Hac Vice*)
COZEN O'CONNOR
277 Park Avenue, 19th Floor
New York, NY 10172
Telephone:  (212) 883-4900
Fax:  (646) 461-2091
Email:
dreichenberg@cozen.com

JONATHAN M. JACOBSON (NY SBN 1350495)
CHUL PAK (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:
jjacobson@wsgr.com
cpak@wsgr.com

SUSAN CREIGHTON (SBN 135528)
SCOTT A. SHER (SBN 190053)
BRADLEY T. TENNIS (SBN 281206)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C., 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email:
screighton@wsgr.com
ssher@wsgr.com

---

ARISTA'S REPLY ISO *DAUBERT* MOTION TO PRECLUDE TESTIMONY OF DR. ALMEROTH     6     CASE NO.  5:16-CV-00923-BLF

.

btennis@wsgr.com

ROBERT A. VAN NEST (SBN 84065)
BRIAN L. FERRALL (SBN 160847)
MICHAEL S. KWUN (SBN 198945)
DAVID J. SILBERT (SBN 173128)
NICHOLAS DAVID MARAIS
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:
rvannest@keker.com
bferrall@keker.com
mkwun@keker.com
dsilbert@keker.com
nmarais@keker.com

Attorneys for Plaintiff
ARISTA NETWORKS, INC.