1  MATTHEW D. POWERS (Bar No. 104795)
2  matthew.powers@tensegritylawgroup.com
   WILLIAM NELSON (Bar No. 196091)
3  william.nelson@tensegritylawgroup.com
   ROBERT GERRITY (Bar No. 268084)
4  robert.gerrity@tensegritylawgroup.com
   NATASHA SAPUTO (Bar No. 291151)
5  natasha.saputo@tensegritylawgroup.com
   SAMANTHA JAMESON (Bar No. 296411)
6  samantha.jameson@tensegritylawgroup.com
   JENNIFER ROBINSON (Bar No. 270954)
7  jen.robinson@tensegritylawgroup.com
   WANLI CHEN (Bar No. 300254)
8  wanli.chen@tensegritylawgroup.com
   TENSEGRITY LAW GROUP, LLP
9  555 Twin Dolphin Drive, Suite 650
   Redwood Shores, CA 94065
10 Telephone:  (650) 802-6000
   Fax:  (650) 802-6001
11
   Attorneys for Plaintiff
12 ARISTA NETWORKS, INC.

13 [*Additional Counsel Listed in Signature Block*]

14                 UNITED STATES DISTRICT COURT
15               NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION
16

17 ARISTA NETWORKS, INC.,              Case No. 5:16-CV-00923-BLF

18              Plaintiff,             **ARISTA NETWORKS, INC.'S REPLY
                                       IN SUPPORT OF ITS MOTION TO
19      v.                             STRIKE EXPERT OPINION AND
                                       PRECLUDE TESTIMONY OF DR.
20 CISCO SYSTEMS, INC.,                DENNIS CARLTON UNDER RULE 702
                                       AND *DAUBERT V. MERRELL DOW
21              Defendant.             PHARMS., INC.***

22                                     Date:   May 10, 2018
23                                     Time    9:00 A.M.
                                       Judge:  Hon. Beth Labson Freeman
24                                     Dept.:  Courtroom 3
25                                     Trial Date:  August 6, 2018
26

27      **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

28

ARISTA'S REPLY ISO *DAUBERT* MOTION TO            CASE NO.  5:16-CV-00923-BLF
STRIKE OPINION AND PRECLUDE TESTIMONY
OF DR. CARLTON

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT .............................................................................................................2

        A.      Dr. Carlton's Opinions Regarding What "Conduct the Antitrust Law
                Should and Should Not Punish" Should Be Excluded..........................................2

        B.      Dr. Carlton's Opinion That *Kodak* Was Wrongly Decided and the Portions
                of His Opinions Contrary to *Kodak* Should Be Excluded.....................................3

        C.      Dr. Carlton's Opinions Regarding the Competitive Effects of Cisco's
                Conduct Should Be Excluded................................................................................4

III.    CONCLUSION ..........................................................................................................5

1

## I.      INTRODUCTION

Nothing Cisco offers in its opposition to Arista's Motion to Strike Expert Opinion and Preclude Testimony of Dr. Dennis Carlton (D.I. 233-4 ("Cisco Opp.")) rebuts Arista's showing that the Court should exclude as unreliable Dr. Carlton's prescriptive opinions about: 1) what the antitrust laws should punish; 2) whether the Supreme Court's *Kodak* case was correctly decided; and 3) the competitive effects of Cisco's conduct toward Arista based on his *ipse dixit* conclusions.

First, Cisco offers no basis to distinguish Dr. Carlton's opinions that if Cisco is found liable for the conduct alleged by Arista, it would "wreak economic havoc," "fundamentally alter the intellectual property system," "deter firms from creating intellectual property," or otherwise lead to undesirable consequences, from his improper opinions excluded in *In re Delta*, 245 F. Supp. 3d 1343, 1362-63 (N.D. Ga. 2017). Like his excluded opinions there, his opinions here are little more than Dr. Carlton's views about what "conduct the antitrust laws should and should not punish," and as such, improperly seek to usurp the role of the Court and the jury.

