# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS INC., <br> Defendant. | Case No. 16-cv-00923-BLF <br><br> **OMNIBUS ORDER RE: SEALING MOTIONS** <br><br> [Re: ECF 208, 210, 216, 218, 233, 235, 237, 239, 249, 252, 256] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with the parties' motions for summary judgment and *Daubert* motions. ECF 208, 210, 216, 218, 233, 235, 237, 239, 249, 252, 256. For the reasons stated below, the motions are GRANTED IN PART AND DENIED IN PART without prejudice.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Arista Networks, Inc. ("Arista") and Cisco Systems, Inc.'s ("Cisco") sealing motions and the declarations of the designating parties submitted in support. The Court finds that the parties have articulated compelling reasons to seal certain portions of the submitted documents. While the proposed redactions are, for the most part, narrowly tailored, some are not. The Court's rulings on the sealing requests are set forth in the tables below.

### A. ECF 208

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 208-6 | Exhibit A: December 18, 2017, Expert Report of Fiona Scott Morton, Ph.D. | GRANTED. | The parties' confidential information is discussed throughout the document. Seddon Decl. at ECF 208-1 ¶ 2. Disclosure of such information would harm Cisco's competitive standing. *Id.* |
| 208-7 | Exhibit B: Transcript from the February 15, 2018, deposition of Dr. Scott Morton. | GRANTED as to 58:18–59:2. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 3. The remainder is denied because Arista has not indicated that those portions of this document contain confidential information. |
| 208-10 | Exhibit E: Correspondence produced by Arista. | GRANTED. | Contains highly confidential and sensitive information relating to Arista. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 4. |
| 208-12 | Exhibit G: February 2, 2018, Expert Report of Dennis Carlton | GRANTED. | Contains highly confidential and sensitive information relating to the parties' financial information. Disclosure of such information |

3

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | would cause competitive harm to the parties. Seddon Decl. at ECF 208-1 ¶ 2; Nelson Decl. at ECF 226 ¶ 5. |
| 208-13 | Exhibit H: Transcript from the June 30, 2016, deposition of Dr. John R. Black. | DENIED. | Arista, the designating party, does not represent that the exhibit should be sealed. Seddon Decl. at ECF 208-1 ¶ 6; Nelson Decl. at ECF 226 ¶ 6. |
| 208-4 | Cisco's *Daubert* Motion to Exclude the Expert Opinion of Fiona Scott Morton, Ph.D. | DENIED without prejudice. | Proposed redactions are not narrowly tailored. |

**B. ECF 210**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 210-4 | Plaintiff Arista Networks, Inc.'s Almeroth Daubert Motion | GRANTED as to highlighted portions at page 4, lines 10–14. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Cisco's internal development strategies, disclosure of such information would cause competitive harm to Cisco. Seddon Decl. at ECF 227 ¶ 18.<br><br>The remainder is denied because Cisco, the designating party, does not represent that the remaining portions should be sealed. Seddon Decl. at ECF 227 ¶ 18; Nelson Decl. at ECF 210-1 ¶¶ 3–4. |
| 210-6 | Plaintiff Arista Networks, Inc.'s Carlton Daubert Motion | GRANTED as to highlighted portions at "the Record Evidence" column of the table on pages 8 and 9. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Cisco's internal development strategies, disclosure of such information would cause competitive harm to Cisco. Seddon Decl. at ECF 227 ¶ 19.<br><br>The remainder is denied because Cisco, the designating party, does not represent that the remaining portions should be sealed. Seddon Decl. at ECF 227 ¶ 19; Nelson Decl. at ECF 210-1 ¶¶ 3–4. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 210-8 | Plaintiff Arista Networks, Inc.'s Motion for Partial Summary Judgment | GRANTED as to highlighted portions at page 12, lines 24–27, page 14, lines 22, page 15, lines 5 and 7, and page 15 lines 10–11. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Cisco's financial information and investment strategies, disclosure of such information would cause competitive harm to Cisco. Seddon Decl. at ECF 227 ¶ 20.<br><br>The remainder is denied because Cisco, the designating party, does not represent that the remaining portions should be sealed. Seddon Decl. at ECF 227 ¶ 20; Nelson Decl. at ECF 210-1 ¶¶ 3–4. |
| 210-9, -21 | Exhibits 1, 14 to Declaration of William P. Nelson in Support of Arista's Daubert Motions to Strike Expert Opinion and Testimony from Cisco's Experts and Motion for Partial Summary Judgment | GRANTED. | Contains highly confidential and sensitive information relating to the parties' financial information. Disclosure of such information would cause competitive harm to the parties. Nelson Decl. at ECF 210-1 ¶ 4; Seddon Decl. at ECF 208-1 ¶ 2; |
| 210-10, -11 to -20, -22 | Exhibits 2, 4-13, 17 to Declaration of William P. Nelson in Support of Arista's Daubert Motions to Strike Expert Opinion and Testimony from Cisco's Experts and Motion for Partial Summary Judgment | GRANTED as to Exhibits 2, 4–10, 17. GRANTED as to 214:16–215:25 in Exhibit 13. DENIED as to the remainder of Exhibit 13, and Exhibits 11 and 12. | Contains highly confidential and sensitive information relating to Cisco's financial information and internal development strategies, disclosure of such information would cause competitive harm to Cisco. Seddon Decl. at ECF 227 ¶¶ 5–12, 16–17.<br><br>Cisco, the designating party, does not represent that Exhibits 11 and 12 and portions other than 214:16–215:25 of Exhibit 13 should be sealed. Seddon Decl. at ECF 227 ¶¶ 13–15; Nelson Decl. at ECF 210-1 ¶¶ 3–4. |

