MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
WILLIAM NELSON (Bar No. 196091)
william.nelson@tensegritylawgroup.com
ROBERT GERRITY (Bar No. 268084)
robert.gerrity@tensegritylawgroup.com
NATASHA SAPUTO (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
SAMANTHA JAMESON (Bar No. 296411)
samantha.jameson@tensegritylawgroup.com
JENNIFER ROBINSON (Bar No. 270954)
jen.robinson@tensegritylawgroup.com
WANLI CHEN (Bar No. 300254)
wanli.chen@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Fax: (650) 802-6001

Attorneys for Plaintiff
ARISTA NETWORKS, INC.

[*Additional Counsel Listed in Signature Block*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Case No. 5:16-CV-00923-BLF<br><br>**ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S PETITION FOR INTERLOCUTORY REVIEW**<br><br>Date:   September 20, 2018<br>Time:   9:00 A.M.<br>Judge: Hon. Beth Labson Freeman<br>Dept:   Courtroom 3<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. LEGAL STANDARD .....................................................................................................2

III. BACKGROUND .............................................................................................................3

IV. ARGUMENT ..................................................................................................................3

    A. Cisco Has Failed To Advance A Controlling Question of Law For Appeal ..........3

    B. Cisco's Disagreement With The Court's Summary Judgment Opinion Does Not Establish Substantial Grounds For Difference Of Opinion ....................6

    C. The Issues Chosen By Cisco For Immediate Appeal Would Not Materially Advance The Termination of the Litigation ..............................................................8

V. CONCLUSION ...............................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Adidas Am., Inc. v. TRB Acquisitions Ltd. Liab. Co.*,
  No. 3:15-cv-2113-SI, 2017 U.S. Dist. LEXIS 9228 (D. Or. Jan. 23, 2017) ................................6

*Allen v. Conagra Foods, Inc.*,
  2013 U.S. Dist. LEXIS 161231, 2013 WL 6000456 (N.D. Cal. Nov. 12, 2013) ........................4

*Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Pub'ns, Inc.*,
  108 F.3d 1147 (9th Cir. 1997) ...................................................................................................1

*Cascades Comput. Innovation LLC v. RPX Corp.*,
  No. 12-CV-1143 YGR, 2013 U.S. Dist. LEXIS 170517 (N.D. Cal. Dec. 3, 2013) ....................6

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ...........................................................................................passim

*Dillon v. Murphy & Hourihane*,
  No. 14-cv-01908-BLF, 2014 U.S. Dist. LEXIS 150270 (N.D. Cal. Oct. 22, 2014) ...................2

*Eisai, Inc. v. Sanofi Aventis U.S., LLC*,
  821 F.3d 394 (3d Cir. 2016) .......................................................................................................7

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
  527 F. Supp. 2d 1084 (N.D. Cal. 2007) ......................................................................................3

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ................................................................................................ 2, 6

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ....................................................................................................2

*Johnson v. Serenity Transp., Inc.*,
  No. 15-cv-02004-JSC, 2017 U.S. Dist. LEXIS 117192 (N.D. Cal. July 26, 2017) ............ 1, 2, 3

*Nanavati v. Adecco USA, Inc.*,
  No. 14-cv-04145-BLF, 2015 U.S. Dist. LEXIS 85113 (N.D. Cal. June 30, 2015) .....................2

*Nelson v. Nelson*,
  No. 2:17-cv-1333-EFB, 2018 U.S. Dist. LEXIS 45873 (E.D. Cal. Mar. 19, 2018) ....................6

*Riverbed Tech., Inc. v. Silver Peak Sys.*,
  2015 U.S. Dist. LEXIS 188737 (N.D. Cal. April 7, 2015) .........................................................6

*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) .................................................................................................. 1, 4

*Steering Comm. v. United States*,
  6 F.3d 572 (9th Cir. 1993) ..........................................................................................................4

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................................... 1, 3

## I. INTRODUCTION

Cisco's motion to certify certain issues for interlocutory appeal is its fourth attempt to delay trial on Arista's antitrust claims, which were first filed in January 2016. As part of its strategy to delay trial at all costs, Cisco: successfully opposed the inclusion of those claims in the copyright case; obtained a stay of those claims for nearly seven months, until after the copyright trial; and again sought a stay as part of its motion to dismiss in September 2017.[1] Cisco's latest attempt to delay Arista's claims again provides no reason for further delay, and no reason to certify any issue for appeal.[2]

