1  MATTHEW D. POWERS (Bar No. 104795)
   matthew.powers@tensegritylawgroup.com
2  WILLIAM NELSON (Bar No. 196091)
   william.nelson@tensegritylawgroup.com
3  ROBERT GERRITY (Bar No. 268084)
   robert.gerrity@tensegritylawgroup.com
4  NATASHA SAPUTO (Bar No. 291151)
   natasha.saputo@tensegritylawgroup.com
5  SAMANTHA JAMESON (Bar No. 296411)
   samantha.jameson@tensegritylawgroup.com
6  JENNIFER ROBINSON (Bar No. 270954)
   jen.robinson@tensegritylawgroup.com
7  WANLI CHEN (Bar No. 300254)
   wanli.chen@tensegritylawgroup.com
8  TENSEGRITY LAW GROUP, LLP
   555 Twin Dolphin Drive, Suite 650
9  Redwood Shores, CA 94065
   Telephone:  (650) 802-6000
10 Fax:  (650) 802-6001

11 Attorneys for Plaintiff
12 ARISTA NETWORKS, INC.

13 [*Additional Counsel Listed in Signature Block*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No. 5:16-CV-00923-BLF <br><br> **ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 2 TO ENFORCE JUDGE VAN KEULEN'S NOVEMBER 21, 2017 ORDER** <br><br> Date:   June 14, 2018 <br> Time:  1:30 P.M. <br> Judge: Hon. Beth Labson Freeman <br> Dept:  Courtroom 3 <br><br> **DEMAND FOR JURY TRIAL** |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

While Cisco's Motion *in limine* No. 2 is styled as a request to "Enforce Judge Van Keulen's November 21, 2017 Order" (Dkt. 177, "Judge Van Keulen's Order" or "Order"), it is in fact an unfounded request to expand that Order. In denying Cisco's motion to compel, Judge Van Keulen's Order permitted Arista to rely on customers and circumstances that had been identified in discovery. Order at 4. There is no merit to Cisco's motion to preclude Arista from offering evidence or argument of lost sales beyond the "three sales" that Cisco incorrectly claims was the extent of Arista's discovery responses, because Arista both identified numerous additional lost sales, along with supporting evidence, and provided Cisco with a well-prepared corporate witness on this topic. Consistent with Judge Van Keulen's Order, Arista respectfully requests that Cisco's motion be denied and that Arista be permitted to offer evidence, argument, and testimony on the theories disclosed in its interrogatory responses and within the scope of testimony that its corporate witness was prepared to provide.

## II. ARGUMENT

### A. Judge Van Keulen's Order Permits Arista to Refer to Previously Identified Information

At the close of fact discovery, Cisco filed a motion to compel responses to its Interrogatories No. 6, 17, and 22, and obtain additional testimony within the scope of its Federal Rule 30(b)(6) Topic No. 1. Order at 4. Judge Van Keulen denied Cisco's motion, specifically noting that the timeliness was "questionable" and that Arista "has identified customers that it believes represent sales lost to Cisco and provided a witness on lost sales." *Id*. Judge Van Keulen gave Arista the option to refer to the customers and circumstances of the lost sales that it previously identified, or make another witness available on Topic No. 1 of Cisco's Rule 30(b)(6) notice. Arista did not offer a new witness on Topic No. 1 because Arista's prior witness was adequately prepared, as described *infra*.

To succeed on its motion, Cisco would need to identify a portion of Judge Van Keulen's Order that found that Arista's existing interrogatory responses were or witness preparation was insufficient to permit Arista to offer evidence or argument within their scope. But Judge Van Keulen found no inadequacy in Arista's interrogatory responses or witness preparation. To the contrary, Judge Van Keulen found that "[t]he *parties agree* Arista has identified customers that it believes represent sales

1  lost to Cisco and provided a witness on lost sales." Order at 4. Additionally, Judge Van Keulen
2  specifically acknowledged that Arista could rely on circumstances already identified by concluding that
3  Arista would be unable to rely on "any additional customers or any specific circumstances that it is **has**
4  **not already identified**." *Id*. As described *infra*, Arista identified numerous customers and lost sales, and
5  provided a corporate witness that was prepared to testify about them. Judge Van Keulen concluded that
6  Arista *could* offer testimony within the scope of its prior discovery responses, and Cisco should not now
7  be permitted to seek the greater relief it failed to request and obtain earlier in the case when this issue
8  was previously before Judge Van Keulen.

