MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
WILLIAM NELSON (Bar No. 196091)
william.nelson@tensegritylawgroup.com
ROBERT GERRITY (Bar No. 268084)
robert.gerrity@tensegritylawgroup.com
NATASHA SAPUTO (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
SAMANTHA JAMESON (Bar No. 296411)
samantha.jameson@tensegritylawgroup.com
JENNIFER ROBINSON (Bar No. 270954)
jen.robinson@tensegritylawgroup.com
WANLI CHEN (Bar No. 300254)
wanli.chen@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:  (650) 802-6000
Fax:  (650) 802-6001

Attorneys for Plaintiff
ARISTA NETWORKS, INC.

[*Additional Counsel Listed in Signature Block*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Case No. 5:16-CV-00923-BLF<br><br>**ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE HEARSAY CONCERNING ARISTA SALES ALLEGEDLY LOST DUE TO CISCO'S CLI CONDUCT**<br><br>Date:    June 14, 2018<br>Time:   1:30 P.M.<br>Judge:  Hon. Beth Labson Freeman<br>Dept:   Courtroom 3<br><br>**DEMAND FOR JURY TRIAL** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Cisco's Motion *In Limine* No. 5 seeks a general order precluding hearsay evidence of lost sales, but identifies few specific examples of purportedly inadmissible hearsay, none of which is properly excludable. First, even where specific evidence is hearsay, such evidence may properly be relied on by Arista's experts and described by those experts as a basis for their opinions – just as Cisco's experts did in the copyright trial. Second, none of the "non-exhaustive" examples of inadmissible hearsay presented in Cisco's motion are inadmissible, because they are not offered for the truth of the matter asserted, and fall within FRE 803(3)'s state of mind exception. Finally, Cisco's MIL should be denied as to any purported hearsay not discussed in its motion, because it seeks an improper advisory opinion.

## I. LEGAL STANDARD

"Hearsay" is a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. A statement not offered to prove the truth of the matter asserted is not hearsay. *Zavala v. Biter,* No. C 15-2247 CRB (PR), 2016 U.S. Dist. LEXIS 47921, at *105-09 (N.D. Cal. Apr. 8, 2016). Under FRE 803(3), known as the "state of mind" exception, a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" is "not excluded by the rule against hearsay." Fed. R. Evid. 803(3). "Under the state of mind exception, hearsay evidence is admissible if it bears on the state of mind of the declarant and if that state of mind is an issue in the case." *United States v. Pheaster,* 544 F.2d 353, 376 (9th Cir. 1976).

## II. ARGUMENT
### A. Arista's Expert Economist May Rely On Hearsay, And Disclose It As A Basis For Her Opinion

Cisco's motion contends that Arista may not rely on hearsay evidence of lost sales, but even where the specific testimony Cisco seeks to preclude is found to be hearsay not subject to a relevant hearsay exception (and the Court should find the opposite), that is not the law. Arista's expert economist Dr. Fiona Scott Morton may properly rely on hearsay evidence, and testify about such evidence in explaining the bases for her opinion. FRE 703 expressly states that if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. Moreover, "an expert is permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion." *Paddack v.*

*Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984). That is because the "expert is assumed, if he meets the test of Rule 702, to have the skill to properly evaluate the hearsay, giving it probative force appropriate to the circumstances." *Myers v. United States,* No. 02cv1349-BEN(AJB), 2005 U.S. Dist. LEXIS 50483, at *101-02 (S.D. Cal. Apr. 21, 2005)(denying motion to exclude).

Here, Dr. Scott Morton has reasonably relied on the testimony of Arista executives discussed in Cisco's motion – including sales executive Kevin McCabe and Chief Customer Officer Anshul Sadana – concerning what Arista customers have said concerning their reasons for not awarding business to Arista, as a basis for her opinions regarding harm to Arista and harm to competition. Dkt. 301-19, **Ex. 14** (Expert Report of Fiona Scott Morton) at ¶¶ 148, 151, 153, 191. It is "unquestionable" that an expert forming an opinion about harm to Arista from Cisco's conduct would reasonably rely on the statements of the Arista personnel most knowledgeable about it. *See Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 780 (N.D. Cal. 2017) (finding it "is unquestionable that an expert forming an opinion about the salary and the hours worked by an employee would rely on statements by the employee in an interview."). *See also Barrous v. BP P.L.C.,* No. 10-CV-02944-LHK, 2011 U.S. Dist. LEXIS 113597, at *4-6 n.2 (N.D. Cal. Oct. 3, 2011)(export report admissible: the "facts or data upon which an expert bases an opinion or inference need not be admissible in evidence. In addition, 'an expert is permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion.'"); *Ecoservices, LLC v. Certified Aviation Servs., LLC,* No. CV 16-01824-RSWL-SPx, 2018 U.S. Dist. LEXIS 90320, at *16-18 (C.D. Cal. May 29, 2018)(denying motion to exclude: expert's reliance on hearsay statements of personnel with "specialized knowledge" was reasonable under FRE 703).

