UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br>Plaintiff,<br>v.<br>CISCO SYSTEMS INC.,<br>Defendant. | Case No.  16-cv-00923-BLF<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**<br><br>[Re: ECF 278] |

Before the Court is Defendant Cisco Systems Inc.'s ("Cisco") petition for certification for interlocutory review of the Court's Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment ("Order," ECF 269). Pet., ECF 278. Plaintiff Arista Networks Inc. ("Arista") opposes the petition. Opp'n, ECF 282. Pursuant to Civil Local Rule 7-1(b), the Court finds Cisco's petition to be suitable for submission without oral argument and hereby VACATES the hearing scheduled for September 20, 2018. For the same reason, Cisco's request to schedule oral argument if necessary on June 14, 2018 is DENIED. Having considered the briefing, as well as the governing law, the Court finds that Cisco has not made a sufficient showing to warrant certification for interlocutory review of the Order. Cisco's petition is therefore DENIED.

I.  **LEGAL STANDARD**

A district court may certify an order for interlocutory review "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). For a court to grant interlocutory review of an order not otherwise appealable, the party seeking such review has the burden of showing three things: (1) there is a controlling question of law upon which (2) there

is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §1292(b). The purpose of this statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). Requests under § 1292(b) are to be granted sparingly. *See James v. Price Stern Sloan Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

## II. DISCUSSION

Cisco seeks to certify the Order for interlocutory review by the Ninth Circuit under 28 U.S.C. § 1292(b) based on the following issues:

> 1. Whether protection from antitrust liability under *Noerr-Pennington* extends to all truthful public statements incidental to a non-sham litigation, including statements about the bases for the litigation, and is not limited solely to communications directed to the settlement or prosecution of the litigation (the *Noerr-Pennington* issue").
>
> 2. Whether protection from antitrust liability under *Harcourt Brace*,[1] which presumes that public statements about a rival have *de minimis* effect on competition, extends beyond statements that expressly disparage the rival (the "*Harcourt Brace* issue").

Pet. 5. Cisco asserts that each question involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. *See generally* Pet.

### A. The *Noerr-Pennington* Issue

#### i. Controlling Question of Law

Cisco argues that whether the *Noerr-Pennington* doctrine protects Cisco's communications turns on a "controlling question of law" because resolution of that question would "materially affect the outcome of [this] litigation" and the issue does not "turn on complicated or disputed facts." Pet. 7. Cisco also contends that the issue presents important precedential value. *Id.* Arista counters that Cisco fails to show that the *Noerr-Pennington* issue is a pure question of law rather

---

[1] *Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Pub'ns, Inc.*, 108 F.3d 1147 (9th Cir. 1997).

2

than "this Court's application of the law to the facts before it." Opp'n 3.

The Court disagrees with Cisco's arguments. As Arista responds, Cisco's contention that the issue's resolution on appeal could materially affect the outcome of this litigation is not enough. A "mixed question of law and fact or the application of law to a particular set of facts" is not appropriate for interlocutory review. *Johnson v. Serenity Transportation, Inc.*, No. 15-CV-02004-JSC, 2017 WL 3168491, at *1 (N.D. Cal. July 26, 2017) (citation omitted).

In this case, the Court applied the law of this circuit as articulated in *Sosa*. Order 20–22 (citing *Sosa v. DIRECTV, Inc,*. 437 F.3d 923, 935 (9th Cir. 2006) ("[C]ommunications between private parties are sufficiently within the protection of the Petition Clause to trigger the *Noerr–Pennington* doctrine, so long as they are sufficiently related to petitioning activity.")). The Court found that Cisco's communications at issue were not incidental to the prosecution of Cisco's CLI lawsuit unlike the pre-suit demand letters in *Sosa*. *Id.* Contrary to Cisco's contention that the Court reached a legal conclusion by making a "qualitative distinction" without any in-depth exploration of the record (Pet. 8), the Court explicitly listed Cisco's communications that Arista relies on to allege the purported "open early, closed late" scheme and applied *Sosa*'s holding to the facts of the case. Order 18–19, 21–22. In this regard, the Court found that "Cisco's communications at issue in this case had little relevance to Cisco's ability to pursue its CLI lawsuit" and concluded that "a reasonable jury could find that Cisco raised the specter of the CLI lawsuit to persuade customers to abandon Cisco's competitors." *Id.* at 22. In other words, the Court did not reach a purely legal conclusion detached from the record but instead applied *Sosa*'s holding to the facts .

