# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC.,<br>Plaintiff,<br>v.<br>CISCO SYSTEMS INC.,<br>Defendant. | Case No. 16-cv-00923-BLF<br><br>**ORDER GRANTING SEALING MOTION AT ECF 328**<br><br>[Re: ECF 328] |

The Court previously ordered the parties to meet and confer by no later than June 11, 2018 and submit proposed redactions to the Court's Order on *Daubert* Motions (ECF 303) to the extent any redaction is required. Plaintiff Arista Networks, Inc. ("Arista") filed a motion to seal a portion of the Court's Order on *Daubert* Motions. Mot., ECF 328. Defendant Cisco Systems, Inc. ("Cisco") did not submit proposed redactions. For the reasons discussed below, the Court GRANTS Arista's motion to seal.

### I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the

1   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
2   material" which "lists in table format each document or portion thereof that is sought to be
3   sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
4   highlighting or other clear method, the portions of the document that have been omitted from the
5   redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
6   Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
7   79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.  DISCUSSION

The Court has reviewed the sealing motion and the declaration submitted in support thereof. The Court finds that Arista has articulated compelling reasons and good cause to seal a portion of the Order on *Daubert* Motions. The portion at page 17, lines 20–21 of the Order contains confidential and sensitive information regarding Arista's supply chain and modifications thereto in view of decisions of the International Trade Commission, disclosure of which would cause competitive harm to Arista. Nelson Decl. ¶ 3, ECF 328-2. The Court previously granted sealing such information. *Id.* The proposed redaction is also narrowly tailored. On this basis, Arista's motion to seal is GRANTED. Arista shall submit the redacted version of the Order on *Daubert* Motions as a separate docket entry.

**IT IS SO ORDERED.**

Dated: June 12, 2018

_____
BETH LABSON FREEMAN
United States District Judge