Next, there is no merit to Cisco's effort to salvage Dr. Carlton's opinions that are contrary to the Supreme Court's *Kodak* decision as merely answers provided in response to improper "leading questions" (an impossibility in an adverse deposition in any event). Cisco's claim that Dr. Carlton did not express the opinion that *Kodak* was wrongly decided, just the opinion that "the economic logic underlying . . . the *Kodak* decision is flawed and that the Supreme Court didn't think through exactly the consequence" of its decision, and that the Supreme Court "failed to consider . . . economic facts" cannot be squared with logic, or with his testimony. Nor can it be squared with his report: Dr. Carlton's opinions that "[i]n general, a firm should be able to alter its policies as it sees fit" and "[a]bsent a legal commitment in the form of a contract, no economic basis exists for Dr. Scott Morton's opinion that another firm should rely on what it thinks its rival might do" undeniably undermine, and are directly contrary to, the holding of *Kodak*.

Finally, Cisco's argument that Dr. Carlton applied his knowledge to the facts of the case for his opinion regarding the competitive effects of Cisco's conduct is contrary to Dr. Carlton's deposition testimony. Dr. Carlton conceded that he had not taken into account critical evidence concerning Cisco's "open early, closed late" strategy and that the evidence would not influence his opinions in

any event. Dr. Carlton's opinions are based on his *ipse dixit* conclusions, not his consideration of the evidence of this case, and thus should be excluded pursuant to Rule 702.

## II.     ARGUMENT

### A.     Dr. Carlton's Opinions Regarding What "Conduct the Antitrust Law Should and Should Not Punish" Should Be Excluded

Cisco's opposition fails to address directly any of Dr. Carlton's opinions that are the basis for Arista's motion. For example, Cisco never mentions Dr. Carlton's statements that if Cisco is found liable for the conduct alleged by Arista, it would "wreak economic havoc," "fundamentally alter the intellectual property system," "deter firms from creating intellectual property," or otherwise lead to undesirable consequences. *See* D.I. 210-6 ("Arista Br.") at 2-4. Instead, Cisco offers the blanket denial that "Dr. Carlton has not offered prescriptive opinions about antitrust law." Cisco Opp. at 2. But "prescriptive opinions" are precisely what these statements are. For example, Dr. Carlton opines that: "In general, a firm should be able to alter its policies as it sees fit. To do otherwise . . . would wreak economic havoc. . . ." D.I. 210-9, **Ex. 1** at ¶ 13. As another example, Dr. Carlton opines that: "[I]f the Court were to adopt Dr. Scott Morton's arguments, it would fundamentally alter the intellectual property system in a way that would make intellectual property less valuable and reduce economic incentives to engage in its creation." *Id.* at ¶ 60. Cisco pretends that Dr. Carlton's opinions here are somehow different than those excluded in *In re Delta*, 245 F. Supp. 3d 1343, 1362-63 (N.D. Ga. 2017) but fails to explain how this could be, except to state that his *In re Delta* opinions were on "pro-competitive antitrust policy" and proposed a holding to vindicate "the goals of antitrust policy" (Cisco Opp. at 3), but his opinions here are not. The opinions are the same. Here, as in *In re Delta*, Dr. Carlton "plainly expresses an opinion about what conduct the antitrust laws should and should not punish," and "his opinion potentially encourages jury nullification by encouraging the trier of fact to make a decision based not on the law as it currently exists but as it should, in Carlton's opinion, be applied by the courts." *Id.* There is simply no other way to read, for example, Dr. Carlton's stated opinion that "[I]f the Court were to adopt Dr. Scott Morton's arguments, it would fundamentally alter the intellectual property system in a way that would make intellectual property less valuable and reduce economic incentives to engage in its creation." **Ex. 1** at ¶ 60.