**C.    ECF 216**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 216-10 | Exhibit E: Transcript from the February 20, 2018, deposition of Dr. Black. | DENIED. | Arista, the designating party, does not represent that any portion of the exhibit should be sealed. Nelson Decl. at ECF 226 ¶ 8; Seddon Decl. at ECF 216-1 ¶¶ 2–3. |
| 216-4 | Cisco's Daubert Motion as to Dr. Black | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 226 ¶ 9; Seddon Decl. at ECF 216-1 ¶¶ 2–3. |

5

**D. ECF 218**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 218-7 | Exhibit A1: Excerpts from the transcript from the February 15, 2018, deposition of Dr. Scott Morton. | GRANTED as to portions at 105:13–23, 107:6–13, 162:5–164:6. | Contains highly confidential and sensitive information relating to Arista's financial and customer information. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 11.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Nelson Decl. at ECF 226 ¶ 11; Seddon Decl. at ECF 218-1 ¶ 2. |
| 218-8 | Exhibit A2: Excerpts from the transcript from the February 20, 2018, deposition of Dr. John R. Black. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 226 ¶ 12. |
| 218-11 | Exhibit A5: Final CLI Agreement between Huawei and Cisco in *Cisco Sys., Inc. v. Huawei Techs., Co.* | GRANTED. | The exhibits contains a confidential settlement terms between Cisco and third-party, Huawei Technologies, Co. Seddon Decl. at ECF 218-1 ¶ 4. |
| 218-12 | Exhibit A6: Excerpts from the December 18, 2017, Expert Report of Fiona Scott Morton, Ph.D. | GRANTED. | Contains highly confidential and sensitive information relating to the parties' internal strategies and financial and customer information. Disclosure of such information would cause competitive harm to the parties. Nelson Decl. at ECF 226 ¶ 13; Seddon Decl. at ECF 218-1 ¶ 5. |
| 218-16 | Exhibit A10: March 1, 2018 Declaration of Dennis W. Carlton and attached Exhibit A. | GRANTED. | The parties' confidential information is discussed throughout the document, disclosure of would cause competitive harm to the parties. Nelson Decl. at ECF 226 ¶ 14; Seddon Decl. at ECF 218-1 ¶ 6. |
| 219-1 | Exhibit A11: Excerpts from the transcript from the February 12, 2016, deposition of Kenneth Duda. | GRANTED as to 341:2-342:2; 343:4-6; 344:8-345:4; 361:25-363:16. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista's financial and customer information. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 15.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Nelson Decl. at ECF 226 ¶ 15. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 219-2 | Exhibit A12: Excerpts from the transcript from the February 25, 2016, deposition of Jayshree Ullal. | GRANTED as to 201:23-203:12; 206:10-12; 374:3-9. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista's internal personnel decisions. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 16.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Nelson Decl. at ECF 226 ¶ 16. |
| 219-18 | Exhibit A28: Exhibit 192 to the November 17, 2017, deposition of Mark Chandler. | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's communication with a supplier, disclosure of would cause competitive harm to Cisco. Seddon Decl. at ECF 218-1 ¶ 9. |
| 220-10 | Exhibit A50: Document produced by Cisco, bearing the production number CSI-ANI-00744973. | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's internal communications regarding strategies regarding litigation. Seddon Decl. at ECF 218-1 ¶ 10. |
| 220-11 | Exhibit A51: Document produced by Cisco, with production number CSI-ANI-00744973, email from Cisco executive and two attachments. | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's internal communications regarding strategies regarding litigation. Seddon Decl. at ECF 218-1 ¶ 11. |
| 220-13 | Exhibit A53: Excerpts from the transcript from the November 7, 2017, deposition of Anshul Sadana. | GRANTED. | Contains highly confidential and sensitive information relating to Arista's customers and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 17. |
| 220-15 | Exhibit A54: Arista's November 9, 2017 Fifth Supplemental Response to Cisco's First Set of Interrogatories. | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information relating to Arista's customers and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 18. |
| 220-18 | Exhibit A57: Excerpts from the transcript from the October 23, 2017, deposition of Mark Foss. | GRANTED. | Contains highly sensitive information relating to Arista's confidential interactions with specific customers, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 19. |
| 220-24 | Exhibit A63: Excerpts from the transcript from the November 3, 2017, deposition of Frank Palumbo. | GRANTED. | Contains highly sensitive information relating to Cisco's confidential business and sales strategies, disclosure of which would cause competitive harm to Cisco. Seddon Decl. at ECF 218-1 ¶ 15. |