First, neither issue Cisco seeks to appeal presents a "controlling question of law," as required under 28 U.S.C. § 1292(b), the statute authorizing permissive interlocutory appeals. Instead, Cisco has simply lodged its disagreement with the Court's application of the existing Ninth Circuit law (including *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006), and *Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Pub'ns, Inc.*, 108 F.3d 1147 (9th Cir. 1997)) to the disputed and undisputed facts before it at summary judgment. However, a "mixed question of law and fact or the application of law to a particular set of facts," like those presented by Cisco's petition, is "not appropriate for permissive interlocutory review." *Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2017 U.S. Dist. LEXIS 117192, at *3-4 (N.D. Cal. July 26, 2017) (internal citations omitted). Instead, Cisco can and should appeal the Court's reasoning following final judgment.

Second, Cisco's "strong disagreement with the Court's ruling" determining the applicability of these cases to the facts "is not sufficient for there to be a substantial ground" for difference of opinion as required under Section 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotes and citations omitted). There are no "novel and difficult questions of first impression" presented here, nor can Cisco show that "the circuits are in dispute on the question and the court of appeals of the

---

[1] D.I. 144 (9/7/17 Hearing on Cisco's Motion to Dismiss) at 23:25-24:6 (Counsel for Cisco: "There's a couple options that your Honor has. And, you know, whatever flavor you choose, it's all the same to Cisco. ***You could stay the antitrust case until after the Judge White case.*** You could, what I'm recommending, so that you don't have a stay going on forever, [] is to dismiss without prejudice."

[2] Cisco's Brief fails to justify certification for interlocutory review despite using seven more pages than this Court's rules allow without seeking permission. Judge Freeman's Standing Order For Civil Cases (permitting only 10 pages for opening and responsive briefs, other than for motions brought under Federal Rules of Civil Procedure 12, 23, 56, 59, or 65; motions brought under California's anti-SLAPP statute; social security appeals; bankruptcy appeals; and claim construction briefing.).

circuit has not spoken on the point" —which is required to demonstrate a substantial ground for difference of opinion under Section 1292(b). *Id*. Instead, both of Cisco's proposed issues for appeal concern the application of settled, controlling Ninth Circuit authority—*Sosa* and *Harcourt Brace*, respectively—to the facts at hand.

Finally, Cisco's self-serving statement that certification will "materially advance the ultimate termination of the litigation" because Cisco is unlikely to settle if it has to go to trial on these claims (Br. at 13) should be given no weight. Cisco may not force an interlocutory appeal because it is unhappy that losing its summary judgment motion means the risk of an adverse verdict has increased. In any event, impending trial is *more* likely to promote settlement, not less.

Cisco's further efforts to delay trial should end, and its motion should be denied.

## II. LEGAL STANDARD

Interlocutory review is appropriate only in "extraordinary cases, 'not simply where issues are hard or questions are somewhat new.'" *Dillon v. Murphy & Hourihane*, No. 14-cv-01908-BLF, 2014 U.S. Dist. LEXIS 150270, at *6 (N.D. Cal. Oct. 22, 2014). *See also* In re Cement Antitrust Litig., 673 F.2d 1020, 1025-28 (9th Cir. 1982)(permissive review to be permitted only "only in exceptional situations."). As such, movants have a "heavy burden to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Nanavati v. Adecco USA, Inc.*, No. 14-cv-04145-BLF, 2015 U.S. Dist. LEXIS 85113, at *1-2 (N.D. Cal. June 30, 2015) (Freeman, J.). And because 35 U.S.C. § 1292(b) is a "departure from the normal rule that only final judgments are appealable" it "therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

In order to demonstrate that certification for interlocutory appeal is warranted, movants must demonstrate: (1) "a controlling question of law"; (2) "substantial grounds for difference of opinion,"; and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-28 (9th Cir. 1982). Ultimately, "[t]he decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2017 U.S. Dist. LEXIS 117192, at *3-4 (N.D. Cal. July 26, 2017). Even where issues are certified for interlocutory appeal, stay of the district court proceeding

is not automatic, and Cisco has not explicitly sought a stay. 28 U.S.C. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.").