        **B.**      **Arista's Interrogatory Responses Identify Customers and Sales, and Arista Should be Permitted To Offer Evidence and Argument Within Their Scope**

11  Cisco's argument that Arista identified in its interrogatory responses only three sales asks this
12  Court to ignore Arista's actual interrogatory responses and Federal Rule 33(d). Consistent with Judge
13  Van Keulen's Order, Arista should be allowed to offer evidence, argument, and testimony regarding the
14  theories and facts that were identified in its discovery responses.
15  Cisco asserts that the only adequately disclosed sales ▉▉▉▉▉
16  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* Dkt. 301-04 (Cisco's
17  MIL No. 2). However, this ignores the majority of Arista's response to Interrogatory No. 6. Dkt. 301-
18  17, Ex. 9 at 29-30 (Nov. 9, 2017, Arista's response to Interrogatory No. 6). While Arista did include a
19  narrative response including a description of lost sales to ▉▉▉▉▉
20  ▉▉▉▉▉, Arista's interrogatory response also included (1) a list of customers contacted by
21  Cisco and Cisco individuals knowledgeable about those contacts, (2) a list of customers for which Arista
22  "believes it lost sales to Cisco as a result of Cisco's strategy of intimidation," (3) three pages of
23  supporting documents identified by production number pursuant to Rule 33(d), and (4) the testimony of
24  individuals with relevant knowledge regarding lost sales. *Id*. at 28-32, 33-35, 35-38. This is more than
25  adequate specificity, particularly when Rule 33(d) permits Arista to specify the records to review. For
26  example, Arista identified pursuant to Rule 33(d) documents containing information collected from
27  Arista's Salesforce system. *See id*. at 37; *e.g*., **Ex. E** (ARISTA923_10000128, excerpts, showing an
28  example of lost sales data related ▉▉▉▉▉, which was identified in

Interrogatory No. 6 as a customer for which Arista lost sales to Cisco as a result of Cisco's strategy of intimidation). Such documents are Arista's business records that list if a particular sale to a particular customer was lost. **Ex. E** at col. F, J (ARISTA923_10000128). Arista's narrative interrogatory response also identified customers for which Arista lost sales to Cisco. Dkt. 301-17, Ex. 9 at 29-30 (Arista's response to Interrogatory No. 6). Thus, Arista has identified the "factual bases for Arista's claim that Cisco has engaged in intimidation tactics pursuant to its purported Cisco CLI policy change and overall scheme to hinder competition," which was called for by the interrogatory. *Id*. at 25. Cisco's assertion that Arista failed to disclose the factual circumstances supporting its allegations is unfounded.

Cisco argues that Interrogatory No. 17 ("Describe in detail how Arista's sales have been affected by Cisco's allegedly anticompetitive acts . . . .") was not adequately answered, but that is not correct. First, Arista's narrative response to that interrogatory is adequate. Dkt. 301-13, Ex. 5 at 24 (Nov. 9, 2017, Arista's Response to Interrogatory No. 17). Second, Arista incorporated by reference its response to other interrogatories, including the overlapping Interrogatory No. 6 ("Identify all factual bases for Arista's claim that Cisco has engaged in intimidation tactics pursuant to its purported Cisco CLI policy change and overall scheme to hinder competition . . . ."). Dkt. 301-17, Ex. 9 at 25 (Nov. 9, 2017, Arista's response to Interrogatory No. 6). As described *supra*, Arista's response to Interrogatory No. 6 was a more than adequate disclosure of Arista's lost sales. *Id*. Similarly, Arista's response to Interrogatory No. 22 incorporated Arista's response to Interrogatory No. 6, and thus Cisco's argument that Arista's response "did not even mention lost sales," is not accurate. Dkt. 301-15, Ex. 7 (Nov. 9, 2017, Arista's response to Interrogatory No. 22); Dkt. 301-04 at 2 (Cisco's MIL No. 2). Arista was not required to rewrite its response to Interrogatory No. 6 in Interrogatory Nos. 17 and 22, as Cisco appears to suggest. Dkt. 301-04 at 1-2 (Cisco's MIL No. 2).