Cisco has not even argued that customer statements to Arista sales personnel are not a type of evidence "reasonably relied upon by experts in the particular field." Nor has it contended that an expert may not disclose at trial hearsay she relied upon in forming her opinions. It could not contend that, because Cisco's own expert economist in the copyright trial, Dr. Judith Chevalier, presented to the jury hearsay she relied upon in forming her opinions. **Ex. KK** (Copyright Trial Tr. Vol. 7) at 1562:14-1563:15 (discussing demonstrative showing third party article that "shows that third-party publications are -- third parties are noticing that Arista has these benefits in terms of transition from Cisco.")

Dr. Scott Morton's opinions regarding harm to Arista and harm to competition, and the bases for

them, are highly probative of key disputed issues in the case, namely the extent of harm caused by Cisco's anticompetitive conduct related to the CLI. That probative value greatly outweighs any prejudice from permitting her to disclose them. FRE 703. As such, Dr. Scott Morton may properly testify concerning her opinions and their bases, including (for example) what Cisco contends is hearsay within hearsay, such as Mr. Sadana's discussions with numerous Arista sales executives concerning reasons expressed by Arista customers for not awarding business to Arista. If Cisco wishes to attack Dr. Scott Morton's reliance on hearsay, "that is matter for cross-examination, not exclusion." *Odyssey Wireless, Inc. v. Apple Inc.*, No. 15-cv-01735-H-RBB, 2016 U.S. Dist. LEXIS 187982, at *22-23 (S.D. Cal. Sep. 14, 2016)(denying motion to preclude expert from testifying concerning hearsay article: "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."). And any prejudice to Cisco can be addressed by an appropriate limiting instruction to the jury regarding the evidence. *See, e.g.*, United States v. Johnson, No. 14-cr-00412-TEH, 2015 U.S. Dist. LEXIS 105518, at *29 (N.D. Cal. Aug. 11, 2015)(issuing limiting instruction directing the jury to consider hearsay evidence "only to help them evaluate the expert's testimony.").

**B.   Customer Statements To Arista Personnel Regarding Reasons For Lost Sales Are Admissible**

As Cisco has admitted, a key issue in dispute is whether Cisco's CLI conduct alleged to be anticompetitive caused Arista to lose sales. *See* Dkt. 298 at 6 (Cisco contention that "Arista cannot show that its business was harmed or that any alleged harm resulted from the allegedly anticompetitive conduct, as opposed to lawful conduct. . . ."). Evidence that customers told Arista they were not awarding business to Arista over concerns about litigation is directly relevant to that issue, and falls within FRE 803(3)'s "state of mind" exception, because it represents a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan)." FRE 803(3). As such, that evidence is admissible.

"Statements revealing a person's state of mind may be relevant evidence to show matters such as… ***[a] customer's reason for refusing to deal with a supplier or dealer.***" *Consol. Credit Agency v. Equifax, Inc.*, No. CV-03-1229 CAS (CWx), 2005 U.S. Dist. LEXIS 46851, at *6-8 (C.D. Cal. Jan. 26, 2005)(quoting 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 803.05[2] [a] (Joseph M. McLaughlin, ed., 2d ed. 2004) (explaining that "Courts have held that statements from

1  customers regarding their reasons for not dealing with a supplier are admissible for the limited purpose
2  of proving customer motive, but not as evidence of facts recited as furnishing the motives in antitrust
3  cases."). For example, the Ninth Circuit has affirmed a district court's admission of a series of letters
4  from dissatisfied customers because "the court made it clear that the complaint letters and documents
5  were admitted not to show their truth but rather to show the defendants' state of mind," which the Court
6  recognized as an "exception to the hearsay rule." *United States v. Wiseman*, No. 90-10612, No. 90-
7  10616, No. 90-10617, 1993 U.S. App. LEXIS 8787, at *18-19 (9th Cir. Apr. 15, 1993). The Ninth
8  Circuit further held in *Wiseman* that the district court properly "weighed the letters' probative value as
9  opposed to their prejudicial effect in accordance with Rule 403" in admitting them to show state of mind.
10 *Id*. Under this reasoning, courts in this district and other districts of the Ninth Circuit have admitted,
11 under FRE 803(3)'s state of mind exception, statements from customers regarding their reasons for not
12 doing business with a party that would otherwise be hearsay, because they are not offered for the truth
13 of the matter asserted, but to show the customer's state of mind. For example, in *Oracle U.S.A. v. SAP*
14 *AG*, No. C 07-1658 PJH, 2012 U.S. Dist. LEXIS 107147, at *23-24 (N.D. Cal. July 31, 2012), this court
15 admitted under the state of mind exception an email sent from Oracle's customer cancelling an Oracle
16 support contract and stating the reasons for doing so. The court held that "[s]o long as the out-of-court
17 [customer] statements are not being offered for the truth of the matter being asserted — that [customer]
18 in fact cancelled its support contract with Oracle for a particular reason — but rather is being offered to
19 show either [customer's] state of mind at the time. . .it is admissible." *Id. See also Spin Master, Ltd. v.*
20 *Zobmondo Entm't, LLC*, No. CV 06-3459 ABC (PLAx), 2012 U.S. Dist. LEXIS 188155, at *26-28 n.9
21 (C.D. Cal. Apr. 27, 2012)(admitting, under state of mind exception, customer statements rejecting
22 plaintiff's product and stating reasons for that rejection, because they were "not being offered to prove
23 the facts believed," but instead were "offered to prove the retailers' contemporaneous beliefs when
24 Plaintiffs attempted to get their game into these retailers.")
25      The evidence regarding customer statements Cisco seeks to exclude are similarly admissible,
26 because they show the customers' "then-existing state of mind (such as motive, intent, or plan)." FRE
27 803(3). For example, Mr. McCabe's testimony that ▮▮▮▮▮▮▮▮▮▮ personnel stated that
28 litigation concerns drove the decision not to do business with Arista demonstrates those customers'