Cisco asserts that the Court's decision "necessarily turns on the *legal* question of what 'incidental to the *prosecution*' means." Reply 2, ECF 307 (emphasis in original). But the fact that the Court's determination of whether Cisco's communications were "incidental" involves a legal question does not mean that the Order ruled on a purely legal question. As explained above, the Court applied the law to a particular set of facts in this case. As Arista points out, to cast the Court's decision as a pure question of law, Cisco must contend that "*any statement* made by a company that has filed a lawsuit should be deemed 'incidental' to litigation . . . as a matter of law,

3

no matter how tenuously related to litigation, as long as it is not demonstrably false." Opp'n 5 (emphasis added). But that contention contradicts the Ninth Circuit's "sufficiently related to petitioning activity" standard set forth in *Sosa* and thus provides no basis for an interlocutory appeal.

Cisco further argues that even if the question depended on the "application of the law to the facts," that is no reason to foreclose an interlocutory review. Reply 2. According to Cisco, the Ninth Circuit and other courts have held that the application of law to accepted facts warrants § 1292(b) certification. *Id.* (citing *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993); *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–27 (7th Cir. 2010)). However, the cases cited by Cisco involved unique circumstances. In *Steering Committee*, the court held that interlocutory review of liability determinations of a "multidistrict, multiparty case of the sort at hand" is appealable because such a review served the congressional purposes underlying § 1292(b). 6 F.3d at 575 (citation omitted). Moreover, the court did identify a pure legal question in that case. *Id. In re Text Messaging* involved a situation where the Seventh Circuit was asked to interpret and apply the pleading standard set forth in *Twombly* to a set of factual allegations "taken as true." 630 F.3d at 625. The situations in *Steering Committee* and *In re Text Messaging* are not implicated here. Unlike those cases, the Court does not find this case to be an "exceptional circumstance[] that justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Accordingly, Cisco has not met its burden to satisfy the first requirement of § 1292(b).

### ii. Substantial Ground for Difference of Opinion

Cisco claims that a substantial ground for difference of opinion exists as to the *Noerr-Pennington* issue. Pet. 10. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). A substantial ground for difference of opinion may be found where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.*

To be sure, cases from other circuits have reached conclusions that are favorable to Cisco's position. However, the mere fact that other courts have taken a different approach does not demonstrate a substantial difference of opinion under the meaning of § 1292(b). *Couch*, 611 F.3d at 633 ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion [that] support[s] an interlocutory appeal.").

Moreover, as Arista argues, the Ninth Circuit in *Sosa* articulated that communications are protected so long as they are "sufficiently related to petitioning activity." *Sosa*, 437 F.3d at 935. Courts within this circuit have applied *Sosa* since it was issued in 2006. Thus, the Court agrees with Arista's argument that the Ninth Circuit has addressed the issue raised by Cisco. Moreover, even assuming that the Ninth Circuit has not addressed the precise question Cisco seeks to certify, that fact would be insufficient to support an existence of a "substantial ground for difference of opinion." *See Couch*, 611 F.3d at 633 ("[J]ust because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion."). Understandably, Cisco disagrees with the Court's ruling. However, it would be imprudent for a court to throw up its hands and permit interlocutory review whenever the *Noerr-Pennington* doctrine is implicated and the moving party disagrees. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ready Pac Foods, Inc.*, 2011 WL 1059284 (C.D. Cal. Mar. 18, 2011) ("[I]n ruling on motions to certify pursuant to 28 U.S.C. § 1292(b), 'a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference of opinion.'").

### iii. Material Advance of the Ultimate Termination of the Litigation

Cisco argues that reversal on the *Noerr-Pennington* issue on interlocutory appeal would terminate the entire case. Pet. 13. Cisco also asserts that a quicker resolution of the issue on appeal would aid settlement. *Id.* Arista counters that delaying trial in favor of a lengthy appeal process will not "advance" termination of the litigation. Opp'n 8. Furthermore, Arista argues that an impending trial is more likely to promote settlement. *Id.* at 9. In response, Cisco states that the supposed delay in trial is unfounded because Cisco has not requested the Court to stay the case and it continues to prepare for trial. Reply 4.

The Court is a bit bewildered by Cisco's argument. On one hand, Cisco emphasizes that an interlocutory appeal would be a more efficient use of resources than an expensive trial (Pet. 13), but on the other hand, it argues that Arista's concern on delaying the trial (which in Arista's view prolongs the resolution of the case) is baseless because Cisco has not requested a stay of the trial (Reply 4). Thus, it is unclear whether Cisco intends to seek a stay if the Court grants the instant petition.