What Cisco does address in its brief supports exclusion of Dr. Carlton's opinions. For example, Cisco contends that in paragraphs 83-85 of Dr. Carlton's report, he opines on the reduction in incentives to innovate if Cisco is found liable for the conduct alleged by Arista. However, paragraph 83 of Dr. Carlton's report is an opinion on what conduct the antitrust laws should not punish: "[A]n intellectual property owner's inability to litigate all cases would have the effect of granting permanent free use of the intellectual property to rivals under Dr. Scott Morton's reasoning. Such a system would harm competition by undermining the intellectual property rights system and the economic incentives that it is designed to create." **Ex. 1**. Further, Cisco's attempts to couch Dr. Carlton's opinions as what "[i]n general" is pro- or anti-competitive conduct are just like the general opinions excluded in *In re Delta* on what conduct the antitrust laws should and should not punish: "'[a] pro-competitive antitrust policy should allow companies to act upon public information' in order to vindicate 'the goals of antitrust policy,' avoid 'uncertainty for companies,' and ultimately increase consumer welfare." *In re Delta*, 245 F. Supp. 3d at 1362. Further, contrary to Cisco's assertion, none of the opinions Arista seeks to exclude are simply "economically rational business justifications" for Cisco's anticompetitive conduct. *See id.* at 1363-64 (denying motion to exclude Dr. Carlton's testimony that "following the consummation of the Delta-Northwest merger, 'it would be uneconomic to maintain separate . . . fee structures. . . .' And . . . Carlton opines that it made sense for the post-merger combined airline to retain the first-bag fee that Northwest had already implemented." (citations omitted)). Instead, they improperly predict "economic havoc" and other purported ills should the antitrust laws prohibit Cisco's conduct here. Dr. Carlton's opinions about what "conduct the antitrust laws should and should not punish" improperly seek to usurp the role of the Court and the jury and should be excluded. *Id.* at 1362-63.

### B. Dr. Carlton's Opinion That *Kodak* Was Wrongly Decided and the Portions of His Opinions Contrary to *Kodak* Should Be Excluded

Cisco does not deny that Dr. Carlton opined in his deposition that "the economic logic underlying . . . the *Kodak* decision is flawed and that the Supreme Court didn't think through exactly

the consequence" of its decision, and that the Supreme Court "failed to consider . . . economic facts."[1] Instead, Cisco claims 1) that this was only offered in deposition, not his report; and 2) it is not an opinion that *Kodak* was wrongly decided in any event. Neither assertion has merit.

Cisco argues that Arista "f[ound] no support for its argument in Dr. Carlton's report in this case." This is incorrect. Although Dr. Carlton did not mention *Kodak* by name in his report, Arista points to multiple opinions in Dr. Carlton's report that are contrary to *Kodak*. For example, Dr. Carlton opined in his report that "[i]n general, a firm should be able to alter its policies as it sees fit," and "[a]bsent a legal commitment in the form of a contract, no economic basis exists for Dr. Scott Morton's opinion that another firm should rely on what it thinks its rival might do." Cisco's argument that these statements are consistent with *Kodak* is incorrect. They are contrary to *Kodak's* finding that a firm with market power that changes from an open policy to a closed policy with respect to competitor use of its property can comprise an antitrust violation even in the absence of any contractual commitment. Dr. Carlton's opinions at odds with the prevailing antitrust laws, in particular, with the Supreme Court's *Kodak* decision, must be excluded because expert opinions that are contrary to law or precedent are "*per se* unreliable and inadmissible under *Daubert*." *Cave v. Saxon Mortg. Servs.*, No. 11-4586, 2015 U.S. Dist. LEXIS 142198, at *33-34 (E.D. Pa. Oct. 19, 2015) (collecting cases); *see also United Food & Commer. Workers Local 1776 v. Teikoku Pharma USA*, No. 14-md-0521-WHO, 2017 U.S. Dist. LEXIS 182940, at *114-15 (N.D. Cal. Nov. 3, 2017); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 90877, at *30-31 (N.D. Cal. June 29, 2012). Further, Dr. Carlton cannot be permitted to give these opinions to the jury because they are not and cannot be helpful to the jury—the jury must apply the law as instructed by this Court, in accordance with *Kodak* and other binding precedent.

## C. Dr. Carlton's Opinions Regarding the Competitive Effects of Cisco's Conduct Should Be Excluded

Cisco argues that Dr. Carlton applied his knowledge to the facts of the case (Cisco Opp. at 8), but Dr. Carlton conceded in his deposition that he had not taken into account critical evidence

---

[1] Whether Arista's questions were leading is inapposite. Arista is permitted to ask leading questions of Cisco witnesses in deposition.