| | | | |
|---|---|---|---|
| 220-25 | Exhibit A64: Excerpts from the transcript from the June 30, 2016, deposition of John Black. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 226 ¶ 12. |
| 220-29 | Exhibit A68: Chart summarizing data contained within a large spreadsheet produced by Arista in this litigation as ARISTA923_10000212. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 226 ¶ 12. |
| 220-30 | Exhibit A69: Excerpts from the transcript from the December 1, 2017, deposition of Christophe Metivier. | GRANTED. | Contains highly sensitive information relating to Arista's confidential manufacturing capacity and capabilities, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 22. |
| 220-31 | Exhibit A70: Excerpts from the transcript from the November 16, 2017, deposition of Ita Brennan. | GRANTED. | Contains highly sensitive information relating to Arista's confidential internal evaluations of its sales and business performances, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 23. |
| 220-32 | Exhibit A73: Exhibit 1267 to the November 29, 2017, deposition of Kevin McCabe. | GRANTED. | Contains highly sensitive information relating to Arista's confidential internal business communications with its clients and potential sales opportunities, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 226 ¶ 24. |

| 218-4 | Cisco's Motion for Summary Judgment | GRANTED as to highlighted portions. | The proposed redacted portions at page 4, lines 22-23; page 5, lines 13-14; page 6, lines 4-6; page 9, lines 1-2; page 11, line 4; page 11, line 6; page 11, line 14-15; page 11, lines 15-16; page 12, lines 5-6; page 13, lines 26-27; page 16, lines 23-24; page 19, lines 12-13; page 19, line 24; page 20, lines 7-9; page 21, lines 17-19; page 21, lines 24-25; page 22, line 13; page 22, lines 17-19; page 22, lines 20-21; page 22, lines 24-26; page 24, line 13; page 24, line 14; and page 24, line 18 contains highly confidential and sensitive information relating to the parties' internal strategy and customer information. Disclosure of such information would cause competitive harm to the parties. Seddon Decl. at ECF 218-1 ¶ 21; Nelson Decl. at ECF 226 ¶ 10. |

### E. ECF 233

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 233-5 | Exhibit A: Transcript excerpts from the February 16, 2018 deposition of Dr. Dennis Carlton. | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's internal documents, business and competitive strategies, and private business communications, disclosure of which would cause competitive harm to Cisco. Leary Decl. at ECF 233-1 ¶ 2. |
| 233-6 | Exhibit B: Transcript excerpts from the February 15, 2018 deposition of Dr. Scott Morton. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 3. |
| 233-4 | Cisco's Opposition to Arista's Motion to Strike Expert Opinion and Preclude Testimony of Dr. Dennis Carlton, filed March 28, 2018 | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 3; *see also* Leary Decl. at ECF 233-1 ¶¶ 3–4. |