## III. BACKGROUND

In its search for a "controlling question of law" to support its certification motion, Cisco avoids the central finding of the Court's order denying Cisco's summary judgment motion: that Cisco's CLI lawsuit and communications surrounding it are not protected "petitioning" activity shielded by the *Noerr-Pennington* doctrine under the two-step *Hynix* test adopted by several district courts of the Ninth Circuit. *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1098 (N.D. Cal. 2007). The Court will find no mention of *Hynix* at all in Cisco's motion, nor any challenge of the Court's determination that "there is a genuine issue of material fact on whether Cisco's statements," such as the blog post of its general counsel informing the industry that the CLI should not be considered an "industry standard" despite years of marketing it as one, "constituted a reversal of the purported open-CLI policy and amounted to exclusionary conduct." D.I. 281 at 24. Instead, Cisco requests certification only of two issues: 1) whether *Noerr* protection extends to all "truthful public statements incidental to a non-sham litigation," and 2) whether the *Harcourt Brace* decision should extend "beyond statements that expressly disparage the rival." Br. at 1.

## IV. ARGUMENT
### A. Cisco Has Failed To Advance A Controlling Question of Law For Appeal

Neither of Cisco's two proposed appeal issues presents a "controlling question of law" for appeal within the meaning of Section 1292(b). Cisco insists that they are "controlling" because it contends their resolution on appeal could materially affect the outcome of this litigation. Br. at 6. That is not enough, however; otherwise every appeal worth raising would merit interlocutory appeal. Cisco fails to demonstrate the other half of the equation: that its issues are a "question of **law**," rather than a question of this Court's application of the law to the facts before it. Only pure questions of law can support a petition under Section 1292(b); a "mixed question of law and fact or the application of law to a particular set of facts" are "not appropriate for permissive interlocutory review" and are left for appeal in the normal course. *Johnson*, 2017 U.S. Dist. LEXIS 117192, at *3-4 (N.D. Cal. July 26, 2017). *See also*

*Allen v. Conagra Foods, Inc.*, 2013 U.S. Dist. LEXIS 161231, 2013 WL 6000456, at *3 (N.D. Cal. Nov. 12, 2013) (denying section 1292(b) certification because proposed appeal involved application of the relevant facts to a regulation); *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993) (holding a pure legal question was identifiable and therefore the Ninth Circuit could resolve all the questions material to the order).

Both of Cisco's purported controlling "questions of law" amount to Cisco's disagreement with the Court's application of the law to the facts before it, and as such do not meet the "controlling question of law" test of Section 1292(b). As to the first appeal issue, the Court's determination that Cisco's CLI-related communications, such as the blog posts of Cisco's general counsel, were not conduct "incidental" to litigation within the scope of the Ninth Circuit's decision in *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006), is unmistakably a mixed question of fact and law that turns on the Court's application of law to the facts. The Court's Summary Judgment Order characterized Cisco's reading of *Sosa* as "unpersuasive" and "overly broad," D.I. 281 at 21, explaining that the Ninth Circuit found in *Sosa* that "conduct incidental to the *prosecution*" of a lawsuit is *Noerr*-protected activity: "communications between private parties are sufficiently within the protection of the Petition Clause to trigger the *Noerr–Pennington* doctrine, so long as they are **sufficiently related to petitioning activity**." *Id.* (quoting *Sosa,* 437 F.3d at 935). Under that test, the Court then found that Cisco's CLI-related communications "have no relation to the prosecution of the CLI lawsuit as they are merely statements about the status of the parties' litigation and Cisco's intellectual property rights," and as such were not communications "incidental" to the litigation which warranted First Amendment protection under *Sosa*. The Court noted explicitly that "the First Amendment concerns in *Sosa* are absent here," distinguishing between the demand letters at issue in *Sosa* and the CLI-related communications here and finding that the latter "had little relevance to Cisco's ability to pursue its CLI lawsuit." *Id.* at 21-2. Cisco's insistence that the Court got this analysis wrong does not present a pure question of law to support interlocutory appeal.