### C. Cisco had the Opportunity to Depose Knowledgeable Arista Witnesses About Lost Sales

Cisco argues that Arista "refused" to provide a "witness reasonably educated to provide testimony" on Cisco's Second Rule 30(b)(6) Notice Topic No. 1 related to "[a]ll sales of Ethernet switches that Arista lost to Cisco." Dkt. 301-04 at 3 (Cisco's MIL No. 2). To the contrary, Arista provided Mr. Anshul Sadana, Arista's Chief Customer Officer, as a witness, and Mr. Sadana was

1  knowledgeable about lost sales to Cisco.[1] Because Arista presented a knowledgeable witness and Cisco
2  had the opportunity to and did ask questions about lost sales, Cisco has no basis to complain about Arista
3  presenting evidence of lost sales at trial.
4      During the deposition of Mr. Sadana, a document was marked that contained a list of customers
5  with sales that Arista lost because of the litigation with Cisco, "fear of the litigation," or "Cisco's
6  communications and marketing of the lawsuits to these customers," and not for other reasons. Dkt. 301-
7  36, Ex. 31 (Nov. 7, 2017, Deposition of Sadana) at 32:13-33:15, 34:14-35:19; **Ex. H** (Ex. 1158 to Nov.
8  7, 2017, Deposition of Sadana). Mr. Sadana had personal knowledge of many of the sales opportunities
9  included on the list, and educated himself for his deposition by speaking to all of the account managers
10 on the list who were still with Arista, and if the account manager was no longer with Arista Mr. Sadana
11 spoke to the regional manager. Dkt. 301-36, Ex. 31 (Nov. 7, 2017, Deposition of Sadana) at 24:12-25:11,
12 38:15-41:13. Cisco had the opportunity to—and did—ask Mr. Sadana about lost sales. Cisco could have
13 asked additional questions of Mr. Sadana about individual sales if it believed it did not have sufficiently
14 specific information about them, but Cisco chose not to. For example, Mr. Sadana testified that he was
15 personally familiar with facts related to a ███████ opportunity that Arista lost because of Cisco.
16 *Id.* at 38:15-39:15. Cisco asked no questions specifically about ███████. Cisco did not ask the
17 specific reasons for the loss, its value, or any other information specific to that loss. Mr. Sadana also
18 explained the locations of information at Arista regarding individual lost sales opportunities, and
19 specifically identified the Salesforce system, described *supra*. Yet Cisco asked no questions about the
20 Salesforce system or the information on specific sales opportunities stored in it. Cisco's choice not to
21 pursue discovery is not a basis to preclude Arista from presenting testimony at trial.[2] If Cisco failed to
22 pursue additional discovery that it wanted into the circumstances of individual lost sales beyond what

---

[1] Additionally, regarding Cisco's Second Rule 30(b)(6) Notice Topic No. 1, Arista objected to this topic on August 19, 2016, as overbroad, but stated that it was willing to meet and confer. Dkt. 289-11, Ex. 11 at 4-5. Cisco failed to follow up until November 6, 2017, which was only three days before the close of fact discovery. **Ex. G** (Nov. 6, 2017, email from Seddon to Gerrity).