motive and intent, just as surely as did the emails and letters in *Wiseman, Oracle, and Spin Master*.[1] Similarly, Mr. Sadana's testimony, based on his personal knowledge, concerning statements from customers that they did not award business to Arista due to litigation concerns, is admissible under FRE 803(3) not for the truth of those statements, but because they show the state of mind of those customers at the time of the communication. *See* also *Herman Schwabe, Inc. v. United Shoe Mach. Corp.*, 297 F.2d 906, 913-14 (2d Cir. 1962)("Statements of a customer as to his reasons for not dealing with a supplier are admissible for this limited purpose" of demonstrating customer's "motive or reason"). If the Court deems it appropriate to address any possible prejudice[2], it can issue a limiting instruction to the jury that the evidence can not be relied on for the truth of the matters asserted. The Court did so in the copyright trial with respect to Cisco's introduction of a hearsay declaration from Arista witness Charles Giancarlo. **Ex. LL** (Copyright Trial Tr. Vol. 5) at 955:14-956:15 (instructing jury that "in considering Mr. Giancarlo's testimony, you cannot rely on the declaration for the truth of the matters asserted in it.")

### C. Cisco's Request For An Advisory Opinion On All Testimony It Deems Hearsay Is Improper

The Court should further deny Cisco's motion to the extent it seeks to preclude other evidence not specifically identified in its motion. Whether a given proffered item of evidence is hearsay, and if so, nonetheless admissible, must be determined on a case by case basis, and Cisco's request for a general ruling on all such disputes improperly seeks an advisory opinion. *See, e.g., In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*, No. 14-md-02555-JSW (MEJ), 2015 U.S. Dist. LEXIS 106856, at *8 (N.D. Cal. Aug. 11, 2015)(declining to rule on motion to compel before discovery responses were due as an improper "advisory opinion"). Instead, Cisco may present its hearsay objections to specific evidence at trial, and they may be resolved there.

---

[1] The same is true of Cisco's examples in footnote 2 of its Brief. Nor does Cisco's contention that these statements reflect "hearsay within hearsay" affect their admissibility, because they reflect a customer's statements regarding what Cisco communicated to them. As the *Spin Master* court found, "even if the sales representative's conversations with [another entity] informed his understanding, his comment was related to his own state of mind, so it falls within the state-of-mind exception. *Spin Master*, 2012 U.S. Dist. LEXIS 188155 at *29.

[2] There is no merit to Cisco's assertion that it is prejudiced because it cannot "probe the veracity or reliability of [sic] the truthfulness of the offered statements." Br. at 4-5. Cisco deposed Mr. Sadana and Mr. McCabe, as well as Arista sales personnel Mr. Bellmare, Mr. Foss, and Mr. Benoit, and had every opportunity to probe these statements.

Dated: June 7, 2018                         Respectfully submitted,

                                                       */s/ Matthew D. Powers*
MATTHEW D. POWERS (SBN 104795)
WILLIAM NELSON (SBN 196091)
ROBERT GERRITY (SBN 268084)
NATASHA SAPUTO (SBN 291151)
SAMANTHA JAMESON (Bar No. 296411)
JENNIFER ROBINSON (Bar No. 270954)
WANLI CHEN (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:    (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com

DAVID H. REICHENBERG (*Pro Hac Vice*)
COZEN O'CONNOR
277 Park Avenue, 19th Floor
New York, NY 10172
Telephone:  (212) 883-4900
Fax:  (646) 461-2091
Email:
dreichenberg@cozen.com

JONATHAN M. JACOBSON (NY SBN 1350495)
CHUL PAK (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:
jjacobson@wsgr.com
cpak@wsgr.com

SUSAN CREIGHTON (SBN 135528)
SCOTT A. SHER (SBN 190053)
BRADLEY T. TENNIS (SBN 281206)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C., 20006

Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email:
screighton@wsgr.com
ssher@wsgr.com
btennis@wsgr.com

ROBERT A. VAN NEST (SBN 84065)
BRIAN L. FERRALL (SBN 160847)
DAVID J. SILBERT (SBN 173128)
NICHOLAS DAVID MARAIS
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:
rvannest@keker.com
bferrall@keker.com
dsilbert@keker.com
nmarais@keker.com

Attorneys for Plaintiff
ARISTA NETWORKS, INC.