In any case, a reversal of the Court's Order may terminate the litigation in this forum, but this by itself is not enough to merit interlocutory review. *See, e.g.*, *Environmental Protection Info. Cntr. v. Pac. Lumber Co.*, 2004 WL 838160, at *3 (denying a motion to certify, stating that "[e]very denial of a dispositive motion *may* result in reversal at the appellate court, which *may*, in turn, conclude the case outright") (emphasis in original). Moreover, given the complex dispute between the parties, the Court is unconvinced that an interlocutory appeal of the Order will materially advance the termination of this litigation as opposed to proceeding with trial. The Court therefore finds that Cisco has failed to show that the third §1292(b) requirement is satisfied.

## B.   The *Harcourt Brace* Issue

### i.   Controlling Question of Law

Cisco contends that whether its communications and purported "FUD tactics"[2] are subject to *Harcourt Brace* is a pure question of law. Pet. 14. Arista counters that Cisco is disagreeing with how the Court applied *Harcourt Brace* to the facts. Opp'n 5.

The Court concludes that Cisco has not shown that its *Harcourt Brace* issue turns on a "controlling question of law." In the Order, the Court found that there is a genuine issue of material fact on whether Cisco's statements constituted a reversal of the purported open-CLI policy and whether Cisco's sales tactics amounted to exclusionary conduct. Order 23–25. Cisco appears to attempt to flout the Court's factual finding by arguing that the Ninth Circuit would need to rule only whether *Harcourt Brace* applies to all statements announcing a lawsuit regardless of whether they "disparage" a rival. Pet. 14. Cisco further assumes that Arista lacks evidence to

---

[2] FUD is an acronym for "fear, uncertainty and doubt."

survive the *Harcourt Brace* standard. *See id.*; Reply 4. But even if the Ninth Circuit were to expand *Harcourt Brace*'s standard (and perhaps in a modified form), the result would not necessarily resolve the issue due to underlying disputed facts and the evidence in the record. For this reason, the Court is unpersuaded that the *Harcourt Brace* issue is a "controlling question of law." *See In re Cement Antitrust Litig.*, 673 F.2d at 1026 (holding that a "controlling" question of law is one that may "materially affect the eventual outcome of the litigation.")

### ii. Substantial Ground for Difference of Opinion

Cisco argues that a substantial ground for difference of opinion exists as to the *Harcourt Brace* issue. Pet. 15. Its main argument is that "[r]easonable jurists could disagree on how to resolve this issue." *Id.* In support, Cisco discusses *Harcourt Brace* and argues that nowhere does that case hold that "it is limited to 'disparaging' speech, nor has any Court held that *Harcourt Brace* must be limited to disparagement." Pet. 15. In addition, Cisco asserts that its purported FUD tactics are "more properly analyzed under the law of *deceptive marketing*" and thus must be subject to the *Harcourt Brace* test even if FUD-related statements are not disparaging. *Id.* at 16 (citing *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 407 n.40 (3d Cir. 2016) (emphasis added)).

Here, Cisco is merely strongly disagreeing with the Court's ruling. But "in ruling on motions to certify pursuant to 28 U.S.C. § 1292(b), a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference of opinion." *Nat'l Union Fire*, 2011 WL 1059284, at *4 (internal quotation marks omitted). As such, Cisco's contention that reasonable jurists could disagree and that one out-of-circuit case suggests a different result is insufficient to show a substantial ground for difference of opinion. *Cf. Couch*, 611 F.3d at 633 ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion [that] support[s] an interlocutory appeal."). Accordingly, the Court finds that Cisco has failed its burden to meet the second requirement of § 1292(b) as to the *Harcourt Brace* issue.

### iii. Material Advance of the Ultimate Termination of the Litigation

The parties raise the same arguments discussed in relation to the *Noerr-Pennington* issue.

For the same reasons explained above, the Court finds that Cisco has failed to satisfy the third §1292(b) requirement as to the *Harcourt Brace* issue.

### III. CONCLUSION

Interlocutory review is appropriate in extraordinary cases, "not simply where issues are hard or questions are somewhat new." *Pacific Lumber*, 2004 WL 838160, at *6 (citing *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474 (1978)). Cisco has not met its burden to show that such review would be appropriate here, and the Court DENIES its petition.

**IT IS SO ORDERED.**

Dated: June 8, 2018

_____
BETH LABSON FREEMAN
United States District Judge