1  concerning Cisco's "open early, closed late" strategy (Arista Br. at 8-9), including

2

3  (D.I. 210-11, **Ex. 4**),

4

5

6  (D.I. 210-12, **Ex. 5**),

7  (D.I. 210-13, **Ex. 6**),

8

9  "

10  (D.I. 210-14, **Ex. 7**),

11  (D.I. 210-15, **Ex. 8**),

12

13  (D.I. 210-16, **Ex. 9**),

14  " (D.I. 210-17, **Ex. 10**), and a

15  2004 Cisco document stating "CLI is de facto industry standard, need to continually foster its syntactic

16  and behavioral consistency" (D.I. 210-18, **Ex. 11**). Further, Dr. Carlton testified that the evidence

17  would not influence his opinions in any event. Arista Br. at 8-9. Cisco fails to identify even a single

18  document that Dr. Carlton considered regarding

19

20  . Cisco Opp. at 6-10. Because Dr. Carlton's opinion is not

21  "sufficiently tied to the facts of the case," it is unreliable and should be excluded. *See Daubert v.*

22  *Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993).

23  **III.   CONCLUSION**

24       For the foregoing reasons, Arista respectfully requests that its motion be granted.

1   Dated: April 13, 2018                          Respectfully submitted,

2

3                                                  */s/ Matthew D. Powers*
                                                   MATTHEW D. POWERS (SBN 104795)
4                                                  WILLIAM NELSON (SBN 196091)
                                                   ROBERT GERRITY (SBN 268084)
5                                                  NATASHA SAPUTO (SBN 291151)
                                                   SAMANTHA JAMESON (Bar No. 296411)
6                                                  JENNIFER ROBINSON (Bar No. 270954)
                                                   WANLI CHEN (Bar No. 300254)
7                                                  TENSEGRITY LAW GROUP, LLP
                                                   555 Twin Dolphin Drive, Suite 650
8                                                  Redwood Shores, CA 94065
                                                   Telephone:    (650) 802-6000
9                                                  Facsimile:    (650) 802-6001
                                                   Email:
10                                                 matthew.powers@tensegritylawgroup.com
                                                   william.nelson@tensegritylawgroup.com
11                                                 robert.gerrity@tensegritylawgroup.com
                                                   natasha.saputo@tensegritylawgroup.com
12                                                 samantha.jameson@tensegritylawgroup.com
                                                   jen.robinson@tensegritylawgroup.com
13                                                 wanli.chen@tensegritylawgroup.com

14                                                 DAVID H. REICHENBERG (*Pro Hac Vice*)
                                                   COZEN O'CONNOR
15                                                 277 Park Avenue, 19th Floor
                                                   New York, NY 10172
16                                                 Telephone:  (212) 883-4900
                                                   Fax:  (646) 461-2091
17                                                 Email:
                                                   dreichenberg@cozen.com
18
                                                   JONATHAN M. JACOBSON (NY SBN 1350495)
19                                                 CHUL PAK (*Pro Hac Vice*)
                                                   WILSON SONSINI GOODRICH & ROSATI
20                                                 1301 Avenue Of The Americas, 40th Floor
                                                   New York, NY 10019
21                                                 Telephone: (212) 999-5800
                                                   Facsimile: (212) 999-5899
22                                                 Email:
                                                   jjacobson@wsgr.com
23                                                 cpak@wsgr.com

24                                                 SUSAN CREIGHTON (SBN 135528)
                                                   SCOTT A. SHER (SBN 190053)
25                                                 BRADLEY T. TENNIS (SBN 281206)
                                                   WILSON SONSINI GOODRICH & ROSATI
26                                                 1700 K Street NW, Fifth Floor
                                                   Washington, D.C., 20006
27                                                 Telephone: (202) 973-8800
                                                   Facsimile: (202) 973-8899
28                                                 Email:

screighton@wsgr.com
ssher@wsgr.com
btennis@wsgr.com

ROBERT A. VAN NEST (SBN 84065)
BRIAN L. FERRALL (SBN 160847)
MICHAEL S. KWUN (SBN 198945)
DAVID J. SILBERT (SBN 173128)
NICHOLAS DAVID MARAIS
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:
rvannest@keker.com
bferrall@keker.com
mkwun@keker.com
dsilbert@keker.com
nmarais@keker.com

Attorneys for Plaintiff
ARISTA NETWORKS, INC.