### F. ECF 235

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 235-6 | Exhibit B: The March 1, 2018, Declaration of Dennis W. Carlton and excerpts from attached expert report. | GRANTED. | The parties' confidential information is discussed throughout the document. Seddon Decl. at ECF 235-1 ¶ 2. Disclosure of such information would harm Cisco's competitive standing. *Id.* |
| 235-14 | Exhibit N: Excerpts from the transcript from the October 24, 2017 deposition of Cesar Obediente. | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's internal communications on strategy and customer requirements, disclosure of which would cause competitive harm to Cisco. Seddon Decl. at ECF 235-1 ¶ 3. |
| 235-15 | Exhibit O: Excerpts from the transcript from the August 4, 2015 deposition of Cesar Obediente. | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's internal communications on strategy and customer requirements, disclosure of which would cause competitive harm to Cisco. Seddon Decl. at ECF 235-1 ¶ 3. |
| 235-19 | Exhibit AA: Excerpts from the transcript from the October 20, 2017, deposition of Frank D'Agostino. | GRANTED. | Contains highly sensitive information relating to Cisco's confidential competitive market analysis, internal organization, and process for creating marketing collateral, disclosure of which would cause competitive harm to Cisco. Seddon Decl. at ECF 235-1 ¶ 4. |
| 235-7 | Exhibit E: Excerpts from the transcript from the February 25, 2016 deposition of Jayshree Ullal. | GRANTED. | Contains highly confidential and sensitive information relating to Arista's internal strategy, training, and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 6. |
| 235-8, -9, -12 | Exhibits G, H, L: Figures and data underlying the December 18, 2017, Expert Report of Fiona M. Scott Morton, Ph.D. ("Scott Morton Report"). | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶¶ 7, 8, 11. |
| 235-13 | Exhibit M: Tables comparing per-port prices of Ethernet switches based on | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 12. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | the data in Ex. L. | | |
| 235-10 | Exhibit J: Chart summarizing data contained within a large spreadsheet produced by Arista in this litigation as ARISTA923_10000212. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 9. |
| 235-11 | Exhibit K: Excerpts from the transcript from the November 7, 2017, deposition of Anshul Sadana. | GRANTED. | Contains highly confidential and sensitive information relating to Arista's products, strategy, manufacturers, and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 10. |
| 235-16 | Exhibit U: Excerpts from the transcript from the February 4, 2016, deposition of Mark Foss. | GRANTED. | Contains highly sensitive information relating to Arista's confidential sales and customer service strategies, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 13. |
| 235-17 | Exhibit Y: Excerpts from the transcript from the February 15, 2018, deposition of Dr. Scott Morton. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 14. |
| 235-18 | Exhibit Z: Excerpts from the transcript from the December 1, 2017, deposition of Christophe Metivier. | GRANTED. | Contains highly confidential and sensitive information relating to Arista's manufacturing capacity and capabilities, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 15. |
| 235-20 | Exhibit AB: The March 27, 2018, Declaration of Kevin C. Almeroth and excerpts from attached expert report. | GRANTED as to paragraphs 116, 123, 135, and 152, including footnote 253. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista's internal strategy and customers and sales information. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 16.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Nelson Decl. at ECF 245 ¶ 16; *see also* Seddon Decl. at ECF 235-1 ¶ 9. |
| 235-21 | Exhibit AC: Arista daily inventory file. | GRANTED. | Contains highly sensitive information relating to Arista's confidential internal |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | inventory file, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 17. |
| 235-4 | Cisco's Opposition to Arista's Motion for Partial Summary Judgment | GRANTED as to page 8, lines 13–15; page 9, lines 3–11; page 17, line 27; page 21, lines 5–7; page 22, line 19; page 24, line 6; page 24, line 23 through page 25, line 3. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista's internal strategy, manufacturing capacity and capabilities, and customers. Disclosure of such information would cause competitive harm to Arista. Nelson Decl. at ECF 246 ¶ 18.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Nelson Decl. at ECF 245 ¶ 18; *see also* Seddon Decl. at ECF 235-1 ¶ 11. |

**G.     ECF 237**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 237-5 | Exhibit A1: Excerpts from the June 3, 2016 Expert Report of John Black. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 19. |
| 237-6 | Exhibit B: Excerpts from the February 2, 2018 Expert Report of Kevin C. Almeroth. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 246 ¶ 20. |
| 237-8 | Exhibit C: Excerpts from the transcript from the deposition of Kevin C. Almeroth, dated February 9, 2018. | GRANTED as to page 214, lines 18-22; page 215, lines 14-17. | The proposed redacted portions contain Cisco's confidential communication between Cisco and a licensor of intellectual property concerning potential litigation. Disclosure of such information would cause harm to Cisco's relationship with the licensor and third-parties. Seddon Decl. at ECF 237-1 ¶ 4. |
| 237-9 | Exhibit D: Arista' response to Cisco's Interrogatory Nos. 1 and 2. | GRANTED. | Contains highly sensitive information relating to Cisco's confidential and internal competitive assessments, disclosure of which would cause competitive harm to Cisco. Seddon Decl. at ECF 237-1 ¶ 5. |
| 237-10 | Exhibit E: Arista's response to Cisco's | DENIED. | Arista, the designating party, does not represent that any portion of the document |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | Interrogatory No. 12. | | should be sealed. Nelson Decl. at ECF 246 ¶ 22. |