Cisco tries to recast the Court's finding as a question of law by saying it intends to seek review of whether *Noerr* protection extends to all "truthful public statements *incidental* to a non-sham litigation," but that formulation simply ignores what the Court explicitly already found—that under

controlling Ninth Circuit authority, Cisco's CLI-related communications were not "incidental" to the CLI litigation at all. There is no way to cast the Court's decision as a pure question of law for interlocutory review, unless Cisco contends that *any statement* made by a company that has filed a lawsuit should be deemed "incidental" to litigation (and therefore protected) as a matter of law, no matter how tenuously related to litigation, as long as it is not demonstrably false. That contention is directly contrary to the Ninth Circuit's "sufficiently related to petitioning activity" standard set out in *Sosa*, which is controlling law, and provides no basis for interlocutory appeal. Nor does any case cited by Cisco from any other Circuit vouch for such an extreme position.

Cisco fares no better with its second proposed issue for appeal. In seeking to appeal the Court's determination that the *Harcourt Brace* presumption of *de minimis* competitive impact for disparaging statements about a competitor was "inapplicable" to Cisco's exclusionary conduct, Cisco seeks to appeal only its disagreement with how this Court applied *Harcourt Brace* to the facts – not a controlling question of law. The Court correctly found that the Cisco statements that comprise the alleged anticompetitive conduct were not disparagement of Arista at all, or even directed to Arista. Instead, they were broader statements to the industry that Cisco was now "closing" the CLI:

> While Cisco's blog posts contain some disparaging statements against Arista, ***the posts also suggest that Cisco's CLI is not an "industry standard."*** . . . When drawing reasonable inferences in favor of Arista, the Court concludes that there is a genuine issue of material fact on whether Cisco's statements constituted a reversal of the purported open-CLI policy and amounted to exclusionary conduct. ***As the anticompetitive harm stemming from Cisco's purported "open early, closed late" scheme does not rely on whether Cisco disparaged Arista***, *Harcourt Brace*'s concern about assigning much weight to "false or misleading" statements does not exist here. Thus, *Harcourt Brace*'s ***six factor de minimis test is inapplicable***.

D.I. 281 at 23-24. Cisco insists that it wishes to obtain a ruling ***now*** that "a company's accurate description of a lawsuit filed against a rival is to be treated as having a presumptively *de minimis* impact on competition," "whether or not they 'disparage' a rival." Br. at 14. In doing so, Cisco simply ignores the Court's factual finding that certain of Cisco's statements at issue were directed to other customers and competitors and were not directed (whether disparaging or not) at Arista. D.I. 281 at 23-24. Cisco also ignores the Court's finding "that there is a genuine issue of material fact on whether Cisco's statements constituted a reversal of the purported open-CLI policy," and were therefore not merely

"descriptions of a lawsuit." D.I. 281 at 23-24. As a result, not only is Cisco's *Harcourt Brace* issue not a question of law, it is not even "controlling," because a ruling that "a company's accurate description of a lawsuit filed against a rival is to be treated as having a presumptively de minimis impact on competition" would not affect the Cisco conduct that goes beyond "describing a lawsuit." *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-28 (9th Cir. 1982) ("controlling" questions of law are those that may "materially affect the eventual outcome of the litigation.")

**B.     Cisco's Disagreement With The Court's Summary Judgment Opinion Does Not Establish Substantial Grounds For Difference Of Opinion**

Cisco also fails to establish that there are "substantial grounds for difference of opinion" as to the two issues it proposes for interlocutory appeal. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine *to what extent the controlling law is unclear*." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (denying interlocutory appeal). A substantial ground for difference of opinion may be found where "the circuits are in dispute on the question and the *court of appeals of the circuit has not spoken on the point*, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*.