[2] Mr. Sadana was not the only Arista witness Cisco deposed who was knowledgeable about lost sales. For example, Cisco deposed Antonio Benoit, who was deposed after Mr. Sadana, and was identified in the document marked during Mr. Sadana's deposition as an account manager on sales that were lost because of Cisco.

Arista provided in its interrogatory responses, as described *supra*, Cisco bears the risk for that choice.

### D. There is No Basis Under Rule 37(c) to Exclude Arista's Evidence

Cisco argues that "[u]ndisclosed evidence of lost sales should be excluded" under Federal Rule 37(c). Dkt. 301-04 at 5 (Cisco's MIL No. 2). There is no basis to exclude Arista's evidence under Rule 37(c) because, as described *supra*, Arista's evidence *was* disclosed. Arista supplemented its interrogatory responses to include the evidence on which it is relying, including, for example, documents from Arista's Salesforce system.[3] Dkt. 301-17, Ex. 9 at 29-30 (Arista's response to Interrogatory No. 6); **Ex. E** (ARISTA923_10000128). Counterintuitively, Cisco points to some of the information that Arista did disclose—such as customer names and produced documents relating to lost sales, although Cisco asserts that certain of those documents are irrelevant—to argue that Arista has not identified lost deals. Information such as customer names and produced documents relating to lost sales, particularly in conjunction with the other information in Arista's interrogatory response such as the Salesforce system data showing lost sales on an individual basis, was a more than adequate disclosure.

Moreover, even if the Court finds that there was a failure to disclose—which there was not—it was harmless. The only basis for harm alleged by Cisco was that Cisco was deprived of "the opportunity to investigate these allegations." Dkt. 301-04 at 5 (Cisco's MIL No. 2). As described *supra*, Cisco had more than adequate opportunity to investigate the circumstances of the lost sales based on Arista's disclosures—including customer names and lost sales—and the discovery provided to Cisco—including the opportunity to depose knowledgeable Arista witnesses such as Mr. Sadana. Any harm suffered by Cisco was the result of its own choice not to pursue discovery that it now alleges that it needed.

### III. CONCLUSION

For the foregoing reasons, Arista respectfully requests that Cisco's motion be denied.

---

[3] Cisco implies in a footnote that Arista should not have supplemented its interrogatory responses at the close of fact discovery, when Cisco also supplemented on the close of fact discovery on November 9, 2017. Cisco should not be heard to complain that Arista did the same. *See* **Ex. I** at 1-6 (Nov. 9, 2017, Cisco's Second Supplemental Response to Interrogatory No. 2).

Dated: June 7, 2018

Respectfully submitted,

/s/ Matthew D. Powers
MATTHEW D. POWERS (SBN 104795)
WILLIAM NELSON (SBN 196091)
ROBERT GERRITY (SBN 268084)
NATASHA SAPUTO (SBN 291151)
SAMANTHA JAMESON (Bar No. 296411)
JENNIFER ROBINSON (Bar No. 270954)
WANLI CHEN (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:    (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com

DAVID H. REICHENBERG (*Pro Hac Vice*)
COZEN O'CONNOR
277 Park Avenue, 19th Floor
New York, NY 10172
Telephone: (212) 883-4900
Fax: (646) 461-2091
Email:
dreichenberg@cozen.com

JONATHAN M. JACOBSON (NY SBN 1350495)
CHUL PAK (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:
jjacobson@wsgr.com
cpak@wsgr.com

SUSAN CREIGHTON (SBN 135528)
SCOTT A. SHER (SBN 190053)
BRADLEY T. TENNIS (SBN 281206)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C., 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email:
screighton@wsgr.com
ssher@wsgr.com

btennis@wsgr.com

ROBERT A. VAN NEST (SBN 84065)
BRIAN L. FERRALL (SBN 160847)
DAVID J. SILBERT (SBN 173128)
NICHOLAS DAVID MARAIS
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:
rvannest@keker.com
bferrall@keker.com
dsilbert@keker.com
nmarais@keker.com

Attorneys for Plaintiff
ARISTA NETWORKS, INC.