### H. ECF 239

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 239-8 | Plaintiff Arista Networks, Inc.'s Response to Black *Daubert* | DENIED. | Cisco, the designating party, does not represent that any portion of the document should be sealed. Seddon Decl. at ECF 239-1 ¶ 21. |
| 239-6 | Plaintiff Arista Networks, Inc.'s Opposition to Scott Morton *Daubert* | GRANTED as to highlight portions at 7:18–19 and 8:17–18. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to the parties' internal strategies and sales information, disclosure of which would cause competitive harm to the parties. Nelson Decl. at ECF 239-1 ¶ 4; Seddon Decl. at ECF 237-1 ¶ 22.<br><br>The remainder is denied because neither party represents that sealing is necessary. |
| 239-4 | Plaintiff Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment | GRANTED as to highlighted portions at pages 2–5, 18, 19, and 23. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista's products, customers, and financial data as well as Cisco's internal competitive strategies, disclosure of which would cause competitive harm to the parties. Nelson Decl. at ECF 239-1 ¶ 4; Seddon Decl. at ECF 247 ¶ 23.<br><br>The remainder is denied because neither party represents that sealing is necessary. |
| 239-26, -27 | Exhibits 27 and 28 | GRANTED. | Contains highly confidential and sensitive information relating to Arista's products, customers, and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 239-1 ¶ 4. |
| 239-9 | Exhibit 1 | GRANTED. | Contains highly confidential and sensitive information relating to Arista's products and Cisco's confidential source code and discussion of confidential third-party source code, disclosure of which would cause competitive harm to Cisco. Nelson Decl. at ECF 239-1 ¶ 4; Seddon Decl. at ECF 247 ¶ 4. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 239-10, -11 | Exhibits 3 and 5 | DENIED. | Cisco, the designating party, does not represent that any portion of the document should be sealed. Seddon Decl. at ECF 239-1 ¶¶ 5, 6. |
| 239-12 to -18, -19, -20 to -25 | 8-14, 16, 18-23 | GRANTED. | Contains highly sensitive information relating to Cisco's confidential business strategies, internal employee evaluation, product design strategies, and communications with customers. Disclosure of such information would cause competitive harm to Cisco. Seddon Decl. at ECF 247 ¶¶ 7–17. |
| 239-28, -29 | Exhibit 31 and 32 | DENIED. | Cisco, the designating party, does not represent that any portion of the document should be sealed. Seddon Decl. at ECF 239-1 ¶ 17. |
| 239-30 | Exhibit 33 | GRANTED. | Contains highly sensitive information relating to Cisco's confidential internal competitive analyses, disclosure of which would cause competitive harm to Cisco. Seddon Decl. at ECF 247 ¶¶ 20. |

**I. ECF 249**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 249-5 | Exhibit F: Excerpts from the transcript of the February 20, 2018, deposition of John R. Black, Jr. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 260 ¶ 3. |
| 249-6 | Exhibit G: Excerpts from the transcript of the November 7, 2017, deposition of Anshul Sadana. | GRANTED. | Contains highly sensitive information relating to Arista's confidential communication with its customers, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 260 ¶ 4. |
| 249-7 | Exhibit H: Excerpts from the transcript of the October 23, 2017, deposition of Mark Foss. | GRANTED as to page 114, lines 9–22. DENIED as to the remainder. | Contains highly sensitive information relating to Arista's confidential details regarding a customer, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 260 ¶ 5.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Nelson Decl. at ECF 260 ¶ 5. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 249-9 | Exhibit J: Excerpts from the February 2, 2018 Expert Report of Dr. Kevin C. Almeroth. | GRANTED. | Contains highly confidential and sensitive information relating to Arista's internal strategy, training and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 260 ¶ 6. |
| 249-4 | Cisco's Reply in Support of its Daubert Motion to Exclude the Expert Opinion of John R. Black, Jr. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 260 ¶ 7. |