Neither appeal issue proposed by Cisco meets this test, because at bottom, they concern Cisco's disagreement with how the Court applied settled Ninth Circuit controlling authority—not a "novel and difficult question[] of first impression." *Couch*, 611 F.3d at 633. *Sosa's* test for whether communications are "incidental" to litigation, and therefore protected—whether the communications are "*sufficiently related to petitioning activity*"—has been the law of the Ninth Circuit since 2006, and has been applied by courts repeatedly to determine whether communications are protected. *See, e.g., Riverbed Tech., Inc. v. Silver Peak Sys.*, 2015 U.S. Dist. LEXIS 188737, at *8 (N.D. Cal. April 7, 2015) (commercial communication about pending litigation not "in furtherance or incidental" to litigation); *Nelson v. Nelson,* No. 2:17-cv-1333-EFB, 2018 U.S. Dist. LEXIS 45873, at *10 (E.D. Cal. Mar. 19, 2018) (settlement discussions found "incidental" to litigation); *Adidas Am., Inc. v. TRB Acquisitions Ltd. Liab. Co.*, No. 3:15-cv-2113-SI, 2017 U.S. Dist. LEXIS 9228, at *9 (D. Or. Jan. 23, 2017) (pre-suit investigation found "incidental" to litigation); *Cascades Comput. Innovation LLC v. RPX Corp.*, No. 12-CV-1143 YGR, 2013 U.S. Dist. LEXIS 170517, at *61 (N.D. Cal. Dec. 3, 2013) (refusal to settle licensing dispute not "incidental" to litigation). As such, Cisco cannot show that the "court of appeals

of the circuit has not spoken on the point"; it has, and the only questions remaining concern how the *Sosa* "sufficiently related to litigation" standard should be applied to specific fact patterns. As such, Cisco's argument that other circuits might have decided the question differently, under a different standard than *Sosa*, Br. at 11-12, is simply irrelevant under the 1292(b) standard.

For the same reasons, Cisco's first appeal issue does not present a "novel and difficult question[] of first impression." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As noted above, district courts within the Ninth Circuit have repeatedly applied *Sosa* to the facts before them; this Court's summary judgment opinion is no different. That the full scope of controlling authority and its applicability to each set of facts is not set out in advance by the Ninth Circuit's decision, but must instead be determined on a case by case basis, does not create "substantial grounds for difference of opinion." *See Couch*, 611 F.3d at 633 ("just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."). At bottom, neither Cisco's "strong disagreement with the Court's ruling," nor "the possibility that settled law might be applied differently" supports interlocutory review. *Id*.

Similarly, *Harcourt Brace's* holding that disparaging statements directed at a rival should be presumed to have *de minimis* competitive effect has been controlling authority in the Ninth Circuit since 1997. While Cisco contends that its appeal to extend *Harcourt Brace* to cover all statements about a rival, whether disparaging or not, is one that presents "substantial grounds for difference of opinion," that assertion is indefensible in view of Cisco's failure to identify *any* district court of the Ninth Circuit extending *Harcourt Brace* in that manner during the 25-year period since it issued. Arista is unaware of any such decision, and presumably there is none, because Cisco has identified only one case (from the Third Circuit) that purportedly demonstrates that a "reasonable judge could find" in favor of Cisco on this poinbt. Br. at 16. That case is inapplicable for the same reasons the Court found *Harcourt Brace* inapplicable (it concerned allegations of false disparagement of a rival, not statements to an industry as a whole). *Eisai, Inc. v. Sanofi Aventis U.S., LLC,* 821 F.3d 394, 401 (3d Cir. 2016). More fundamentally, Cisco's second proposed appeal issue presents neither a "novel and difficult question[] of first impression" nor that "the circuits are in dispute on the question and the court of appeals of the circuit

has not spoken on the point." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Cisco can only suggest "the possibility that settled law might be applied differently," which is insufficient for interlocutory appeal.

### C. The Issues Chosen By Cisco For Immediate Appeal Would Not Materially Advance The Termination of the Litigation

There is no merit to Cisco's assertion that interlocutory appeal "may materially advance the ultimate termination of the litigation," because delaying trial in favor of an appeal process whose median time from filing to resolution is 15 months[3] will not "advance" the termination of the litigation in any way, given that trial and a jury verdict is but three months away. Cisco's assertion that certification for appeal, and delay in trial, is the fastest way to terminate the litigation is also cynical, given Cisco's insistence that its copyright claims be given the earliest possible trial date. As this Court has recognized in connection with Cisco's earlier attempts at delay:

> I'm just a little concerned [that] the whole process has been delayed by Cisco, and that's troubling to me. The whole process on the CLI case was let's speed this along. ***So we sped along the one where you thought you had upside***, and it worked out the way it worked out, and we're midstream on [th]at. ***And now when you change sides of the aisle here you want to slow it down.***

D.I. 106 (3/2/2017 Case Management Conference).[4] Given the Court's comments at the September 2017 hearing on Cisco's motion to dismiss that if the August 2018 trial date slips, Arista "would lose a couple of years" while waiting for trial, the Court should exercise its discretion to deny Cisco's attempt to ensure speedy trial on its claims, but extensive delay for Arista's. D.I. 144 (9/7/17 Hearing on Cisco's Motion to Dismiss).[5] Jury trial, and the verdict that will issue, are far more likely to materially advance the termination of the litigation than any further delay in the trial date would.

Cisco next asserts that, absent rulings from an appellate court on these issues, "neither side will

---

[3] Ex.1 http://cdn.ca9.uscourts.gov/datastore/general/2017/04/19/AO_9th_Year%20end_6years.pdf

[4] Nor is it self-evident that Cisco's proposed issues for appeal are case-dispositive. A favorable ruling on Cisco's *Sosa* question could well still leave open the factual question of whether Cisco's blog posts were "incidental to litigation" under some new standard. Similarly, even following a favorable ruling for Cisco on its *Harcourt Brace* issue leaves open the factual question whether Cisco's blog posts closing the CLI were directed to Arista at all, rather than to the industry as a whole. As a consequence, the most likely result, win or lose, is that the case must go to trial.

[5] Moreover, since interlocutory appeal is discretionary for appellate courts as well, certification of these issues could cause the trial date to slip, and the Ninth Circuit could still decline the petition.

have a powerful incentive to settle, so that certifying these issues for appeal would "materially advance the ultimate termination of the litigation" via settlement. Br. at 17; *see also id*. at 13-14. Cisco's *unilateral* assertion that it is unlikely to settle if it has to go to trial (Br. at 13) should be given no weight. Cisco should not be permitted to bootstrap into good cause for discretionary appeal its unhappiness that its risk profile for settlement has changed now that summary judgment has been denied, and it must face a jury trial and a possible adverse verdict on Arista's claims. In any event, as the Court is well aware, Cisco has it backwards: impending trial is *more* likely to promote settlement, not less, and further delay simply removes settlement pressure from both sides.

## V.   CONCLUSION

For the foregoing reasons, Arista respectfully requests Cisco's motion for certification for interlocutory appeal be denied.

Date: May 31, 2018

Respectfully submitted,

/s/ *Matthew D. Powers*
MATTHEW D. POWERS (SBN 104795)
WILLIAM NELSON (SBN 196091)
ROBERT GERRITY (SBN 268084)
NATASHA SAPUTO (SBN 291151)
SAMANTHA JAMESON (Bar No. 296411)
JENNIFER ROBINSON (Bar No. 270954)
WANLI CHEN (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:   (650) 802-6000
Facsimile:   (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com

DAVID H. REICHENBERG (*Pro Hac Vice*)

COZEN O'CONNOR
277 Park Avenue, 19th Floor
New York, NY 10172
Telephone: (212) 883-4900
Fax: (646) 461-2091
Email:
dreichenberg@cozen.com


JONATHAN M. JACOBSON (NY SBN 1350495)
CHUL PAK (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:
jjacobson@wsgr.com
cpak@wsgr.com

SUSAN CREIGHTON (SBN 135528)
SCOTT A. SHER (SBN 190053)
BRADLEY T. TENNIS (SBN 281206)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C., 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email:
screighton@wsgr.com
ssher@wsgr.com
btennis@wsgr.com

ROBERT A. VAN NEST (SBN 84065)
BRIAN L. FERRALL (SBN 160847)
DAVID J. SILBERT (SBN 173128)
NICHOLAS DAVID MARAIS
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:
rvannest@keker.com
bferrall@keker.com
dsilbert@keker.com
nmarais@keker.com

Attorneys for Plaintiff
ARISTA NETWORKS, INC.