**J.     ECF 252**

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 252-4 | Plaintiff Arista Networks, Inc.'s Reply to Carlton Daubert | GRANTED as to highlighted portions at page 5. | Contains highly confidential and sensitive information relating to Cisco's internal strategy command-line interface development, disclosure of which would cause competitive harm to Cisco. Findlay Decl. at ECF 259 ¶ 8. |
| 252-6 | Plaintiff Arista Networks, Inc.'s Reply to Motion for Partial Summary Judgment | GRANTED as to highlighted portions at 7:7–9; 7:11–12; 13:26–28; 14:2–4; 14:15. DENIED as to the remainder. | Contains highly confidential and sensitive information relating to Arista's products and Cisco's internal business strategies and investments, disclosure of which would cause competitive harm to the parties. Nelson Decl. at ECF 252-1 ¶ 4; Findlay Decl. at ECF 259 ¶ 9.<br><br>The remainder is denied because neither party has provided reasons in support of sealing other portions of the document. *See* Nelson Decl. at ECF 252-1 ¶ 4; Findlay Decl. at ECF 259 ¶ 9. |
| 252-7, -8, -11 | Exhibits 19, 20, and 25 | GRANTED. | Contains highly confidential and sensitive information relating to Cisco's internal business strategies and customer requirements, disclosure of which would cause competitive harm to Cisco. Findlay Decl. at ECF 259 ¶¶ 4–5. |
| 252-10 | Exhibits 24 | GRANTED as to pages 16–19. DENIED as to the remainder. | Contains highly sensitive information relating to details on Cisco's customers, disclosure of which would cause competitive harm to Cisco. Findlay Decl. |

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| | | | at ECF 259 ¶ 6.<br><br>The remainder is denied because Arista, the designating party, does not represent that the remaining portions should be sealed. Findlay Decl. at ECF 259 ¶ 6. |
| 252-12 | Exhibit 26 | DENIED. | Cisco, the designating party, does not represent that any portion of the document should be sealed. Findlay Decl. at ECF 259 ¶ 7. |
| 252-9 | Exhibit 21 | GRANTED. | Contains highly confidential and sensitive information relating to Arista's products and customers, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 252-1 ¶ 4. |

**K.  ECF 256**

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 256-5 | Exhibit A75: Excerpts from the transcript from the November 17, 2017 deposition of Mark Chandler. | GRANTED. | Contains highly sensitive information relating to Cisco's confidential discussions of its business strategies and internal policy making strategies, disclosure of which would cause competitive harm to Cisco. Leary Decl. at ECF 256-1 ¶ 3. |
| 256-6 | Exhibit A76: Document produced by Cisco, bearing the production number CSICPT-00004206. | GRANTED. | Contains highly sensitive information relating to Cisco's confidential internal product analysis and product design strategies, disclosure of which would cause competitive harm to Cisco. Leary Decl. at ECF 256-1 ¶ 4. |
| 256-7 | Exhibit A77: Excerpts from the transcript from the February 15, 2018 deposition of Dr. Morton. | DENIED. | Arista, the designating party, does not represent that any portion of the document should be sealed. Nelson Decl. at ECF 260 ¶ 8. |
| 256-8 | Exhibit A78: Excerpts from the transcript from the February 25, 2016 deposition of Jayshree Ullal. | GRANTED. | Contains highly confidential and sensitive information relating to Arista's internal strategy, training and financial data, disclosure of which would cause competitive harm to Arista. Nelson Decl. at ECF 260 ¶ 9. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 256-4 | Cisco's Reply in Support of its Motion for Summary Judgment | GRANTED as to page 2, lines 25–26; page 3, line 1; page 11, lines 7–8; page 13, lines 7–10; page 14, line 28–page 15, line 1. | Contains highly confidential and sensitive information relating to Arista's new customers and R&D allocation and Cisco's internal business strategies, disclosure of which would cause competitive harm to the parties. Nelson Decl. at ECF 260 ¶ 10; Findlay Decl. at ECF 259 ¶¶ 3, 8. |

## III. ORDER

For the foregoing reasons, the sealing motions at ECF 208, 210, 216, 218, 233, 235, 237, 239, 249, 252, and 256 are GRANTED IN PART and DENIED IN PART without prejudice. In particular, the Court DENIED without prejudice Cisco' request to file under seal its *Daubert* Motion to Exclude the Expert Opinion of Fiona Scott Morton, Ph.D. because the proposed redactions were not narrowly tailored (ECF 208). Cisco may renew its motion and seek more narrowly tailored redactions. Any such redactions shall be proposed by **May 4, 2018**.

Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: April 30, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge